# United State District Court – Eastern District of New York

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

Billy     Edo

                Plaintiff (s)

              vs.

City of New York

             Defendant ( s)

**MATSUMOTO, J.**

Presiding Judges:
Hon. Judge Kiyo A. Matsumoto
Magistrate Judge Vera M. Scalon

Case No. **CV 16 -     4155**

## Complaint

*Violation of civil rights under section 1983 there under racial discrimination and harassment, equal protection of Law, due process of clause of fourteenth Amendment, as result of element intentionally violated their legal duty as of the defendant breach of duty to take legal responsibility to correct and supervise his agents as matter of law and jurisdiction for court finding and question the law for summary of judgment.*

Jury on Demand

Date: July 26 , 2016

SCANLON, M.J.


RECEIVED
JUL 2 7 2016
PRO SE OFFICE

1

Parties :

That the Plaintiff (s ) and the Defendant (s) in this civil action are both resident of New York City under the following Address below:

**Plaintiff (s)** residence and mailing address is:

P . O . Box 1296

New York. NY 10150

**Defendant (**s) resident Address is:

**NEW YORK CITY** THE STATE OF NEW YORK .

Law Department office of the Attorney General

120 Broadway

NY New York 10271.

Venue:

The Plaintiff (s) designate (s) Eastern District Court of New York County as the place of trail.

The basis of this designation is therein:

**UNITED STATES OF DISTRICT COURT**

Eastern District of New York

U.S. COURTHOUSE

225 Cadman Plaza Eastern

Brooklyn , New York 1120

==================================================

The plaintiff pro se litigant in this civil action resides in the above address with his legal true name, that plaintiff and his principal place of business deemed reside in New York City, in which the

2

plaintiff has the most significant contacts that he is the company acting President and owner as it subject to personal jurisdiction in these matters modified.

The plaintiff is a criminal law advocate but not registered in State of New York associate bar but pending his exam according to the New York state law. Under this circumstance that he is self-represented as pro se litigant as the moving party in this civil action procedures before district court and jury for new trail for summary of judgment as matter of law thereof for finding and question the law under jurisdiction context.

That the plaintiff also act as witness or under the court testimony as it may deem with the court order, that is subject to the federal civil rules of evidentiary procedures in these subject matters during the federal district court cross exam and jury trial therein this case in accordance to judicial system and review thereof law of proceedings and find the facts.

That pro se pro se litigant is filing this civil action against the City of New York under civil rights of 1983 as result of his agents violations of plaintiff constitutional civil rights under equal protection of law and due process of clause under fourteenth amendment for district court finding and question the law.

BACKGROUND

1. FACTS

## *Pleading and Motion under 60(b) and 60(b)(5)*

The plaintiff pro se litigant is respectfully filling this pleading and motion under general Rule 8 following Rule 60(b) and (60)(b)5 to proceed this civil action before the district court of New York for finding and question the law for Summary of judgment as matter of law.

That plaintiff respectful pleading under general Rule 8 for amend and to set aside default of judgment under Rule 55(c). Rule 55(c).which authorizes a motion to set aside a default judgment pursuant to Rule 60(b). See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 2681-2700 (1973) to proceed this case which is similar close relationship with the first suit under civil right section 1983 with the case No 1:13-cv-01782-KAM-VMS which was dismissed by the appellate court as result of default.

That litigant brought this civil action which is similar close relationship with the original first suit claim under Federal Rule of procedure 60(b) that offers party relief from judgment. Rule 60(b) is significant for other reasons as well. For example, it safe guards .

(1)   - *See S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897)* a right, question or facts distinctly put in issue and directly determine by a court competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies, and even it the second suit is for different cause of action, the question, or fact once so

determine must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified.

(2)     - *Lawlor v. National  Screen Service Corp., 349 U.S. 322, 326 (1955);see also S. Pac.R.R. Co.168 U.S.at 48-49   - See F E .R.C-P. 60(b);* Not only does the decision foreclose bringing a future suit based on same claim, but res *judicata further proscribes bringing future suits that have a* close relationship with the first suit. It implicates issue preclusion as well. The lasting effects are thus not insubstantial.

*(3)*     See another reference *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of  Wisconsin, 135 S. Ct 1842 (2015)* whereby moving party brought motion under Rule(60)(b)5 allowing a party to move for relief from a final judgment on the ground that " prospectively is no longer equitable." Motions under Rule 60(b)(5)which must be made " within a reasonable time" under Rule 60(c)(1)but subsection (c)(1)otherwise sets no firm deadline as Seventh Circuit's decision today on *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of  Wisconsin, 135 S. Ct 1842 (2015) who brought his case after 23 years for final Judgment thereinafter the court denied his first earlier proceeding and the court of appeal ruling was reversed. As judge Posner wrote for the court in this case in which the Wisconsin Indian tribes sought to reopen the case of 1991 judgment of the U.S District Court of the Western District Wisconsin.*

Under this circumstance plaintiff want to modify the final judgment and enter this litigation in 2013 decision of the first suit which was under default of judgment without jury, finding or question the law or compensatory and the injuries remain to be address by the

district court or Appellate court  as matter of law and jurisdiction context as result of the defendant agents furtherance action and continuation of equitable tolling which cannot bar a claim where the plaintiff, despite use of due diligence, could not or did not discover the injuries until after the expiration of the limitation period as of the defendant agents prevented the plaintiff in extraordinary from asserting his rights as result of the elements the repeatedly of the same crime facts which has constituted to newly discovery and unbreakable events that inflicted the plaintiff original injuries condition since 2013 to 2015 without relief as result of the element intentional and willful violated the plaintiff constitutional civil rights, equal protection of law and due process of clause under fourteenth amendment.

These element assailants African – Americans and Spanish Latinos officers are acting as jointly successive tortfeasors in this indictment who are liable for the cause of action and consequential unbreakable events under furtherance action that cause the plaintiff physical injuries, foreseeable damages, financial injuries and emotional injuries there under conspiracy and racial discrimination and harassment under vindictiveness and retaliation of a action which has constituted there to death threaten, intimidation, humiliation, embarrassment, provocation and passion as the material facts in this case modified.

These officers in question unlawful and maliciously engaged in racial discrimination harassment, hostile environmental sexual harassment, defamatory harassing campaign, retaliation of action under criminal misconduct pattern as result of color of law under section 242 and hatred pursuant to section *249(a)(1)(2) ref: to Mathew Shepard and James Byrd Jr "hate crime" prevention act of 2009* which is prohibited under the law enforcement provision section 14141.

On March 29, 2013 the plaintiff filed lawsuit and complaint with the eastern district court of New York against City of New York in "Brooklyn as result of his agents from "*New York Police department*" (NYPD) intentional violation of plaintiff constitutional Civil rights under section 1983 which district court dismissed the complaint frivolous on 05/09/2013 without support of evidence pursuant to *1915(e)(2)(B)(i)* with the court certifies pursuant to 28 U.S.C *§ 1915 (a)(3)* with the *case #1:13-ev-01782-KAM-VMS* there with notice of Appeal sent to US court of Appeal with judgment and order of motion for leave to proceed the case in *forma pauperis* on 06/07/2013.with notice of Appeal and extension of time to Plead to Amend in Decision and Order of the court judgment as result of current Discovery events which was constituted to criminal violation by the defendant agents which was under investigation entered 06/11/2013,

Under this circumstance with notice of appeal filed by the plaintiff (Billy Edo ) that Mary Ann ( Entered 07/29/2013.)

With MANDATE of U.S.C.A under notice of Appeal, filled by plaintiff (Billy  Edo) , Appellant's Form D-P which was due date June 21, 2013 with a notice from the Appellate court that the D-P Form mandate have to be file on record before effective on August 27, 2013 deadline which was filed July 29, 2013 within the period of time deadline and the Appellate court dismissed the case effective from August 27, 2013 on the ground of  untimely filing and for failure to file this form D-P Form issued as  Mandate on 10/7/13 on record as default judgment without jury or finding or question the law or compensatory and injury and damages claim remain to be address by the lower court or Appellate court as matter of law under jurisdiction context which has resulted constitutional error there under harmless error *Kotteakos v.United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557, *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705. because both lower court and appeal court

complaint was properly and timely filed as matter of law and D-P Form default judgment on record which does not affect judgment finality as result of Rule *60(b)(1)(2)(3)*as matter of law under newly discovery therein Rule 26(a)(1) disclosure for new trail under Rule 59(b)which has not been  entered.

The plaintiff failure or untimely to file D-P form on record was as result of defendant agents misconduct pattern or practice to defraud law function under "intrinsic or extrinsic" by an opposing party under *FRCP 60(b)(3)* as of the Spanish detective officer who is the aider and abetting the crime material facts that is liable for the cause of action under conspiracy and omission for retaliation of officers who was demoted, discharged of duty and arrest and release by the New York City authority as result of the elements sexual misconduct pattern under federal sexual offense pursuant to  18 U.SC §§ 2241 and 2242 which was committed with numerous individual officers, the African – American police officers and others under jointly sexual commission of raped with the plaintiff wife under color of law and hatred when both party were living together as a married couple in 2010 which has constituted to the element racial discrimination harassment, death threaten to kill the plaintiff in order to override the their crime commission of act and criminal investigation including to preventing district court action which has constituted to elements obstructing of justice section 1501 and due administrative of justice section 1503 under newly discovery as result of consequence unbreakable events that inflict plaintiff original injury condition under existing underlying verdict therein separate course of action under omission and continuation of equitable tolling which has not been discovered during the trial proceedings or sue with the first lawsuit claim, as of the Spanish detective officer as aider and abettor *People v. Beeman (1984)* who is promoting and facilitating the crime material facts by instigating and engaging his fellow officers under criminal conspiracy there with four other Spanish Latino officers as accomplice that accessory

the crime commission of acts *People v. Cooper (1991)*including their perpetrators who are acting as co-conspirator under this criminal indictment in this distinct offenses in separate cause of action under newly discovery disclosure Rule 26(b)(1) standard which is allowable or permit the plaintiff to proceed and commence future lawsuit under newly discovery as evidence in support to the first suit case under furtherance action and unbreakable events that constituted to continuing equitable tolling since 2013 to 2016 which has cause plaintiff several injuries and foreseeable damages and financial injuries there under threaten which dose bar a claim under statute of limitation for court finding and question the law under the stands same principle in legal doctrine of predominantly in tort law and civil procedure as matter of law modified.

As result of the Spanish Latino detective officer with his accomplice Latinos officers who are approximate the cause of action of the newly discovery there under conspiracy and attempt murder, intimidation, obstruct. influence, impedes and endeavors and suppressing evidentiary documents under search and seizure with purpose to obstruct of justice under section 1501 and due administrative of justice section 1503 and sections 1509, 1510 and 1512 thereof *18 U.S.C of chapter 73 United States v. I. Lewis Libby No 05-394 (RBW) (2005) (Robert v. United States, 239,F.2d 467. 470 (9th Cir. 1956) Cf,, e.g., United states v. Lundwall,1F. Supp.2d 249,(S.D.N.Y. 1998)* whereby the court refused to dismiss indictment under section 1503for corporate executive who destroyed documents while litigating a civil discrimination lawsuit. Given the breadth of section 1503's omnibus.

These officers where acting under color of law and negligence which is official misconduct and corruption that constituted there to elements misconduct pattern and intentionally violations plaintiff constitutional civil rights, substantial legal civil rights under interference and conspiracy pursuant to 42 U.S.C *§ 1985(1)(2)(3) and* equal protection of law and due process of clause under

9

fourteenth amendment which has precluded the following alleged counts criminal offenses by the defendant agents:

(1)  Conspiracy (2) racial discrimination and harassment, (3) violation of plaintiff invasion of privacy (4) Trespass (5) Accessing the plaintiff unauthorized computer to obtain information under CFAA violation under 18 U.S.C *§* 1030 and *§ 1030(g)* with created malicious malware software that is similar to Black shades malicious malware software that was created by Alex Yucell, a 25 years old, a Swedish national ( United *States v. Alex Yucel, No 1:13–cr.834, 2014) (6) wire fraud, (7)mail fraud, (8) defamation of reputation, (9) violation of (EEOC) Title VII of civil rights of 1964 and (10) (ADEA) Age discrimination Act of 1967,(11) (FHA) Fair housing Act Title VIII of 1968 under section 3601which has constituted of the elements instigating the plaintiff employers to fire him from his workplace including his landlord to terminate his accommodation contract or agreement from private and public accommodation and throw him out their business premises and  apartment without due process of law there under harassment and retaliation of officers discharged of duty as the cause of action and the material facts under this indictment as result of these officers sexual misconduct pattern offense under jointly sexual commission of rap the plaintiff wife under abduction (12) kidnapped /kidnapping attempt by the actor and defendant agent under conspiracy (13) Several attempt murder under criminal conspiracy in order to override elements crime commission of acts under omission (14) preventing criminal investigation and eastern district court proceedings under existing underlying verdict which has constituted to newly discovery under Rule 26(a)(1) disclosure there under federal Rules of civil procedure for court summary of judgment for new trial under Rule 59(b) as matter of law.*

That the elements are acting under one omission and one purpose there to defraud law functions and to obstruct of justice there to inflict plaintiff injuries condition under exiting underlying verdict, these officers are intentionally and unlawfully engaged therein vindictiveness and retaliation as cause of action under newly discovery which has constituted to harassment and conspiracy as the material facts under this indictment as result of officers who are demoted, discharged of duty, arrested and released that unlawful and maliciously committed federal sexual offense pursuant to 18 U.S.C §§ 2241 and 2242 as the actor "officer Raymond" who is the first sex rapist offender under this criminal sexual misconduct pattern of indictment with repeatedly of the sexual rap with other officers under omission pursuant to section 2247 there with others numerous individual officers under omission and conspiracy with agreement to commit federal sexual offense under color of law pursuant to section 242 as result of hatred under section 249 there under negligence *United States v Remoi, 404 F.3d 789 (3d Cir. 2005) – that sexual abuse pursuant to N.J. STAT. ANN. § 2C: 14-2(c)(2)(1990) where defendant agents penetrated in physically helpless, mentally defective, or mentally incapacitated of the victim which is Crime of violence with intentional sexual misconduct to cause plaintiff physical harm and to his family and business which has constituted to several injuries and financial injuries and foreseeable damages under negligence and reckless action as result of these officers intentionally violated their legal duty as knowledgeable law enforcement agents who is to enforce state and federal constitutional civil rights under equal protection of law and due process of clause there under fourteenth amendment.*

*These element was acting under color of law and hatred in this distinct offenses under omission and criminal sexual misconduct United States v. Fernandez-Cusco, 447 F.3d 382 (5th Cir. 2006)* That these officers are African- Americans as the original successive torfeasors who unlawful started the events since 2002 under racial

discrimination harassment and as of the Spanish Latinos officers who engage in consequence unbreakable events under newly discovery that resulted equitable tolling as result of hatred and racial profiling under color of state that spread to the others officers who are unlawfully engaged in substantial overt acts section 371 to cause plaintiff several injuries as result of the elements violation of plaintiff constitutional civil rights and equal protection of law and due process of clause which has constituted to racial discrimination harassment and hostile environmental sexual harassment to the plaintiff and white female workers under color of law that resulted the elements unlawful engaged in jointly sexual commission of rap to the plaintiff wife with individual officers as officer Raymond the designated State actor and original tortfeasor under this indictment there to execute their omission under conspiracy and fraudulent intent to commit commission of crime *Hyde v United States 222 U.S. 347, 387, 1912.) Harrison v United States F.2 259 263 (2d Cir 1925) United States v Reynolds* as of these officers who are unlawfully and knowingly engaged in jointly sexual commission of rap with plaintiff wife with individual officers under her kidnapping and abduction from the actor at midnight to complete their sexual omission *United States v. Moreno-Florean, 542 F.3d 445 (5th Cir. 2008) - A kidnapping conviction under CAL. PENAL CODE § 207(a) is not categorically a Crime of violence under U.S.S.G. § 2L1.2 because kidnapping can be carried out by instilling fear in a victim rather than with physical force. As part of the modified categorical approach, whereby the court could not find whether physical force was used because a guilty plea, by itself as facts in this indictment committed from the actor under omission as result of their plea agreement and transcript of the plea colloquy otherwise as of actor who kidnapped the plaintiff wife under deception, lies and misleading false statement in malice as he unlawful engaged in substantial act* to commit jointly sexual commission of rape there under substantial overt act section 371 which has constituted to unbreakable events under joint omission under color of law *United States v. Sandiez- Garcial 2006) (United*

states v Price (2001)(United States v Johnson 2006) the plaintiff wife was kidnapped at midnights when plaintiff was at his overnight security duty as the actor intentional committed his criminality under conspiracy to commit several federal offenses.

This sexual raped happened when the plaintiff was living together with his wife as married couple legally that resulted plaintiff loss of consortium that cause him several injuries, physical injuries, foreseeable damages and financial injuries which has constituted to elements several attempt murder to kill the plaintiff as result of their sexual misconduct of rape in order to impairing, obstruct of justice, due administrative of justice and to prevent criminal investigation and due legal process of law from the district court pending proceedings under this verdict which is abuse of due process under international interference into substantial legal civil rights there under conspiracy pursuant to *42 U.S.C § 1985(1)(2)(3)* which has constituted to newly discovery in this subject matter.

That these officers in question under this verdict are liable for cause of action for default judgment with order from the Appellate court as result of D- P form failure filling on record as result of the defendant agents inconsistence and inadequate action under racial discrimination harassment as result of color of law which is willfully and knowingly to defraud law functions and to obstruct of justice section 1501 and due administrative of justice pursuant to section 1503 that resulted plaintiff failure to file D-P Form on record as result of the defendant agents misconduct whom they intentionally make plaintiff to be homeless under harassment that resulted his lack of fiscal address to received his appellate court information package which was mail to him with wrong address and the plaintiff was unable to receive his mail from U.S postal mail service timely to file the D-P form timely during this period of time the Appellate court proceedings under *Federal Rule of Civil procedures* and further more the plaintiff was under his mental suffering and mental illness during this time to file his D-P form which has resulted the plaintiff

was hospitalized in Bellevue mental healthcare center for his mental suffering and mental illness treatment which has impaired him to file the D-F Form timely which has to be consider in the case and under the same cause of action plaintiff was lack of attorney because he cannot afford to pay any one of them to proceed his case timely as result of defendant agents instigated his employers and their managers to be firing the plaintiff from his different jobs at his workplace that the plaintiff is smelling and he is too old under conspiracy that cause the plaintiff financial hardship and he has no money for his living expenses or medical care or pay for his child support including the elements instigating and encouraging his landlords under interference into the plaintiff employment contract and accommodation that terminated his lease contract or agreement without due process by throwing plaintiff from his home in both private and public accommodation under conspiracy and hatred as the facts which is violation of *EEO Title VII of civil rights of 1964 and ADEA Age discrimination Act of 1967* and *FHA under Title VIII there under Criminal Interference with Right to Fair Housing Acts pursuant to 42 U.S.C. § 3631.* that resulted the plaintiff homeless for three years and be living in peonage life condition in servitude pursuant to section 1581 and section 1589 *United States v. Kozminski, 487 U.S. 931 (1988)* as result of the defendant agents subjective motives for acting under vindictiveness and retaliation of the officers who was demoted, discharged of duty, arrested and released by the New York City authority as result of their criminal sexual misconduct pattern with individual officers under jointly sexual commission of raped with plaintiff wife in 2010 in order to punish innocent plaintiff for their wrong doing under intimidation, humiliation, provocation and passion which has constituted to the elements several attempt murder to kill the plaintiff in order to override their criminal commission of acts and criminal investigation which has created fears and shock to the plaintiff that cause him psychiatric impact. Mental anguish and anxiety and depression and mood

disorder and stroke under medication and  high blood pressure as the material facts in this  case that resulted plaintiff health was in critical condition and be suffering of mental illness that resulted the plaintiff hospitalized in Bellevue hospital on 9/10/13 to 9/16/13 in psychiatric healthcare center for *Dr Federico Zuniga MD* Psychiatric treatment and during this period of his mental suffering and mental illness that impaired the plaintiff was unable to file his form D-P timely on record which due on June 21, 2013 which is deem in default that resulted the appellate court dismissed the case effective of August 27, 2013 for failure to file this form D-P, issued as Mandate: 10/7/13 by ( McGee. Mary Ann) and Entered: 10/07/2013 which would have not affected the court finding and question the law for final of judgment under trial proceeding which has to be consider in this case under default of judgment for reverse for final of judgment as result of equitable tolling as the Court has stated that "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations which has attributable to the plaintiff's medical condition."*Brown v. Parkchester,* 287 F.3d 58, 60 (2d Cir. 2002).   *The* Courts have recognized that certain mental impairments can preclude a person from being able to appreciate and therefore obey the rules governing the filing of a complaint. *See Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (reversing dismissal of SSI appeal and remanding to district court for an evidentiary hearing to determine if equitable tolling is appropriate "because [plaintiff's] affidavit avers that mental impairment prevented her from comprehending her right to judicial review.") that plaintiff mental illness is till ongoing medical treatment with Queens hospital and Elmhurst hospital healthcare center with his psychiatric doctors treatment up to date, the plaintiff has enclose his medical treatment from *Dr Federico Zuniga MD* as evidence of his medical condition *including a copy of photo of be homeless.*

**Federal Rule of Evidence Exhibit ( A ) page  15- 16**

1. *A copy of psychiatric treatment from Bellevue Hospital*
2. *His mental hospital bill as evidence to his mental illness*
3. *A copy of photo of plaintiff be homeless as evidentiary in this*

The defendant agents action was racial discrimination harassment and retaliation under criminal conspiracy and substantial overt act pursuant to section 371 to commit several federal offenses *Hyde v. United States, 222 U.S. 347, 387 (1912)* and which has constituted to "hate crime" there under newly discovery which was not sue or discovered in time to move for new trial under *Rule 59(b)* disclosure as factual facts in this indictment which was not under the original first suit claim during the court proceeding trial as result the elements acting under color of law section *242 United States v Price 2001 and* hate crime pursuant to section *249(a)(1)(2)see Mathew Sheppard and James* Byrd Jr "hate crime" prevention act of 2009 *United States v Deryl Dedmon,) (United states v. Samuel Mullet 2013) State v. Michelle 508. US (1993)(United States v. Frankie Maybee 2011)* as result of the element crime commission of acts under "hate crime" in separate distinct offenses *see Pinkerton v Unites States 328 U.S 640, 643 (1946)* which is federal criminal offense and felonious under criminal conspiracy that cause plaintiff several injuries and foreseeable damages under intentional tortured pursuant to section *2340* that inflict plaintiff pain and suffering which is unlawful substantial act that constituted to the plaintiff intentional tort, negligence tort and strict liability and false lights tort heretofore denominated intrinsic or extrinsic) and misconduct of an adverse party.

Under this circumstance of the Appellate court dismissed the verdict as result of Mandate form D – F as default judgment and the case was without finding, no question the law or compensatory and damages remain subject to the plaintiff several injuries sustained from defendant agents which have to be reverse and address by the court for final of judgment as matter of law.

Under this circumstance that resulted the appellate court dismissed the verdict on the ground of mandate D-F Form failure on record as cause of action under default judgment which is harmless error. Reference, *see Meehan & Fink v. John & Judy (1981)in this case of default judgment in which the erroneous was reversal and set aside default judgment as therein southern* District Court of New York by *(Henry F. Werker, Judge) granted the motion, order entry of a default judgment under Rule 55(c) authorizes to set aside a default judgment pursuant to Rule 60(b). See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 2681-2700 (1973).*

As Judge Werker correctly noted that the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b). *See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 375 n.5 (D.C.Cir.1980); Broder v. Charles Pfizer & Co., supra; United States v. Topeka Livestock Auction, Inc., 392 F.Supp. 944, 950 (N.D.Ind.1975); 10 C. Wright & A. Miller, supra, § 2692.* However, he concluded that the appellants should be held to the higher standard of Rule 60(b);

## Argument

The plaintiff brought this point of argument on the ground of district court and U.S court of appeal dismissed plaintiff existing underlying verdict which was substantial error under constitutional harmless error when the error alleged would not have affected the outcome at trial. Under the same cause of action of the defendant agents negligence and misconduct pattern as of the elements who did not stop their furtherance action and unbreakable events under the same cause of action which has constituted to equitable tolling and newly discovery under Rule 26(a)(1) disclosure for new trial pursuant to Rule 59(b) for final of judgment.

NOTICE OF ADVISORY COMMITTEE ON RULE 1937

This rule represents an amalgamation of the petition for rehearing of [former] Equity Rule 69 (Petition for Rehearing) and the motion for new trial of U.S.C., Title 28, §391 [see 2111] (New trials; harmless error), made in the light of the experience and provision of the code States. Compare Calif. Code Civ. Proc. (Deering, 1937) §§ 656–663a, U.S.C., Title 28, §391 [see 2111] (New trials; harmless error) is thus substantially continued in this rule. U.S.C., Title 28, [former] §840 (Executions; stay on conditions) is modified insofar as it contains time provisions inconsistent with *Subdivision (b)*. For the effect of the motion for new trial upon the time for taking an appeal see *Morse v. United States*, 270 U.S. 151 (1926); *Aspen Mining and Smelting Co. v. Billings*, 150 U.S. 31 (1893).

For partial new trials which are permissible under *Subdivision (a)*, see *Gasoline Products Co., Inc., v. Champlin Refining Co.*, 283 U.S. 494 (1931); *Schuerholz v. Roach*, 58 F.(2d) 32 (C.C.A.4th, 1932); *Simmons v. Fish*, 210 Mass. 563, 97 N.E. 102, Ann. Cas.1912 D, 588 (1912) (sustaining and recommending the practice and citing Federal cases and cases in accord from about sixteen States and *contra* from three States). The procedure in several States provides specifically there for partial new trials. *Ariz. Rev. Code Ann. (Struckmeyer, 1928) § 3852; Calif. Code Civ. Proc. (Deering, 1937) §§ 657, 662; Ill.Rev.Stat.(1937) ch. 110, §216 (par.(f)); Md.Ann.Code (Bagby, 1924) Art.5, §§25, 26; Mich.Court Rules Ann. (Searl, 1933) Rule 47, §2; Miss.Sup.Ct.Rule 12, 161 Miss. 903, 905 (1931); N.J.Sup.Ct. Rules 131, 132, 147, 2 N.J.Misc. 1197, 1246–1251, 1255 (1924); 2 N.D.Comp.Laws Ann. (1913), §7844, as amended by N.D. Laws 1927, ch. 214.*

By amendment of Rule 60(b), newly discovered evidence is made the basis for relief from a judgment, and the maximum time limit has been extended to one year. Accordingly the amendment of Rule 59(b) eliminates the "except" clause and its specific treatment of newly discovered evidence as a ground for a motion for new trial. This ground remains as matter of law.

As result of first law suit claim under existing underlying verdict which has constituted to newly discovery as evidence to support finding and question the law for new trial under Rule 59(b) which was not discovered with reasonable diligence prior to court ruling of judgment or trial, as result of defendant agents misconduct pattern who are willful and intentional to defraud law function therein *Rule 60(b)(1)(2)(3)* modified there under this circumstance which has resulted the appellate court dismissed the verdict under default judgment on trial as result of the plaintiff failure to file D-P Form on record as result of the defendant agents misconduct pattern which has cause plaintiff mental suffering and mental illness and homeless and be living under peonage life condition and poverty level on this ground of the elements indictment for further engaged therein unlawful and malicious furtherance action which has constituted to equitable tolling and unbreakable events under the existing underlying verdict since 2013 to 2016 thereof the same crime commission of acts that inflict the plaintiff several injuries condition which will go on new trail under newly discovery for final of judgment modified under this circumstance of indictment.

As result of elements furtherance action and unbreakable events without sequence break under criminal conspiracy and omission which has constituted to several attempt murder with their perpetrators to defraud pursuant to 18 U.S.C *§§ 1111 and* 1113 *United states v Snell 627 F.2d 186,187(9th Cir 1990) United states v. Rivera – Relle 333 F.3d 914, 921 2003 under* misconduct pattern to inflict and cause plaintiff several injuries condition, there to defraud law functions and prevent eastern district court furtherance action not to proceed the newly discovery disclosure under rule 26(a)(1) which was not discovered or sue during the court trial proceedings as of the elements influence, impeded, obstruct of justice section *1501 and due administrative of justice section 1503, and §§§ 1509, 1510 and 1512 under 18 U.S.C Chapter 73 which is official misconduct to defraud that is not a mistake but with intentional and deliberately to cause the plaintiff harm and to obstruct of justice under* newly discovery as this verdict modified therein Rule 26(a)(1) disclosure under Rule 59(b) for new trail to proceed court action for final judgment there under Rule *60(b)(1)(2)(3)* which was mistake or harmless error to be reverse by the court proceed for new trial as matter of law.

Under this circumstance the plaintiff brought this case which is close relationship to the first lawsuit under separate cause of action with support of evidence for finding and question the law for final of judgment as matter of law.

 That defendant agents unlawful engaged in crime commission of act under substantial overt acts section 371 there with *intimidation, humiliation and suppression of* evidentiary documents not to proceed new trial under new discovery as the defendant objective motives to defraud under conspiracy to commit *separate distinct offenses United States v. Felix, 503 U.S. 378, 390 (1992) (Pinkerton v.*

*United States 328 U.S 640,643 1946) as states by six Circuit in United States v Hee. 531 F.2d 352,357, (6th Cir (1976) e.g conspiracy to commit a different offenses from the crime that is the object of the conspiracy as of actor and his accomplice elements and perpetrators who unlawful committed separate criminal offenses that cause the plaintiff several injures there under the following crime commission of acts under* break and entry, burglary, trespass, raped, kidnapping, abduction, invasion of privacy, computer fraud and abuse, mail fraud, wire fraud and several attempt murder to commit several federal criminal offenses to defraud see *Tanner v. United States 483 U.S.107 at 128. 32 1987)with the purposes of impairing, obstructing, or defeating lawful functions, deceit, craft and trickery, Accord United States v. Minarik 875 . F 2d 1186, 1191(6th Cir 1989)* there to override their criminal misconduct pattern or practice under criminal conspiracy and omission therewith intentional and deliberately to obstruct of justice and due administrative of justice that is illegal and violation of substantial legal civil rights and due process under fourteenth amendment with their co-conspirators *United States v. Dege, 364 U.S. 51, 54-5 (1960). Dawson v. United States, 10 F.2d 106, 107 (9Cir. 1926). United States v. Dumeisi, 424 F.3d 566, 580 (7ThCir. 2005).*

In 1919, Congress first applied the harmless error doctrine to federal appellate courts, ordering them "to give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties" *(28 U.S.C.A. § 2811 [1988]).* The U.S. Supreme Court first moved toward establishing harmless error analysis in 1946 in case of *Kotteakos v. United States,* 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557, but left doubt about its applicability to constitutional errors. It began to remove this doubt in 1967 in the landmark case of *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705.

However, the Supreme Court put an important condition on this analysis: that appellate court had to be certain Beyond a Reasonable Doubt that the error did not affect the outcome of the case.

Even decades there after the *Chapman*, determining whether a constitutional error is harmless remains a complicated task. This is because harmless error has no single, uniform definition. Courts must resort to one of two distinct tests—and sometimes a third that combines both of them. The first test asks whether the error influenced the verdict. If the error did not have even a minimal effect on the verdict, it is harmless. The second test considers the evidence of guilt found in the trial record. If the evidence is overwhelming and untainted, the defendant's guilt is considered to be the most important factor, and the error is harmless. The third test is a Balancing test in which the court weighs the error's effect on the verdict against the untainted evidence. The court may emphasize either element in this test, and the outcome of the test will reflect which is considered stronger.

The harmless error doctrine has continued to evolve since the late 1960s. For many years, there was still uncertainty about which constitutional errors at trial could be subject to harmless error analysis, but the Supreme Court has clarified this by allowing most constitutional errors to be reviewed under the doctrine. Some of its decisions have proved controversial. In the 1991 case of *Arizona v. Fulminante*, 499 U.S. 279, 111 S. Ct. 1246, 113 L. Ed. 2d 302, for example, it included coerced confessions under the scope of harmless error review. This decision curtailed

the ability of criminal defendants to overturn their conviction by arguing that the police used physical or emotional force to win a confession. As a result, appellate courts are free to determine if the jury had enough evidence besides the challenged confession to convict a defendant. As part of a general trend, this expansion of the scope of harmless error analysis has raised complaints about the proper role of appellate review.

In appealing the trial court of judgment, plaintiff presented essentially a single issue for review: whether the trial court's award is adequate. Our standard of review is prescribed by Trial Rule 52(A):

On appeal of claims by the plaintiff was tried by the court without jury, no finding, no question the law, no compensatory and the injuries remain to be address under the same cause of action the elements did not stop their furtherance action and unbreakable events under the same cause of action and misconduct and tortured which has constituted to equitable tolling as repetition of the same cause of action to inflict the plaintiff original injuries condition, pain and suffering there under intentional tortured *section 2340* as furtherance action in existing underlying verdict which was in the initial first suit claim which is the material factor in this case to be consider for final judgment and setting aside default judgment in this case under Rule 55(c) that authorizes a motion to set aside a default judgment pursuant to Rule 60(b). *See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 2681-2700 (1973).*

Under this circumstance the plaintiff brought this case for final judgment that similar close relationship to the initial first claim without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or question the law or judgment unless clearly erroneous, and due regard shall be given to

the opportunity of the trial court to judge the credibility of the witnesses. *See S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897).*

This standard of "clearly erroneous" is further emphasized in Appellate Rule 15(N)(6): a verdict, finding, judgment, order or decision shall be reversed upon the lower court or appellate court as plaintiff supported the verdict by or as contrary to the evidence supply under Newly discovery in Rule 26(a)(1) disclosure which was not support under the initial first lawsuit claim that was under judgment of default or declared erroneous under harmless error, and due regard shall be given the opportunity of the finder of fact to judge the credibility of witnesses.

On appeal of claims tried to the court without a jury, prior cases have observed that a judgment will be found clearly erroneous only when on the entire record the reviewing court is left with the definite and firm conviction of the defendant agents cause of action that a mistake has been committed. *Arnold v. Dirrim (1979), Ind. App., 398 N.E.2d 442; University Casework Systems, Inc. v. Bahre (1977), 172 Ind. App. 624, 362 N.E.2d 155.* When the specific issue on review relates to questions of inadequate or excessive damages, a damage award should not be reversed if within the scope of the evidence before the trial court, and the reviewing court may not reweigh the evidence or judge the credibility of the witnesses who presented it. *Indiana University v. Indiana Bonding and Surety Co. (1981), Ind. App., 416 N.E.2d 1275,*

*See Kotteakos v. United States 328 U.S.765 1946)* Sometimes other factors. Such as fundamental nature of the right violated, call for reversal even if the error could not have prejudiced the defendant.

See *Collidge v. New Hampshire 403 .U.S. 443,449-55,480-81 (1971) (reversible constitutional error for interested party to issue otherwise Justifiable warrant). See also in re Murchison, 349 U.S. 133, 136(1955)*

*("Justice must satisfy the appearance of justice")Consider, for example , the right to appear pro se as described in Faretta v. California, 422 U.S. 806 (1975) After dwelling at length on the value of preserving individual dignity and freedom of choice(id at 821-26), the court reversed for an error that was per se no prejudicial. Some conviction merit reversal because certain official improprieties cannot be tolerated regarding of any actual prejudice to the defendant.*

*United States v. Stewart 576 F.2d 50. 56(5th Cir.1978)(knowing introduction of confession in wake of Miranda violation merits reversal even if error harmless); United States v. freeman, 514 F.2d 1314, 1321(D.C Cir. 1974) (appellate court should have consider prophylactic reversal to encourage prosecution to behave.*

*Nevertheless, in reviewing errors that offend judicial sensibilities or deny a fundamental rights, some appellate court mistakenly focus on prejudice. Under this circumstance defendant agents has intentionally and willfully violated constitutional legal civil rights and criminal common law under Federal Rule of Criminal Procedure that constituted there to constitutional error and default judgment on trial resulted harmless erroneous which is suffice and sufficient evidence or merit for the lower court or appellate court to reverse the initial first case that similar relationship to this lawsuit for relief and for final of judgment as matter of law modified and justified.*

## 11.     *Statute of limitation claim*

### *Argument*

That plaintiff pro se this brought this argument under statute of limitation claim against the defendant who is liable for his agents cause of action from the police department (NYPD) as principal authority to his agents  as result of his agents misconduct pattern or practice under conspiracy and omission which has constituted to to

the element several attempt murder and death threaten to kill the plaintiff in order to run out statute of limitation under newly discovery pursuant to 26(b)(a)(1) and to prevent eastern district court proceeding under existing underlying verdict for new trail 59(b).

The defendant agents action is to defraud law function and to obstruct of justice and due administrative of justice as the element objective and subjective motives under substantial overt act pursuant to section 371 with purpose not to proceed eastern district court therein existing underlying pending proceedings under newly discovery evidence disclosure for court finding and question the law which has not been sue or by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) for district court and jury review for final of judgment as matter of law.

The defendant agents the African – American and Spanish Latino officers who are acting as jointly successive tortfeasors under this verdict and indictment with this distinct offenses by using delay tactics, trickery and manipulation and death threaten to the plaintiff in order to run out statute of limitation as the element objective and subjective motives with the purpose not to proceed eastern district court pending proceedings in malice which is corruption and official misconduct under this unlawful distinct offense to run out statute of limitation that elements action is knowingly and intentional under negligent there with intimidation to obstruct of justice and due administrative of justice which is offense that is actionable and punishable as matter of law that if two or more persons conspire to commit an offence against or defraud the United States, and one or more of them do any act to effect the object of the conspiracy, all the parties are liable to a fine or imprisonment.

Since 2013 – 2015 these officers has unlawful engaged in criminal conspiracy to defraud and defeating law functions therein

inconsistence misconduct pattern under furtherance action and unbreakable events to delay statute of limitation which is unlawful and unconstitutional misconduct under intimidation not to process eastern district court civil action under new discovery which would have been file within reasonable time of one year for final of judgment as the element objective and continuation of furtherance action which has constituted to equitable tolling under death threaten and misconduct pattern that cause the plaintiff mental suffering and mental illness and be hospitalized in different mental healthcare for diagnostics of schizophrenia and paranoid,  anxiety and depression, mood disorder since 2013 to 2015 in Bellevue Hospital center, Queens hospital center and Elmhurst hospital center which is till ongoing psychiatric doctor treatment at Elmhurst hospital center up to date that impaired the plaintiff to filed his newly discovery disclosure within the period of one years as the status of limitation run out  *Brown v. Parkchester,* 287 F.3d 58, 60 (2d Cir. 2002). *Butler v United States postal service 2010.* As result of the plaintiff mental illness and mental suffering, The law is clear that when a mental impairment has rendered a plaintiff incapable of filing a complaint on time, the Court should consider whether equitable tolling is appropriate. As of the Second Circuit, "highly case specific." *Boos v. Runyon, 201F.3d 118, 120 (2nd Cir. 2001)* see also, *Canales, 936 F.2d at 759*(' if the claimant proves that she was incapacitated  for any length of time during the 60-day period , then the district court can determine whether, considering all of the circumstance of the case, equitable tolling is warranted )(emphasis added) This is why consistently find that a dismissal stage, See Brown v. Parkchester,287 F.3d at 60-61; *Stella v Potter, 297 Fed. Appx. 43,46 (2d Cir 2008)(*vacating dismissal and remanding to district court to consider "whether the time period in which [plaintiff] was required to consult an EEO counselor should be tolled as result of his mental illness )see also, *Szszkiewicz v JPMorgean Chase Bank, 12 F. Supp.3d 330.339 n.5 (E.D.N.Y2014)*
*Mandarino v. Mandarino, 180 Fed Appx, 258, 261(2d Cir. 2006 )*

As the cases cited above show, the Court must consider the specific facts surrounding the plaintiff mental impairment and all related circumstances, the during the period to file his complaint under newly discovery, the plaintiff was under mental illness and equitable tolling as result of defendant agents did stop their furtherance action and unbreakable events to let statute of limitation run out because not considering the evidence of the plaintiff mental condition to file his complaint is inappropriate. Because the statute of limitation being to run at the last overt act under unbreakable events which has constituted to equable tolling under this circumstance, That plaintiff supported this case with hospital mental treatment as evidence to his mental illness since 2013 to 2015 under equitable tolling which is approximate the cause of action result plaintiff mental illness for filling a complaint timely.

### *Federal Rule of Evidence Exhibit (B)*

1. *A copy o/f psychiatric treatment from Queens hospital center*
2. *A copies of psychiatric treatment from Elmhurst hospital center*

That defendant agents action is with reprehensible motives with improper moral culpable as purposes to run out statute of limitation not to proceed Eastern district court of New York action therein existing underlying verdict as element agreement and conspiracy by influence, impairing, obstruct of justice and due administrative of justice under substantial overt act pursuant to section 371 *Tanner v. United states supra 483 US at 128 which is corruption and official misconduct with intentional and willful to defraud that cause the plaintiff several injuries. That defendant agents action is* trickery, manipulation and tactics there to prevent eastern district court proceedings by attacking the plaintiff under death threaten and engaged in several attempt murder which has constituted to new discovery under criminal *conspiracy and defraud,   In Bulloch v. United States, the 10th Circuit Court of  Appeal ruled:* Fraud upon the

court is fraud which is directed to the judicial machinery itself which is fraudulent intent whereby the judge has not performed his judicial function of judgment as matter of law and jurisdiction context that defendant agents action is corruption to defraud law function which is federal serious offense that attempt murder or murder or obstruct of justice has no status of limitation to charge or prosecute defendant agents criminal misconduct pattern as matter of law under criminal common law.

In the 8th Circuit case of *Treanor v MCI Telecommunication Inc.* the court explained that the continuing – violations doctrine " tolls [freezes] the statute of limitations in where a continuing pattern form as at least one incident occurred within the Limitations period.

That the statute of limitation begin when the harmful event (such as fraud or injury) occurs or when it is discovered. The Supreme Court of the United States has described the "standard rules" of when the the time begins as "when the plaintiff has complete and present cause of action. A rule in existence since 1830s, A "discovery rule "applies in other cases (including medical malpractice) or similar effect may be applied through tolling, As discussed in *Wolk v Osson* the discovery rule dose not applies to mass media such as newspaper and the internet. The statute of limitation begins to the date of publication.

In 2013 the supreme court of the United States rules unanimously in *Gabelli v SEC* that  the discovery rule dose not apply to U.S. Security and Exchange  Commission's investment advisor -  advisor – fraud lawsuits since one purpose of the agency is root out fraud.

Whether the continuing – violations doctrine applies to a particular violation is subject to judicial discretion: it was a rule apply to copyright infringement in *taylor v. Meirick ( 712 F.2d 1112, 1119, 7th Cir. 1983).*

The statute of limitation begin thereto run with last overt act in furtherance action under conspiracy.

see *Tousie v. United States 397 U.S.112.122 1970)*

As result of defendant agents criminal conspiracy and furtherance action which has constituted to equitable tolling under death threaten and several attempt murder, kidnapping attempt pursuant to 18 U.S.C *§§ 1111 and 1113 of these criminal indictment there to* defraud in facts under turpitude or intentional wrong section 523(a)(b) including violation of plaintiff invasion of privacy under intentional intrusion, wire fraud section 1343 *(United states v. Timothy v. Durham) and mail fraud 1341 Schmuck v. United States, 489 U.S. 705, 721 n. 10 (1989); see also Pereira v. United States, 347 U.S. 1, 8 (1954) (*"The elements of the offense of mail fraud under § 1341 are *(1) a scheme to defraud, and (2) the mailing of a letter interception etc to obtain information., for the purpose of executing the scheme.");* Laura A. Eilers & Harvey B. Silikovitz, Mail and Wire Fraud, 31 Am. Crim. L. Rev. 703, 704 (1994)* (cases cited). Including intentional access the plaintiff unauthorized computer to obtain his private and business financial information and reasonable valuable expectation under conspiracy which is violation of CFAA computer fraud and abuse pursuant to *18 U.S.C § 1030(a)(2) and section 1030(a)(4) and section 1030(g) Fasulo v. United States 272 U.S. 620, 629, 1926)* as the element subjective motive to obstruct of justice, due administrative of justice and prevent district court proceedings for finding and question the law under racial discrimination and harassment and retaliation of officers discharged of duty as the element material fact establish in this case as of result the defendant agents federal criminal sexual offense committed under omission pursuant to section 2241 and section 2242 which is assault and abused to the plaintiff wife that cause damage to the plaintiff family and his business that cause him physical injuries, fears and shock, mental anguish, psychological impact, psychiatrist, anxiety and

depression, mood disorder, eyes vision, high blood pressure, stroke that result moment disorder of plaintiff right leg and disfigurement that permitted the plaintiff recovery for his mental suffering and pain under intentional tortured that resulted his several injuries pursuant to 18 U.S. C § 2340 and 2340A as result of the elements acting under color of law that is prohibited by public official . See e.g *United States v Roy Belfast jr 2008)* as result of the elements unlawful engaged in *criminal conspiracy, death threaten, attempt murder with dangerous weapon*, kidnapping, premedical poison, attempt, control substance hallucinogen that substantial risk to death or disfigurement to harm the plaintiff there under defective strict liability product with the purpose to deprived the plaintiff of his substantial legal civil rights and due process which is judicial abuse and misused of office there to defraud.

*That in the NY Penal  Law section 243:38 from New York high court rules that search and seizure and equal protection law that New state government or his officers can be sue for money damage in a state court or federal court for violating constitutional civil rights,*
*See Brawn v. State No 186 –NY Cit of appeal 89 N.Y 2d 172, 674 N. Y.S 2D 223 (1996).*

That Spanish detective officer and his accomplice Latinos acting under color of law has violated the plaintiff constitutional civil rights and equal protection of law and due process of clause with the purpose there to obstruct of justice and to delay status of limitation to run out not process eastern distinct court proceeding under new discovery as result of the defendant agents negligence which has constituted to elements substantial overt act section 371 *(Mitchell v Rochester Ry. Co., 151 NY 107; Battalla v State of New York, 10 NY2d 237; Tobin v Grossman, 24 NY2d 609; Kalina v General Hosp. of City of Syracuse, 31 Misc 2d 18, 18 AD2d 757, 13 NY2d 1023; Gostkowski v Roman Catholic Church, 262 NY 320).*

This type of misconduct pattern or practice thereof individually and collectively is violation of plaintiff substantial legal rights and constitutional civil rights and equal protection of law See *Tennessee v. Garner 471 U.S 1985) (Graham v. Connor 490 U.S 386 1989).*

As matter of law the plaintiff has the civil rights to fill a lawsuit against the City of New York *under section 1983 as result of his agents damages cause to the plaintiff, his family and business* thereof under federal statutes in this circumstance of verdict.
The defendant agents action under conspiracy and violation of the plaintiff substantial legal rights *is abuse of judicial process and as of the element use of process for ulterior purpose which is sufficient proof of the defendant agents abuse of process see e.g Martinez v Continental enters 697, P2d 789 (Colo- APP(1984)( Gause v. First Bank of Marianna 457 So 2d 582(Fla App (1984)*

*That the plaintiff deserved the rights to fill his claim basis on the cause of action under the federal or New York state claim statute therein federal court under due administrative procedures act 18 U.S.C § 3625 because the state court is like Federal Courts which has constitutional obligation to safe guard personal, liberties and to uphold federal law see Stone v. Powell 428 US 465,96.S Ct 3037, 49 L Ed 2d 1067 the obligation of state court is give full effect to federal law which is the same as that of Federal court.*

That defendant agents inconsistence action to deprive the plaintiff of his constitutional civil rights and substantial legal civil legal rights has violated federal statutes which is unconstitutional and violation of the plaintiff constitutional civil rights under equal protection of law and due process under fourteenth amendment.

*That defendant agents knowingly* disregards the federal law under statute of limitation and due process and they aware that plaintiff has *statute of limitation obligation and mandatory to file his case to*

district court within reasonable time under newly discovery therein Rule 26(a)(1)disclosure which is within one year to proceed the court action for new trial pursuant to Rule 59(b)for final of judgment as matter of law.

Under this circumstance the elements unlawful and knowingly engaged substantial act to obstruct of justice under section 1501 and due administrative of justice section 1503 and prevent district court legal due process and proceedings under *Federal Rule of civil procedures* there under consequential and substantial overt act *section 371 to defraud law functions under conspiracy United State v. Levinson 405. F.2d 971, 977, 6th Cir 1968) United States v. Reggiero 726 F.2d 913, 920 2d Cir 1984.*which is corruption and contemplation as matter of law that confer no right or privilege thereof such possible duties from the defendant agents *Norton v. Shelby county* which is serious Federal offense *Whitfield v. United States, 543 U.S. 209, 218 (2005)* as result of elements in furtherance action were conspiracy offenses was committed).

II.

A.                           Successive tortfeasors

The elements who are liable for the cause of action are African – American and Spanish Latino  police officers as jointly successive tortfeasors, as the African- American who cause the initial first injuries as of the designate actor "officer Raymond" as the original tortfeasor who approximately the cause of action under this distinct offenses in separate cause of action who will be held liable for any additional injury cause by the Spanish Latinos officers and their perpetrators under concurrent and succeeding negligence who dose not break the sequence of events and furtherance action and substantial overt act which has constituted to equitable tolling under omission and conspiracy since 2013 to 2015.

That original tortfeasor is the proximate cause of the both original and successive injuries to the plaintiff, his family and business who will be held fully liable for both injuries.
*See Duran v. General Motors Corp.* see *Martinez v. First State Bank of Santa Fe, 107 N.M 268, 755 P. 2d 606 ( Cir App. 1988)*

As New Mexico Supreme court defined concurrent tortfeasors as following " When the negligence acts or omissions of two or more persons combine to produce a single injuries, they are jointly and severally liable for the full amount of judgment, *Ramsay v. Camrac, Inc. 96 Conn. App. 190, 899 a.2d 727, 734 (2006),* law considers those persons concurrent torfeasors. See *Lujan, 120 N.M. at 425,902 p.2d at 1028.*

For a recent New Mexico Supreme court case discussing concurrent tortfeasors see *Otero v. Jordan Restaurant Enterprises, 122 N.M 187, 922 P.2d 569 (1996)* The New Mexico Several Liability Act acknowledges the general rule of several liability, but establish the joint and several liability still applies to four situations outlined by the New Mexico Legislature:

1) To persons who intentionally inflict injury.
2) To persons who are vicariously liable for the acts of another.
3) To persons strictly liable for the manufacture and sale of defective product.
4) To situations not covered by foregoing but that have a "sound basis in public policy. *See N.M.STATE.ANN §41-3A-1(Repl. Pamp. 1996)*

Furthermore, New Mexico Supreme court also recognized that as successive tortfeasors is liable only for the successive or enhanced injury.
That court found that if liability is based only on enhanced or additional injuries, " Thus a successive tortfeasor's liability dose not extended to the original injury cause by the original tortfeasor, but

only to the enhanced injuries cause by the successive tortfeasor's negligence.

That members of joint venture are jointly and several liable for Judgment, *Ramsay v. Camrac, Inc. 96 Conn. App. 190, 899 a.2d 727, 734 (2006), the (definitions of joint and several tortfeasors) Walt Disney World Co.v. Wood, 489 So. 2d 61 (Fla. App. 1986) Hyde Fulton County Hospital Ath., 215 Ga. App. 732, 452 S.E 517(994).*

Under this circumstance the jury would find the total amount of damages own to the plaintiff as result of the defendant legal responsibility to take precaution to control and correct his agents furtherance action and unbreakable events which has constituted to equitable tolling that violated the plaintiff constitutional civil rights, equal protection of law and due process of clause under fourteenth amendment which has resulted foreseeable damages and financial injuries which is breach of duty care  Johnson v. State of Nebraska (2005)(2006) Escola v . Coca cola Bottling Co. of Fresco -150- P 2d 436 ( Cal. 1944) as of his agents intentionally violated their legal duty under negligent to enforce the state and federal constitutional civil rights as of elements acting under jointly successive tortfeasors to cause plaintiff several injuries in separate cause of action under torts law which is misused of position and deliberately abuse.
*See e.g RESTATEMENT TORTS (SECOND) SECTION 653(1977)*
*See e.g Pinkerton v. United states 328 U.S 640, 643, (1946)as state by the six circuit in United states v. Hee 531, F.2d 352, 357,(6th cir 1976) there to commit separate offenses.*
 For true joint torfeasors under traditional rule, it was necessary that all of the tortfeasors owen a duty and breach that duty to the plaintiff. It the joint duty and the joint failure to fulfill that duty that leads to joint responsibility. *See Wilson v. Town of Mendon, 294 f. 3d 1, 15(1st Cir. 2002).* as ***jointly successive tortfeasors ) ( Abernethy v Azzoni (1974) 78 misc 2d 832 358 NYS 2ND 264)*** who are subjected to the liabilities for cause of action in this distinct offenses.

III.                          Newly discovery

    A.                       *Attempt Murder and kidnapping*

Since 2013 – 2015 thereinafter the first court claim was filed on the Mach 29, 2013 the element assailants the African – Americans and Spanish Latino police officers acting as jointly successive tortfeasors under this criminal indictment did not stop their furtherance action and unbreakable events which has constituted to continuing equitable tolling to cause the plaintiff death in order to cover the other officers wrong doing in separate cause of action as elements unlawful and maliciously engaged in criminal conspiracy and retaliation of the officers who was demoted, discharged of duty, arrest and release the committed federal sexual offense under racial discrimination and harassment and color of law as the material factor in this case as cause of action which has constituted there to several attempt murder under section 8.111 *United States v Snell 627 F.2d 186, 187, (9th Cir 1990)( United States v. Rivera- Relle 333 F.3d 914, 921 2003)* there with their *perpetrators pursuant to 18 U.S.C §§ 1111 and 1113* that resulted death threaten under omission to commit several federal offenses under harassment with the element subjective motives to delay statute of limitation and obstruct of justice section and due administrative of justice including to prevent district court proceedings and for finding which has constituted to the elements, kidnapping pursuant to 18 U.S.C *§ 1201,* several attempt murder with dangerous weapon, premedical poison, control substance hallucinogen that is substantial risk to death or to disfigurement the plaintiff that is similar to chemical structure in schedule 1, 2 or 3 that was designed in psychotropic control substance to harm the plaintiff under criminal conspiracy.

That a murder may be committed without an intents to kill, an attempt to commit murder required a specific intents to kill( citation omitted ) although acting reckless with extreme disregards for

human life can be convict of murder killing see instruction 8.107 murder in first degree and 8.108 murder in second degree.

There to harm plaintiff and cause him death pursuant to 18 U.S.C *§ 1111 in second degree in attempt murder* that elements intentional distributed the control substance hallucinogen to individual African-American – Spanish Latinos youth police officers and their perpetrators in possession under conspiracy to harm the plaintiff which is violation of federal law of control substance in possession pursuant to 21 U.S.C § 841(a)(1)and 846 which is listed under chemical (21U.S.C *§ 841 (d)(2) which involve premises pursuant to 21 U.S. C § 856(a)(1)* for lunching attack, injecting, dispensary and spraying to the plaintiff in the public places, inside his living room through conspiracy with his co- tenants as perpetrators where is living in two family house that weaken the plaintiff brain and cause psychological impact with banded hot pepper spray attack that cause the plaintiff bodily harm, eyes vision and skin problem, lack of concentration and parts of the plaintiff body malfunction and disfigurements that cause the plaintiff psychiatric, fear and shock, mental anguish, mud disorder, anxiety and depression that resulted the plaintiff hospitalized at Bellevue hospital healthcare center, Queens hospital healthcare center  and Elmhurst hospital healthcare in different occasion which is till under ongoing psychiatric doctor and medical center doctors treatment up to date as result of element unbreakable events and furtherance action under continuation of equitable tolling to harm the plaintiff as result of the elements criminal commission of acts under vindictiveness and retaliation of the officers discharged of duty since 2013 to 2015 this events is happening therein after the plaintiff wife was sexual assault and abused with numerous individual officers in 2010 in order to prevent official criminal investigation and any district court action or prosecution charges which is violation of judicial due process under negligence and reckless action as result of the elements sexual misconduct pattern under federal law there for the elements

engaged in retaliation of officers who are demoted, discharged of duty or arrested and released there to punish the innocent plaintiff by lunching attack with dangerous weapon, premedical poison, control substance hallucinogen, banded hot pepper spray, by intentionally engaged in unlawful and malicious act and be instigating the plaintiff employers to fire the plaintiff from his workplace and throw him out their business premises there under false statement in malice that the plaintiff his smelling and he is too old which has resulted the plaintiff firing the plaintiff from his jobs under defamatory harassing campaign including his landlord or landlady to terminate his lease or agreement and throw the plaintiff from their apartment in both private and public accommodation as retaliation of officers discharged of duty which is violation of constitutional civil rights and *(EEOC)Title VII of civil rights of 1964 and (ADEA) Age discrimination Act of 1967 and (FHA) Fair housing Act Title VIII of civil rights of 1968 under section 3601* that resulted plaintiff homeless and be living in peonage life condition pursuant to 1582 and section 1589 that cause the plaintiff physical injuries, financial hardship, mental suffering and pain that resulted the plaintiff living below poverty and he is unable to pay his rent, living expenses, health insurance and child support and no money to take his children to school, no money in his pocket to make living like normal people, treating the plaintiff different from other people under racial discrimination harassment as result of the element conspiracy for  firing the plaintiff from his different jobs under his disability and stroke that constituted to plaintiff moment disorder of his right leg and he cannot walk which was cause by these officers in 2014 as result of high blood pressure and medication which is evil acts under racial discrimination harassment that is prohibited under law enforcement provision pursuant to section 14141.

*That  Spanish detective Latino officer as aider and abettor therewith his accomplice other four Latino officers  who are  under the New York police internal bureau investigation holding that are working in police*

*precinct 17 in Manhattan that are liable for the consequential unbreakable events to murder the plaintiff under criminal conspiracy with the African – American police officers who has committed sexual misconduct pattern as the detective Latino officer who is the aider and abettor subject to the crime commission and material facts (People v Beeman 1984) that he was promoting, facilitating or encouraging to target the offense during their continuing of furtherance action and unbreakable events of crime commission under criminal conspiracy by instigating others Latinos police officers as accomplice and accessory the material facts therein culpability of law with mental state people v Cook 1998) of the same crime with their perpetrators under attempt murder with dangerous weapon and control substance hallucinogen that substantial risk to death* under substantial overt act section 371 to defraud there under conspiracy *United States v Levinson 405 F.2d 971, 977(6th Cir 1968)* for retaliation of officers discharged of duty that committed federal sexual offense section 2241 and section 2242 which is felony that permit prosecution charges under this distinct sexual offense in malice. *United States v. Rosas-Pulido, 526 F.3d 829 (5th Cir. 2008)* -

B.                          Attempt Murder

That the first attempt murder there after plaintiff wife was sexual assault and abuse in 2010 was from Officer Ernestine in May 6, 2012 during official criminal investigation to the element crime commission of individual officers raped as one of participant trying to commit substantial crime under attempt murder subject to the elements jointly sexual commission act and crime commission of act instead of actor Officer Raymond the designated actor and original tortfeasor contrary to this indictment and tortuous to the plaintiff and his family pursuant to 2340 under omission and conspiracy to cause the plaintiff harm, to his family and business there under color of law section 242 and hatred under section 249(a)(1)(2)   *United*

*State v Price, 2001state v Michell 508 US 1993. Unites States v. Samuel Mullet 2013 as of the element agreement and jointly to commit "hate crime" under conspiracy and substantial overt acts section 371 ref to: Mathew Shepard and James Byrd Jr "hate crime" prevention act of 2009 Uinted States v Frankie Maybee 2011.*

In May 6, 2012 officer Ernestine unlawful and maliciously engaged in committed attempt murder to shot the plaintiff to death, in order to cover other officers jointly sexual commission of act and and wrong doing during the official criminal investigation with the New York police internal affairs bureau and District Attorney in Manhattan with the element subjective purpose prevent criminal charges and district court legal due process as result of element who sexually assault and abused to the plaintiff wife with numerous individual officers unknown names agents therewith his shot gun with long barrel firearm to shot the plaintiff secretly through planted flours in Rockefeller Center in Manhattan at 3.45 am (Nights) when the plaintiff was homeless and mental suffering with pain in the street as result of the officers firing and throwing the plaintiff from his job and home therein after his wife was raped with several police officers there under conspiracy to obstruct of justice and due administrative of justice and to prevent criminal investigation and court action *United States v. Gomez-Hernandez, 300 F.3d 974 (8th Cir. 2002) – In* Iowa conviction for being armed with any dangerous weapon (hammer) with intent was found to be a "Crime of violence" as he want to murder the plaintiff with dangerous weapon over night in order to cover their criminal sexual misconduct pattern and commission of crime commitment there under *agreement, objective and Mens Rea* with attempt to murder. *United States v. Melchor-Meceno, 620 F.3d 1180 (9th Cir. 2010) United States v. Drummond, 240 F.3d 1333 (11th Cir. 2001) - Menacing, under N.Y. PENAL LAW § 120.14 (intentionally places/attempts to place person in fear of physical injury/serious death by displaying deadly weapon/instrument) is a "criminal of violence" under 18 U.S.C. § 16(a) because it involves the use or*

*attempted, use of force. Brooks v. Holder, 621 F.3d 88 (2d Cir. 2010) – A conviction for second-degree criminal possession of a weapon under N.Y. PENAL LAW § 265.03(1)(b), is "crime of violence" under 18 U.S.C. § 16(b) which is punishable or chargable.*

C.                    *Attempt murder with premedical poison*

In November 24, 2012 thereinafter this incident, the Spanish detective officer originally from Dominica Republic who is acting as aider and abetting the crime commission conspired with his cosine Mrs Rivera Olivera where the plaintiff rented a room inside her apartment instigated her under conspiracy to poison the plaintiff with prepared premedical poison to the plaintiff foods, tea, milk inside his refrigerator inside his room when the plaintiff was not at home as retaliation and vindictiveness of the officers demoted, discharged of duty, arrested and release under conspiracy in order to obstruct of justice and district court action against these officers and the City of New York for damage claim cause to the plaintiff under violation of constitutional civil rights and sexual misconduct pattern that damage the plaintiff married and loss of consortium which has constituted to element death threaten plaintiff in order to override their criminal misconduct pattern or practice.

under this circumstance the plaintiff filed a complaint report to the *New York Police internal Affairs bureau and District Attorney for investigation* contrary to this incident which is till holding or to respond to the plaintiff, as result of this detective officer action of instigating, facilitating, promoting and encouraging others for the crime commission there under attempt murder or solicitation by instigated third party to commit such crime of attempt murder as objective motive to obstruct of justice and due administrative of justice and district court proceeding under existing underlying verdict and newly discovery pursuant to 26(a)(1) under disclosure for court new trial under Rule 59(b).

He intentionally associates and conspired with African – American police officers, the assailants who are sexual assault and abuse to the plaintiff wife that was discharged of duty on this ground for his aiding and abetting them for retaliation and vindictiveness as result of the element discharge of duty which is criminal misconduct pattern or practice under conspiracy to commit  attempt murder pursuant 18 U.S.C  § 1113 that he is liable for the cause of action including his accomplice Latino officers accessory the material facts as jointly successive tortfeasors who are subject to this crime commission of act under attempt murder, death threaten, racial discrimination and harassment, retaliation under conspiracy as the material facts in this case under consequential unbreakable events and continuation of equitable tolling that inflicted the plaintiff several injuries since 2013 to 2015.

D.                          Death threaten under conspiracy

**In May 10, 2013,** After this incident of premedical poison and the plaintiff escaped death, a Spanish Latino man of his age 30s under the same omission and cause of action of retaliation to harm the plaintiff, He came direct to the  plaintiff where he was distributing flyers for Verizon company in front of the building for attack where the plaintiff is working to make living and get out of the  street homeless.

This Spanish Latino man melt the plaintiff at 3Ave in Manhattan and unfamiliar and unknown person he approached the plaintiff with aggressive manner without cause of action and be threaten and shouting on plaintiff with annoying manner that he will cut plaintiff neck and stab him to death with knife under threaten with words with aggressive manner and he quickly ran away at

that point when he saw a police car patrol standing in front of the building and their was two police Spanish Latino officers seating inside their police patrol van and be watching the event and what is happening and one of this police officer is inspector witnessing the incident under this circumstance the plaintiff quickly rush to these two police officers seating inside the police patrol van and asked them if they notice the Spanish man attacking the plaintiff with death threaten words to cut his neck with knife and may be he was with the his knife inside his bag or jacket if they saw him and what he was doing and they said no because both of them was a Spanish Latinos officers and they said no because they were trying to cover him with the incident and they were not saying the truth which is corruption and both of the officers drove way with their patrol car and under this circumstance of death threaten incident which has created fears to the plaintiff for any further attack with any Spanish Latinos who are acting under color of law and conspiracy to cause the plaintiff death for retaliation of officers demoted and discharged of duty.

E.                              *Kidnapping Attempt*

**On the May 23, 2013** at 1.34 am these elements under the same cause of action of vindictiveness and retaliation, the Spanish Latinos officers engaged in unlawful and malicious attempt to kidnap the plaintiff under conspiracy at six Avenue at 22nd street on his way from work in the evening with five cars in a roll and three of these cars was with black color and the small car was with white color and the fifth car is a van white color and one of these cars is a Japanese made car with siren blue and white light on top of the car to be clearing the traffic if they succeeded their

omission to kidnapped the plaintiff and it was well planned omission with their objective motives to kidnap the plaintiff and Stab him to death and dump him to unknown location and declare him disappear and in one of these cars two of the Spanish Latino men was wearing  yellow sign trips in their jacket with communication radio came out from one of the car first in side by side watch and moving slowing to toward the plaintiff to grab him like chicken and it was well planned under conspiracy and omission and plaintiff quickly understood their motive and plan through personal observation that he was in danger as the cars was moving in a roll for kidnapping as the plaintiff would understand as experience ex- detective officer when they was coming after him and he notice their moment and action and the plaintiff step back and ran and he was shouting and screaming for help and the elements drove away their cars fast in different direction immediately when the plaintiff caught them with their omission and their plan to kidnap him with forcible action and the plaintiff trying to call 911 it is in possible on his cell phone because it was quick action  because the plaintiff was running and trying to escape from his death and to safe his life under this circumstance of attack and kidnapping attempt in the night time. _United States v. Soto-Sanchez_, F.3d, 2010 WL 3894467 (6th Cir. 2010) - Michigan conviction of Kidnapping in violation of MICH. COMP. LAWS § 750.349 constitutes a crime of violence under federal sentencing purposes. The statute requires that the kidnapping be committed forcibly, which is an element requiring the use, attempted use, or threatened use of physical force against the person of another, under this circumstance the plaintiff file complaint report to the _New York police Internal Affairs bureau and district attorney office about the incident_ for investigation to the crime plot. _Pettibone v Nicholes 203 U.S 192 1906)._

**F.**                         *Attempt murder with Knife and Gun*

On the 16, 2013 at 1.07 am Sunday just almost the same time where the Spanish and African – American trying attempt to kidnap plaintiff because elements   known  the plaintiff always passed there to his job in the evenings and close late at night that one of the officers discharged of duty attack the plaintiff with knife and gun at 20 street in six Avenue when the plaintiff was rushing to start his cleaning job in the evening where the plaintiff is working part time at the French restaurant just 5 meter walk close to the restaurant, and he is about 32 years old and wearing blue t- shirt and blue jean with plastic shopping bag in his hand walking toward the plaintiff for attack to kill him or cause him bodily harm  he stopped the plaintiff  and said that he want to send him to the hospital this nights now  under this circumstance the plaintiff  asked him what he has done to him and why black is fighting black in the street he responded and said that it the plaintiff business and as  he was putting on his black hand globe preparing to attack the plaintiff and ready to fight or use his weapon, I saw him with a gun and  black knife seriously to harm and fight the plaintiff the plaintiff step back and unfortunately for him their was a woman coming toward us and two men stopped also witness the accident with their car and get off from their car and standing watching what he was trying to do to the plaintiff therefore  he ran toward six avenue and at the same time I saw another black man wearing jacket to believe they were together and coming toward us between the corner of six avenue and 20 street he was giving him his  gun and knife to this man and he quickly walk away with the weapon before this lady arrived and

get to us and he was running toward the club pub at 21 street and under this circumstance plaintiff called 911 for immediately assistance both of the African – Americans ran way and when four police officers arrived under 911 called with two police cars and the plaintiff explained the situation and incident to them and described this African- Americans to them and one of the officer said they will be driving around to look for them and accompanying officer name for assistance is **Officer Butler, with his Badge number 2542** and since then there was no respond for the search answer from these officers under 911 called these element action which is an assault and *battery to harm or cause bodily harm to the plaintiff. Dale v. Holder, 610 F.3d 294 (5th Cir. 2010) – Assault in the first degree under N.Y. PENAL LAW § 120.10 –* intent to cause serious physical injury to a another, with a deadly weapon, or recklessly engaging in misconduct which depraved indifference to human life..

G.                                    Conspiracy

On February 2, 2014 under the same cause of action of attempt murder under conspiracy and omission from the Spanish Latinos and African-American police officers there with the assistance of the detective Spanish Latino officer conspired with the plaintiff landlord where he rented a room with sub-lease with Mr Mia Sharif, a Bangladesh man to murder the plaintiff to death with 16 inches long knife inside the apartment their under conspiracy and omission as retaliation of the officers discharged of duty in order to obstruct of justice and due administration of justice and prevent their criminal investigation and district court action proceeding as result of element sexual misconduct pattern.

Under this circumstance of indictment and attempt murder, with six inches knife long from Mr Mia Sharif , he was arrested on February 2, 2014 by police and issue order of protection from the criminal court to the plaintiff against him and District Attorney prosecuted him for attempt murder which is assault and *battery United States v. Earle, 488 F.3d 537 (1st Cir. 2007) - Massachusetts offense of assault and battery by means of use a dangerous weapon pursuant to MASS. GEN. LAWS ch. 265 § 15A(b) is a Crime of violent as it involves the use of physical force against another person.*

55. *Dale v. Holder, 610 F.3d 294 (5th Cir. 2010) – Assault in the first degree under N.Y. PENAL LAW § 120.10 –* intent to cause serious physical injury to a another, with a deadly weapon, or recklessly engaging in conduct with a depraved indifference to human life, and causing serious physical injury or causing serious physical injury in the course of a felony– is divisible, as defendants are routinely allowed to plead to the legally impossible crime of attempted reckless assault. Case remanded. (*United States v. Earle, 488 F.3d 537 (1st Cir. 2007) - Massachusetts offense of assault and battery by means of a dangerous weapon pursuant to MASS. GEN. LAWS ch. 265 § 15A(b) is a Crime of violence as it involves the use of physical force against another person.*

*H.*

On February 10, 2014 a Spanish Latino police officer conspired with four Bangladesh boys as result of the Mr Mia Sharif arrest by the police because it was under police conspiracy and these four boys lunch attack with this  Spanish police officer between age of 25-30 years old under their omission that this officer stop the plaintiff when he was taking his subway to Manhattan and grab the plaintiff shirt in his neck and gave him a blow in his face and five of them

gathered to fight the plaintiff and during this incident there was a man with army uniform and who saw this officer  with other four boys Bangladesh and stop them and for this officer furtherance attack and this Spanish officer ran way and entered inside foot locker store between Roosevelt Ave and 40Street in Flushing in Queens where the incident happened and the Bangladesh boys took the next available bus and fled, under this circumstance the plaintiff called 911 and police came and called ambulance and rush the plaintiff to Presbyterian queens hospital in emergency room for treatment which is assault and battery under this distinct of offence of attack and assault which was sponsor by Spanish Latino officer under omission and this officer was covered by other in police precinct 109 because he was a police officer who conspired with the Bangladesh boys for the assault under hatred. *United States v Laurico-Yeno, 590 F.3d 818 (9th Cir. 2010)* – that a conviction for willful infliction of corporal injury on a spouse/cohabitant/etc. under CAL PENAL CODE § 273.5(a) is categorically a Crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

U.S. v. Rodriguez-Gomez, 608 F.3d 969 (7th Cir. 2010) - Aggravated battery under Illinois law, 720 ILL. COMP. STAT 5/12-4(b)(6) – intentionally or knowingly causes physical harm or makes physical contact of an insulting or provoking nature against a person the defendant knows to be a community policing volunteer – is divisible. Under a modified categorical approach, the indictment showed that the defendant had been convicted under the first prong of the statute for kicking the victim, a police officer, which the court found required the "use, attempted use, or threatened use of physical force" and, therefore, constituted a Crime of violence as it is justified.

As result of the police furtherance action and conspiracy, under newly discovery  they conspired with Mount Sinai hospital doctors

Not to treat my stoke symptoms even with self pay that result my right leg stroke worst and deformed that I cannot be able walk resulted me working with cane  with their reasons that I will use the hospital documents to file lawsuit against the City of New York.

### *Federal Rule of Evidence Exhibit ( C ) page 48 - 49*

(a) *A copy of complaint report file Attorney General and the same file to New York police internal bureau  and District Attorney for investigation under attempt murder to kill the plaintiff to obstruct of justice.*

(b) *A copy of district attorney under prosecution charges*

(c) *A copy of police report under assault and battery*

(d) *A copy  from criminal court from county of City  New York*

(e) *A copy of hospital treatment for assault and abuse*

(f) *A copy of Mount Sinai  hospital treatment report and  receipt for stroke which the  doctor  denial  treatment under police conspiracy.*

I.

I.        Conspiracy under Vindictiveness and Retaliation

 Since 2013 to 2015 the African – American and Spanish Latino police officers formed uniformity under color of law and omission by harassing the plaintiff everywhere without break as result of officers who are demoted, discharged of duty or arrested and release by the City of New York contrary to these officers sexual assault and abuse to the plaintiff wife individual  under raped as result of  hatred which has cause plaintiff harm and several injuries there under the element conspiracy to damage plaintiff marriage and family and business under interference into plaintiff invasion of privacy which is unlawful and substantial acts.

Under this circumstance the elements unlawful and maliciously engaged in substantial overt act pursuant to section 371 there with the aid and abetting from the a Spanish detective officer who is promoting, facilitating the commission of crime there with his accomplice Latinos officers and their perpetrators who did not stop sequence unbreakable events and furtherance action which has constituted to the elements equitable of tolling under retaliation of officers discharged of duty as cause of action which has constituted to the officers conspiracy by instigating and inducing business owners, plaintiff employers, their managers and co-workers to be firing the plaintiff from his workplace that the plaintiff is smelling and is too old which is false statement in malice as the element reprehensible and subjective motives to fire the plaintiff from his different jobs as retaliation of officers discharged of duty that cause the plaintiff financial hardship and homeless and be living poverty level without money in his pocket as result of the defendant agents intentionally and willful restricted the plaintiff all his financial resource to punish the plaintiff in both from his private employers and his business under racial discrimination and harassment as the material fact under this indictment as of the element deprived the plaintiff of his privilege to work and make money for his living and care for his family and his daily expenses which is violation of equal protection of law and due process of clause under fourteenth amendment as matter of law.

As result of defendant agents criminal conspiracy under omission the plaintiff employers continue firing the plaintiff in his different jobs everywhere as result of the false statement in malice and be throw him out from their business premises as result of hatred which is "hate crime" under section 249 *United States v. Deryl Dedmon*, which has resulted the plaintiff is unable to secure new job under his disability which is defamatory and violation under EEOC Title VII of civil right of 1964 and ADEA of Age discrimination Act of 1967.

Furthermore, the elements also engaged in unlawful substantial acts by instigating the plaintiff landlord or landladies under the same cause of action to terminate his accommodation contract or agreement and throw the plaintiff from their residential apartment, both private and public accommodation without due process under conspiracy which is violation of *Fair housing Acts of Title VIII of civil rights Act of 1968 under (FHA) pursuant to (42 U.S.C.A §§ 3601 -3631)* that protect individual civil rights or people from discrimination as result of the element acting under retaliation of officer discharged of duty as their subjective motive to cause the plaintiff several injuries resulted him homeless and mental suffering and mental illness under psychiatric treatment doctors as result of the defendant agent misconduct pattern that place to the plaintiff living under peonage life condition without job and accommodation where to live for three years in New York City as result of officers racial harassment pursuant to section 1581 and section 1589 by placing plaintiff for force labor thereof servitude with intentional violations and plaintiff civil rights and he has no money for his living and nowhere or accommodation to live as normal people as result of the defendant agents inconsistence and inadequate misconduct pattern and racial discrimination harassment and defamatory harassing campaign that resulted slanderous and rumor that the plaintiff is smelling and is too old resulted his employers firing him from his workplace which has constituted there to hostile work environmental harassment and hatred under color of law.

As result of the defendant agents racial discrimination harassment the plaintiff was living below poverty level with mental suffering and pain inside cold weather in winter sleeping under the bridges, public park, uncompleted construction site, because he has no accommodation and place to live because public shelter continue rejecting him as result of hatred and slanderous and rumor including churches and hotels that plaintiff is smelling which is

untrue to believe that the false statement in malice is falsity and during his homeless period the plaintiff registered as club member in New York City Sport club where his taking his shower every day and took his par of clothes to Laundry for washing from the money he begged from the street and to feed himself under his pain and mental suffering *Hayes v Albany Ice Cream Co. (1917), Sup)165 NYS 801.*

That defendant agents acting under retaliation and vindictiveness in reprehensive motives and moral culpability which is unlawful and unconstitutional that cause the plaintiff mental suffering and pain, mental anguish, mental stress. Psychological impact, mood disorder and anxiety and depression, psychiatric that result the plaintiff hospitalized at Bellevue hospital center, Queens hospital center and Elmhurst hospital mental healthcare clinic for psychiatric treatment which is till ongoing treatment with his psychiatric doctors at Elmhurst hospital as result of the defendant agents furtherance action and unbreakable events which has constituted to equitable tolling that cause the plaintiff several injuries under newly discovery disclosure pursuant to Rule 26(a)(1) for new trial under Rule 59(b)

As result of the elements retaliation there to defraud law function under conspiracy *Salinas v. United States 522 U.S. 52, 65 1991)* Conspiracy is distinct evil that is dangerous to the public and so punishable itself. *United States v. Felix 503 U.S. 378 390(1992)* the commission of substantial offense and a conspiracy to commit it are separate and distinct offenses and the plea of double jeopardy is no defense to a conviction for both offenses,

Since 2010 to 2015 the element has unlawful and maliciously engaged in this practice of retaliation thereafter the officers sexual assault and abuse the plaintiff wife which has resulted these officers was discharged of duty contrary to their sexual misconduct pattern which has constituted to several attempt murder and firing the

plaintiff from his different jobs and terminating his accommodation contract or agreement from his landlord that resulted him homeless and be suffering of financial hardship for years without remedial action or solution from the City of New York authority and his government subordinate who acknowledged and aware of his agents misconduct because the plaintiff filed several complaint report to the District attorney office and New York police Internal Affairs bureau since 2010 to 2015 as the elements continue violating plaintiff civil rights and equal protection of law and due process of clause under fourteenth amendment which is breach of duty care owned to the plaintiff.

 Under this circumstance of the plaintiff employers continue firing plaintiff from his different jobs and his landlord from his accommodation under this circumstance the plaintiff file complaint report to EEOC for investigation in August 14, 2014 which has resulted *"Equal employment opportunity common"* investigation which has resulted the EEOC issue "notice of right to sue " to one of his employer "Attika Pizzeria Astoria Inc". which is under Eastern district court proceeding and finding as evidence to the defendant agents inconsistence of action of vindictiveness and retaliation of officers discharged of duty by instigating the plaintiff employers to fire the plaintiff from his jobs as  punishment to their wrong doers which is unlawful and substantial act to cause the plaintiff financial injuries.

That the plaintiff enclose the EEOC complaint report and a letter "issue right to sue " to  his employer as evidence to this indictment.

## Federal Rule of Evidence Exhibit (D) page 53

*1) A copy of complaint report to EEOC for investigation*
*2) A copy of letter issue from EEOC rights to sue.*

J.

Computer fraud and abuse

In 2015 under the same cause of action of newly discovery, the Detective officer with his accomplice Spanish Latinos and African-Americans officers who are acting as jointly successive tortfeasors under this criminal indictment hired or paid or promised award to a Spanish Latino Mr Giraldo from Ecuador a computer engineer and Mr Ashoka Benedict Gomez from Indian a pharmacist that we are living together as co-tenant at 134-19, 60 Ave Flushing NY 11355.

These officers has conspired with the plaintiff two co-tenants to violate the plaintiff invasion of privacy through accessing the plaintiff unauthorized computer with a designed or created malicious malware software there to obtain information there under conspiracy *Fasulo v. United States 272, U.S 620. 629, (1926)* for computer fraud and abuse which is violation of CFAA common law pursuant to 18 U.S.C *§* 1030 and criminal code, s 215 there with the purpose to defraud and obtain reasonable value expectation from the plaintiff private and business information including his under draft lawsuit expectation against the City of New York which has constituted to element attack under newly discovery as result of his agents intentional violated the plaintiff civil rights under section 1983 with the purpose and objective there to obstruct of justice and due administrative of justice under existing underlying verdict.

That Mr Giraldo is computer engineer who was hired to created the malicious malware software that is similar to black shades malicious software created by Alex Yucel a Swedish nationality *United States v Alex Yucel 2014* that this malicious malware software was distributed to African- American- Spanish Latinos police officers including FEDEX Spanish Latinos and African and Americans workers for accessing the plaintiff unauthorized computer to obtain

the plaintiff private and confidential business information including his lawsuit complaint information by activated webcam camera for spy into the plaintiff private computer for stealing files, password, hacking e-mails, remote and control the plaintiff computer secretly everywhere in United States or nationwide under interference into invasion of plaintiff seclusion of privacy with their purposed and subjective motives to defraud under conspiracy *United States v. Scartz, 838 F.2d, 876, 976, 879,(6th Cir 1988)*.

Under the same cause of action the element distributed the malicious software to FEDEX workers used for accessing the plaintiff unauthorized computer secretly and be printing the materials thereof his company confidential business information and uncompleted lawsuit draft complaint and be distributing them to the public and individual police officers under agreement and conspiracy under public interest and concern under exposure that resulted the police ( African – Americans and Spanish Latinos officers impaired the plaintiff computer system not to process the complaint to the district court for finding and question the law that resulted delay of statute of limitation, obstruct of justice, due administrative of justice, prevent district court proceeding which has constituted to attempt murder to kill plaintiff under conspiracy in order to prevent the element criminal investigation and court legal due process action or criminal prosecution charges which is violations of the plaintiff substantial legal civil rights and equal protection of law and due process under fourteenth amendment.

That Mr Giraldo and Mr Gomez was using this malicious malware software for accessing the plaintiff unauthorized computer in a place of dwelling home where both of them are living in two family home to obtain information and transfer it to the African- American and Spanish Latinos police officers under omission and conspiracy with their purpose to defraud law function and to obtain reasonable value expectation under fraudulent intent that cause the plaintiff

and his company foreseeable damages and financial injuries under
tortuous interference with an Economic advantage and unfair
competition by disclosing the plaintiff company confidential or
propriety information to the public concern which is unlawful and
violation of invasion of privacy.

K.

### Control Substance Hallucinogen Attack

In 2015 under the same cause of action in newly discovery that
cause plaintiff several injuries under death threaten and tortious
pursuant to section 2340 that cause the plaintiff pain and suffering
as the elements assailants who are acting under color of law and
hatred as jointly successive tortfeasors under joint and several
liability *Manson and Dixon Intermodal, Inc v. Lapmaster Int' ILLC, 632
F2d 1056, 1056 1063, (9th Cir. 2011) who may attach the defendants
who are strictly liable, Smith v. Cleburne City. Hosp.667. F. Supp. 644, (
E.D. Ark, 1987) joint and several liability (Vanguard Industrial Corp.
Alabama Power Co. 455 So. 2d 837( Ala.1984)*

As of the elements who formed uniformity and designed a control
substance hallucinogen which is substantial risk to death that is
similar to chemical structure 1,2,3 in psychotropic control substance
and distributed them among the Spanish Latinos and African-
Americans youth police officers individual for lunching attack
including their with perpetrators, Spanish Latinos community and
their families member including plaintiff co-tenants who are acting
under police conspiracy there under omission as the elements used
this control substance hallucinogen for lunching attack to plaintiff
everywhere they see him in city, library, restaurants, bus stop,
subway, shopping center and more places even at the federal court
library in Brooklyn, inside his living room in his residential
apartment under harassment and tortured to harm plaintiff and
cause him death as of the elements objective motives which has

been used for both men and woman and they kept this designed control substance hallucinogen inside their pocket and bags with the in both men and women spraying and purpose to attack the plaintiff everywhere they see him which is provocation and passion to force the plaintiff to commit serious crime or suicide or homicide which is intentional tortured, death threaten under harassment that resulted the plaintiff impairment malfunction parts of member of his body, organ, brain weaken, disfigurement, eye vision problem that resulted plaintiff hospitalized in different hospital for several weeks under general medicine doctors and Psychiatric doctor with ongoing medical treatment up to date as result of the plaintiff critical mental health condition resulting the plaintiff living with  medication every day.

That the element has violated thereof control substance act of 1970) *United State v Shabani, 513 U.S. 10,13-4 1994)(21 U.S.C 846* under conspiracy with manipulation as strategies and trickery motives to to harm plaintiff and to delay court proceeding under statute of limitation to run out and also to prevent their criminal investigation or any prosecution charges under this distinct offenses of which there is no statute of limitation of murder or attempt murder as argument in the verdict under commission of new crime in which a criminal offense may be convicted *in "absentia"* as prescription should not be confused with the need to prosecute "within a "reasonable delay"  as obligated by the European court of human rights. As of the elements violated state and federal law of obstruct of justice which cannot be excluded from the statute of limitation delay manipulation under attempt murder to defraud as element used their trickery and manipulation tactics to prevent eastern district court proceedings under existing underlying verdict as result of the elements continuation of equitable tolling and unbreakable events that constituted to newly discovery in *Rule 26(a)(1)* disclosure for new trial under Rule 59(b) as matter of law.

That this element also distributed the same control substance to the plaintiff co-tenants (Mr Giraldo, a Spanish Latino from Ecuador and Mr Gomez from Indian both conspired to together as co-conspirators in this indictment under police conspiracy therefore they secretly injecting, spraying, dispensary the control substance hallucinogen inside plaintiff room through his front door space entrance, heater pipe holes, from first floor, every corner of his room from the first floor and boiler room with special made pumping gun for pumping the control substance mix or designed inside the plaintiff room because the plaintiff is living with Mr Gomes at second floor and Mr Giraldo is living with his family at first floor where he target the plaintiff from his bottom of his floor where he is using his pumping gun injecting and dispensary the control substance hallucinogen to plaintiff room while Mr Gomez through the front door which has weaken the plaintiff brain that resulted the police took the plaintiff to different hospital for treatment at mental health care center where by the police told to them to stop aggravated harassment and the Spanish police officers at 109 precinct tell them to continue the attack on till the plaintiff is dead or move out from his room with the element purpose and omission under conspiracy to cause plaintiff death under this circumstance of death threaten in order to obstruct of justice and to prevent district court due process and proceedings there under existing underlying verdict.

As result of the plaintiff co-tenants misconduct pattern for injecting, spray and pumping control substantial hallucinogen with a pumping gun inside the plaintiff  room unwanted that is substantial risk to death under harassment as result of the element continued attack under death threaten, the plaintiff went to the police precinct 109 in flushing 9 times to file police report to stop them or to file criminal offense charges of attempt murder from the District Attorney office or criminal court in queens county against the plaintiff two co-tenant the Spanish Latino and the Indian man and the police denial

the plaintiff  legal rights to file a police report against these two co-tenant because their action was under police conspiracy as result of their wrong doing and harassment where the plaintiff live together with them in two family house and police would not do any thing to stop them under their criminal acts and wrong doing.

 Under this circumstance the police precinct 109 continue to denied plaintiff legal rights to file a police report against them in several times   because the elements was acting under police conspiracy and in order to cover them and other officer's wrong doing under this criminal indictment.  That the police precinct 109 action is under hatred and color of law as result of the officers who was demoted, discharged of duty or arrest and released as result of element sexual misconduct of assault and abuse to the plaintiff ex-wife when they were living together as married couple which is unconstitutional and unlawful substantial overt act pursuant to section 371. )( *United States v. Contteras 2006)*

As result of the elements furtherance action and harassment at the dwelling home the plaintiff called 911 several times to file police report against his two co-tenant inadequate and inconsistence conduct there to take legal action and to stop them of death threaten with control substance hallucinogen which is substantial risk to death the police intentional denial the plaintiff of his legal rights to file police report under conspiracy  to cause the plaintiff death.

Under the plaintiff 911 called in different occasion about 28 police officers came from police precinct 109 to the premises under 911 respond and they fail to take the right legal action to stop them or arrest them for their wrong doing under attempt murder because the co-tenants are acting under police conspiracy there for the police continue denying plaintiff his legal rights to file a police report and the police is covering them with others officers involve in this case which is corruption and police misconduct under this

circumstance of the two – co-tenant who did not stop their furtherance attack and harassing the plaintiff with control substance hallucinogen which has cause the plaintiff health problem.

When these police officers arrived they always took the plaintiff to different hospital with ambulance in emergency room for treatment and examination the plaintiff health condition in different occasion and when they drop the plaintiff in the hospital they always go back on his half of the plaintiff to the two co-tenants and issue them false police report statement against the plaintiff who is the victim of of harassment and attack with control substance hallucinogen when the plaintiff is in the hospital been admitted and the police turn around give the two –co-tenant alleged false police report that the plaintiff is disturbing them and their children of Mr Giraldo and his wife Mrs Paula Giraldo and Mr Ashoka Gomze which is false allegation and manipulation in order to cover their criminal misconduct and other officers wrong doing which is corruption.

Under this circumstance the police precinct 109 continue is denial the plaintiff police report and issued a false police report statement to the element who are the cause of action which is corruption and police misconduct pattern or practice under racial discrimination context pursuant to section 14141. That officers who intentionally issued false police report to the co-tenants are liable for the cause of action of issued false police report because they aware of the criminal conduct and they covered them with police report because they are acting under police conspiracy to cause the plaintiff death as retaliation of officers discharged of duty there under existing underlying verdict.

That plaintiff co-tenants action is disorderly conduct and breach of peace in (second degree) *under torture Wittzer v State 765. So 2d 1063.1066 Fla 4th DCA 2000)*

That the police precinct 109 issued false police report to criminal and denied victim of police report legal rights under conspiracy to cover up others officers  wrong doing which is criminal offense as matter of law. *See United States v. Crawley 2012 in Decatur county incident of issue false police report.*

That the plaintiff has been hospitalized for several weeks in the hospital under treatment thereafter emergency room evaluation  or examination that resulted Elmhurst general primary doctors and psychiatric doctors ongoing treatment with the plaintiff which is suffice and sufficient evidence of police precinct 109 inconsistence misconduct and the two tenants are acting under police conspiracy there under negligence to commit separate cause of action and distinct offenses under omission from the crime commission *see Pinkerton v. United states 328 U.S 640, 643 (1946)* As six Circuit in United States v. Hee. 531 F.2d 352 , 357, (6th Cir 1976) which is the object of the conspiracy that conspiracy conviction wrong doers does not require proof that the object of the conspiracy was achieved when is agreement under joint to commit some acts and substantial overt act section 371, (*United States v Johnson (2006)( United States v. Contteras 2006)(United States v. Carson) United States v Paret- Ruiz)* which  cause the plaintiff physical injuries, mental anguish, fear and shock, anxiety and depression, mood disorder and stroke that resulted the plaintiff moment disorder of his rights leg and eye vision and skin problem as result of the elements  criminal conspiracy and omission to cause the plaintiff harm under color of law and hatred.

Furthermore that the elements in possession and distributing control substance hallucinogen that is similar to chemical structure that is substantial risk to death therein schedule 1 and 2 or 3 that resulted death threaten and disfigurement and harassment that protracted the plaintiff loss of eyes vision and impaired of function member parts of his body, organ malfunction, brain weaken, high

blood pressure, stroke and psychiatrist with ongoing treatment in Elmhurst hospital with the plaintiff psychiatrist doctor and primary medical doctors treatment as result of the element conspiracy under retaliation of officers discharged of duty.

Under this circumstance the elements has violated federal law under control substance *Act pursuant to 21 U.S.C § 841(a)(1) and 21 U.S.C § 841(a)(d) and 846 with continuing criminal enterprise and tolling pursuant to (21 U.S.C § 848* that maintaining drug involved premise 21 *U.S.C §* 856(a)(1) under this distinct offenses of distributing control substance in dwelling living premise under conspiracy to violate control substance Act of (1970) which has no overt act require to convict the defendant agents action under this circumstance of unlawful engagement thereof substantial act to defraud law function and prevent eastern district court of New York existing underlying verdict which has constituted to element death threaten and intentional harassment in a dwelling home *United States v. Shabani, 513 U. S. 10,13-4 1994) (Salinas v. United states) United States v Jimenez Recio 2003)*

That the defendant agents action under attack and violation of the plaintiff substantial legal civil rights to file a police report which is inconsistence and inadequate misconduct pattern or practice *Tanner v. United states supra 483 US at 128* which is corruption and official misconduct pattern with intentional and willful to defraud and cause the plaintiff several injuries and death which is serious federal criminal offense that is chargeable and punishable by law
*That the defendant agent action is under new discovery pursuant to Rule 26(a)(1) disclosure to be address by the district court for new trial under 59(b) as matter of law.*

As result of defendant agents racial discrimination and harassment, Death threaten and several attempt murder under intentional torture which has created the plaintiff fear and shock, anxiety and

depression and mood disorder that cause him pain and mental suffering and mental illness which has resulted him hospitalized in different mental healthcare center with on going psychiatric doctors treatment that impaired the plaintiff to file his complaint under new discovery within reasonable time of one year under the status of limitation which has been interrupted by the defendant agents that cause the plaintiff mental illness that resulted the plaintiff incapable to comply within this  time period to file his complaint under new discovery as result of mental illness and mental suffering, The law is clear that when a mental impairment has rendered a plaintiff incapable of filing a complaint on time, the Court should consider whether equitable tolling is appropriate. incapable of filing a complaint on time, the Court should consider whether equitable tolling is appropriate, *See Brown v. Parkchester,287 F.3d at 60-61;Stella v Potter, 297 Fed. Appx. 43,46 (2d Cir 2008)* The question of whether a person is sufficiently mentally impaired to justify a tolling of limitation period is, in  the Scond Circuit, "highly case specific." *Boos v. Runyon, 201F.3d 118, 120 (2ⁿᵈ Cir. 2001) see also, Canales, 936 F.2d at 759('* if the claimant proves that she was incapacited for any length of time to file a complaint within a certainty time which has to be consider in this proceedings for final of judgment as matter of law.

IV.

### *Obstruct of Justice Claim*

  The plaintiff brought this alleged violations before the court and jury review as result of defendant agents action under intentionally and maliciously intrusion into the plaintiff invasion of privacy under conspiracy to defraud and to obstruct of justice pursuant to 18 U.S.C § 1501 and due administrative of justice section 1503, including the following *sections* 1505, 1509, 1510 and 1512 of 18 U.S.C of Chapter 73 violations, *United States v I. Lewis Libby (2005)* there under existing underlying verdict, which has constituted to elements

unlawful engaged in criminal misconduct pattern under attempt murder and mail fraud section 18 U.S.C § 1341 and wire fraud section 1343 under fraudulent act and scheme as facts *)." Schmuck v. United States, 489 U.S. 705, 721 n. 10 (1989); United States v Skilling ,554 F.3d, 529, 534, 5th Cir 2009)*including accessing plaintiff unauthorized protected computer with created malicious malware software to obtain information from plaintiff private and business expectation, by hacking his e-mail, password, remote and control his computer with malicious malware software or device section 1029(a)(2) *United States v Charles 2014) in* everywhere in the country since 2015 to 2016 with ongoing unbreakable events and tolls with special pass code to obtain the plaintiff business financial information and reasonable value expectation under conspiracy to defraud *Fasulo v. United States 272 U.S . 620, 629, (1926) United States v Bae, 250 F.3d 774 (D.C Cir 2001)* which is violation of CFAA law under computer fraud and abuse pursuant to *18 U.S.C § 1030*) which has impaired his computer system and cause damages to plaintiff computer and his companies pursuant to *18 U.SC § 1030(g) U.S v. Middleton 231 F.3d 1207 (9th Cir. 2000).*with the purpose there to influence. Impedes, obstruct of justice and due administrative of justice not to proceed eastern district court action under newly discovery disclosure evidence under Rule 26(a)(1) with reasonable diligence which was not discovered in time to move for a new trail under Rule 59(b) during the first law suit claim.

As of the element intentional conspired with third party under conspiracy to execute their omission including U.S postal mail service workers to performed the following unlawful substantial acts:

(1)   - By having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and - (2) use of the mail for the purpose of executing, or attempting to execute fraud, scheme (or specified fraudulent acts).

3) - by intercepting plaintiff mails and telephone calls so that no information will get to any authority for criminal investigation or prosecution charges as result of the element wrong doing" and crime commission of act under conspiracy in order to obstruct of justice "*Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347 U.S. 1, 8 (1954). (*United States v. Daryll Warner 13 Cr 402 (WFK)* ("The elements of the offense of mail fraud under § 1341 are *(1) a scheme to defraud, and (2) the mailing of a letter interference , etc., for the purpose of executing the scheme."); Laura A. Eilers & Harvey B. Silikovitz, Mail and Wire Fraud, 31 Am. Crim. L. Rev. 703, 704 (1994)* (cases cited) including elements wiretapped the plaintiff private and business telephone to be listing his private and business conversation, by intercepting and interrupting  the plaintiff business and financial expectation and business contract for fraudulent intent and impeachment that cause the plaintiff physical injuries and financial injuries and foreseeable damages *Jack v. State 394 NE 2d 166 – 1976* which is wiretapping federal offenses.

4) That element intentionally and deliberately corruptly, influence, obstruct or impedes or endeavor to influence or impedes of due administrative of justice under section 1503 which is violations thereof (1) *Judicial proceedings which is pending (2) the defendant agents knew of the pending existing underlying verdict proceedings (3) that the defendant agents intends obstruct those proceedings are acting under conspiracy to defraud law functions and See United States v. Mullins 22 F.3d 1365, 1370 (6th Cir 1994) ( United States v Ruggiero, 934, F.2d, 440 445, 2d Cir 1991) also see  United States v I. Lewis Libby (2005*)

The defendant agents action under conspiracy there to obtain the plaintiff private and business reasonable value expectation for exploitation and for their benefit which is fraudulent intents and fraud there under trespass *and intentional interference into the plaintiff business affairs to fraud his business and financial expectation which is violation of CFAA under computer fraud and abuse EF Culture Travel BV v. Explorica Inc, 274 F. 3d 577 (1st Cir. 2001.which is interruption and tortious interference for their economic advantage as result of the elements violated plaintiff invasion of privacy under intentional intrusion through* accessing the plaintiff unauthorized computer to obtain information under conspiracy for fraudulent intent *Fasulo v. United States 272 U.S. 620, 629 (1926)* that cause damages to plaintiff and his business *U.S v. Middleton 231 F.3d 1207 (9th Cir. 2000).*

Under the same circumstance and cause of action the elements unlawful and maliciously engaged therein death threaten to harm the plaintiff in order to cover there wrong doing as result of their criminal commission of act under conspiracy and crime commission of attempt murder under intimidation which has constituted to newly discovery under *26(a)(1)disclosure under of the Federal Rules of Civil Procedures   United States v Snell 627 F 2d 186 187 (9th Cir 1990) pursuant to 18 U.S.C § § 1111and 1113, as result of the element acting under color of law section 242 and to commit "hate crime" under section 249 United States v. Samuel Mullet 2013)* in order to prevent district court of New York existing underlying verdict proceeding for legal due process as result of elements intentional interference into the plaintiff legal civil rights under conspiracy pursuant to *18 U.S.C § 1985(1)(2)(3) which is official misconduct and defraud* with subjective purpose to deprive the plaintiff of his substantial legal civil rights and due process under newly Discovery Rule 26(a)(1) as result of defendant agents misconduct  pattern or

practice in "intrinsic or extrinsic" under Rule *60(b)(1)(2)(3)* to process district court action for new trail Rule 59(b) for final of judgment for the plaintiff relief as matter of law and defendant agents action which is federal serious offenses there to impedes obstruct of justice and due administrative of justice and to delay "statute of limitation" to run out not to proceed court action under newly discovery which is fraud that if two or more persons conspire to commit an offense against or defraud of the United States, and one or more of them do any act to effect the object of the conspiracy, all the parties are liable for the cause of action which is punishable or fine by law.

The Spanish detective officer is the aider and abetting the crime commission that he is instigating other officers therein corruptly endeavors to influence, intimidate or humiliate or impedes or oppress any witness or officer in any court of the United States to obstruct of justice under retaliation and vindictiveness of the officers, whom they was demoted, discharge of duty, arrested and released by the authority as the cause of action under this distinct offenses which has constituted to elements, Spanish Latinos and Africans – Americans officers acting under jointly successive tortfeasors to torture the plaintiff and  punish the innocent plaintiff which is federal criminal offense to engage in such misconduct of retaliation as result of the element sexual misconduct pattern of rape offense to plaintiff wife there under jointly sexual commission with numerous individual officers under omission as result of color of law section 242 *United States v Price* and hatred section 249 under conspiracy to commit "hate crime" and substantial overt act section 371 *United States v Frankie Maybee 2011)* ref: to *Mathew Sheppard law and James Byrd Jr hate Crime Prevention act 2009* the element objective to obstruct of justice not to proceed any district court action against them or sue the City of New York for their damages cause to the plaintiff, his family and business  which is defraud under federal general conspiracy statute under section 18

U.S.C § 371 which prohibit two distinct type of conspiracies, first is any conspiracy to commit and offense against the United States

Second is any conspiracy to defraud the United states or any agency thereof see *United States v. Levinson 405 F.2d 971, 977 (6th Cir (1968)* which is unconstitutional and violation of court legal due process under this distinct offense that is prohibited as matter of law.

Under the same cause of action the elements intentionally seized plaintiff all his life valuable documents, properties, and evidentiary documents under break and entry into the plaintiff closet at his bedroom including those once inside his Van without consent with the element subjective motives not to have any proof of evidence before the court or witness during court finding as matter of law.

That defendant agents action is suppression of witness or evidence through invasion of privacy as result of the elements wrong doing which is violation of constitutional civil rights and substantial legal civil rights there to obstruct of justice which is abuse of legal due process and *Parkard v. Central Maine power Co 477 A 2d 264 (1984)(Hewes v. Wolf (1985). (Tula Radiogy Associs v. Hickman 683 P. 2d 537 (Okla APP. 1984) Restatement(second)torts section 682 (1978)* of which such objective offenses is punishable by law or fine as result of element knowingly and willfully subject to the substantial act to violate federal statute which is federal serious offense to impedes of obstruct of justice as matter of law. that the element are acting under conspiracy which must be sufficiently charged, and cannot be aided by averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy.

That defendant and his agents knew that there is ongoing existing underlying verdict to be address by the district court for finding and question the law for final of judgment and for relief of plaintiff and they intentional engaged in lawful attempt murder to kill the

plaintiff there under conspiracy to defraud law functions under negligence.

The obstruct of justice and the due administration of justice in any court of the United States is corruptly or by threats or force, is indeed made criminal, but such obstruction can only arise when justice is being administered. Unless that fact exists, the statutory offence cannot be committed; and while, with knowledge or notice of that fact, the intent to offend accompanies obstructive action, without such knowledge or notice the evil intent is lacking. It is enough if the thing is done which the statute forbids, provided the situation invokes the protection of the law, and the accused is chargeable with knowledge or notice of the situation; but not otherwise.

In *United States* v. *Keen,* it was ruled by Mr. Justice Story and Judge Davis, that it was no defense to indictment for forcibly obstructing of justice or due administrative of justice or to prevent district court proceeding under existing underlying verdict.

Under this circumstance if two or more persons conspire to commit an offense against or defraud the United States, and one or more of them do any act to effect the object of the conspiracy, all the parties are liable for the offenses committed, The confederacy to commit the offense is the gist of the criminality under this section, although to complete some act to effect the object of the conspiracy is needed. *United States* v. *Hirsch,* 100 U.S. 33. And in *United States* v. *Britton,* 108 U.S. 199, it was held, in an indictment for conspiracy.

These principles include the fact of recklessness of reprehensive motives that regardless of its statutory setting, every conspiracy has at least two elements: (1) an agreement (2) between two or more persons. Members of conspiracy are also liable for the foreseeable crimes of their fellows committed in furtherance of the common plot.

A conspiracy is sufficiently described as a combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose, or some purpose not itself criminal or unlawful, by criminal or unlawful means, and the rule is accepted, as laid down by Chief Justice Shaw in *Commonwealth* v. *Hunt,* 4 Met. 111, that when the criminality of conspiracy consists in an unlawful agreement of two or more persons to compass or promote some criminal or illegal purpose, that purpose must be fully and clearly stated in the indictment; while if the criminality of the offense consists in the agreement to accomplish a purpose not in itself criminal or unlawful, by criminal or unlawful means, the means must be set out.

This indictment commitment by the defendant agents under hatred and color of law is conviction for conspiracy, corruptly and official misconduct pattern there to impedes obstruction of justice which is unconstitutional and unlawful substantial act there with intentional violation of plaintiff substantial legal rights pursuant to *42 U.S.C §1985(1)(2)(3)* under interference with conspiracy there to obstruct due legal process therein existing underlying verdict under newly discovering for the  district court of New York for new trial for final of judgment which was enter and ordered of judgment from first sue without jury, finding or question the law or compensatory and the injury or damages remain without further action or address by the district court or appellate court as matter of law.

By threats and force to obstruct the due administration of justice in the Circuit Court of the United States for the District Court of New York , therewith combination of minds for the unlawful purpose and the overt act in effectuation of that purpose must appear charged in the indictment because the federal law has been violated under this circumstance.

Since 2013 to 2015 defendant agents from the police department (NYPD) Spanish Latinos and African – American officers acting as

jointly Successive tortfeasors to commit federal offenses in separate cause of action under this criminal indictment including the Spanish Latino detective officer as their leader who is aider and abettor *People v Beeman* (1984)there with four others Latinos officers as accomplice and accessing the material facts *People v Cooper (1998)* to obstruct of justice there for vindictiveness and retaliation of officers that has been discharged of duty contrary to their crime commission see e,g *United States v. Acuna-Cuadros, 385 F.3d 875 (5th Cir. 2004)* - Retaliation (for knowingly to harms or threatens to harm another by an unlawful act in retaliation for or on account of the services of another) Causing harm does not mean force will be used or that a substantial risk force will be used in committing the offense.

Under this circumstance these officers who are demoted, discharged of duty, arrested and releases are liable for cause of action including their co-conspirators and perpetrators who are acting under joint and severally liability in this concert action *Ramsay v. Camrac, Inc 96 Conn. App. 190. 899. A.2d 727, 734,(2006)*

As of the officer Raymond who was the designed Actor and original tortfeasors contrary to this indictment under omission while Officer Ernestine is one of the participant to the crime commission instead of the actor while the Spanish detective officers is the aider and abetting who is facilitating, encouraging and promoting the crime commission under conspiracy and furtherance action which has constituted to unbreakable events and equitable tolling there under substantial overt act since 2013 and 2015 to obstruct of justice and due administrative of justice and they fail to prevent crime commission rather they engaged and subjected to unlawful and malicious act themselves there under negligence and reckless action to commit substantial crime.

*V.*

*Summary of Judgment*

*PROCEDURAL HISTORY*

## *Intentional Racial discrimination claim*

The plaintiff pro se litigant, is respectfully brought this civil action against City New York invoked on *42 U.S.C § 1983,* as result of his agents from police department (NYPD) *Unknown Named Agents as Officer Raymond is the state actor and original tortfeasor while Officer Ernestine as one of the* participant contrary to elements crime commission of acts as of a Spanish detective officer as the aider and abetting the crime material facts there with his accomplice with other Latino officers who are unlawful and international engaged in racial discrimination and harassment under deprivation of plaintiff constitutional civil rights, his liberty, freedom, enjoyment of life, immunity and privilege to operate his four companies and work to make money for his living in United States as result of his race, color of law and national of origin which has constituted to element violation of equal protection of law and due process of clauses under fourteenth Amendment.

*The defendant agents* intentional and willfully deprived the plaintiff thereof his constitutional civil rights under color of law, pursuant to *42 U.S.C § 242* as result of hatred under section 249 that elements unlawfully and maliciously engaged in alleged racial discrimination and harassment *context* as the subject matter in this civil action proceedings which has constituted to consequential unbreakable events under conspiracy and retaliation *United states and Vulcan Society v. City of New York,* 2014) *Ms Green v Merrill Lynch 2014* that resulted elements intentionally deprived plaintiff of his civil rights to operated his four companies business activities incorporated in State of New York and other states under racial discriminatory

harassment and including deprived plaintiff of his civil rights to hire white female workers  in his company which is violation of civil rights *EEOC v  S &Z Tool Co, Inc, No 1: 03CV2023 (N.D. Ohio Aug 16, 2006)* under interference into the company employment contract and policy because of sex and race as result of the defendant agents unlawful engaged therein hostile environmental sexual harassment to the company's white female employees under color of law that drove the company employees and customers that resulted the plaintiff companies unable to operate and run his companies business effectively which has cause the company financial injuries and foreseeable damages, under the same circumstance elements intentionally restricted the plaintiff all his financial resource and barred him to work like normal people to earn money for his living and care for his family and daily expenses or to conduct his business activities and create new jobs that cause the company business tort *Garret v Taylor, 79 Eng. Rep 485 (K.B 1620 See similar case Tarteton v. McGawley 170 Eng Rep 153 (K.B1793.*

That since 2002 to 2015 the plaintiff has been barred to conduct his business operation in City of New York that he invested $1. 5 million dollars in 2002 as the company early start-up capital there under racial discrimination and harassment from defendant agents as result of color of law, race and nationality which is unconstitutional and illegal substantial act that violation of equal protection of law *McLaurin v. Oklahoma State Regents*, In *McLaurin*, where University of Oklahoma had admitted McLaurin, an African-American, but had restricted his activities there: he had to sit apart from the rest of the students in the classrooms and library, and could eat in the cafeteria only therein a designated table. A unanimous Court, through Chief JusticeFred M. Vinson, said that Oklahoma had deprived McLaurin of the equal protection of the laws as of the defendant agents deprive the plaintiff of his civil rights and restricted all his activities and to operate his companies in New York City and work to make living and be treating him different from other people including restriction

him all his financial resources under racial discrimination and harassment as result of color of law that is prohibited under fourteenth amendment.

79. Thereinafter element deprive plaintiff of his business activities they continue their furtherance action under the same cause of action thereof racial discrimination and harassment which is prohibited under law enforcement provision pursuant to section 14141 by deprived plaintiff of his employment to secure a job or to operate his companies to make money for his living since 2002 to 2015 as lawful resident alien living under the state jurisdiction while permitting others to work or do so for make living *Takahashi v. Fish & Game Comm'n, supra, which is violation of equal protection of clause under fourteenth amendment* and EEO Title VII of civil rights of 1964, *EEOC v Shanska USA Building Inc, No. 2:cv-02717 (W.D Tenn.jan 29, 2015)* as result of these officers intentional target the plaintiff in their account to cause him foreseeable harm and financial injuries under racial discrimination and retaliation against the plaintiff under harassment as the facts *EECO v. Prestige Transp. Service LL.C., No. 1:13-cv-20684(JEM)(S.D. Fla. Consent decree filed sept.26 2014) EEOC v. McCormick & Schmick's seafood Restaurant , Inc 2014)* as result of the defendant agents instigating business owners, his employers, their managers and co-workers to fired the plaintiff from his workplace environment that the plaintiff is smelling and too old which is assault and racial comment violation of ADEA Age discrimination and harassment which prohibit by ADEA discrimination, because of age, *29 U.S.C §623(a)(1)*though the prohibition is limited to individual who are at least 40 years of age *§ 631(a) O'Connor v. Consolidate coin Caterers Corp (1996)* under this circumstance plaintiff continue to discharge of his employment

As result of this comment and his age harassment that the plaintiff would have been retained as employee in his workplace resulting for firing the plaintiff and replace him with younger once where protected class of 40s is been protected *McDonnell Douglas Corp v.*

*Green 1973) Hogelthrorn v Kennecott Corp 1983) EEOC v. M. Slavin & Son Ltd. No. 09-5330 (E.D.N.Y. filed consent decree 12/15/11).*
*(EEOC v Abercrombie & Fitch Store, Inc. No. CV -04-4731(N.D Cal Nov 10, 2004.)* as result of race , color of law and national of origin which has constituted to the element conspiracy under omission for instigating plaintiff employers for firing him in his workplace under hostile work environmental harassment and racial discrimination *EECO v. Scully Distribution Servs. Inc., No. 11-cv-08090(C.D. Cal proposed consent decree file Sep 25. 2012) (EEOC v. WRS Infrastructure and Ev't Inc. d/b/a WRS Compass, No.1:09-cv-4272(N.D. III. consent decree filed Aug. 23. 2012).*

That elements are acting under retaliation of the officers wrong doing to punish the plaintiff that cause him financial hardship and be homeless and unable to take of himself and pay for his child support and cause him physical injuries and financial injuries and foreseeable harm 29 C.FR *§ 1604.11 Harris v. forklift system Inc 1993)( See Meritor Saving Bank v Vinson 1986*

*That the defendant agents action is under racial discrimination and retaliation EEOC v. Area Erectors, Inc. No. 1:07-cv-02339(N.D III. May 29. 2009) EEOC v McIntyre Group Ltd., No. 07 c 5458(N.D. III. 2008)*as of the elements instigating his employers to fire the plaintiff and throw him out from their business premises under interference into plaintiff employment contract which has constituted to employment discrimination and hostile work environmental harassment *EEOC v. Woodward Governor company, No 06-cv-50178 (N.D III. Feb. 2007)*

Under the same cause of action under racial discrimination and retaliation the element conspired therewith plaintiff landlords by instigating and encouraging them to terminate their contract and agreement and throw him out of their residential apartment where plaintiff rented a room from his landlord also therein both private and public accommodation without due process of rights that

resulted plaintiff homeless and be living in peonage life condition which has constituted to his mental suffering and pain under intentional tortured pursuant to section 2340.

Furthermore, defendant agents was acting under retaliation of officers who was demoted, discharged and arrested and release by the City of New York authority as result of elements who are unlawful and maliciously engaged in sexual misconduct pattern of raped to the plaintiff wife with numerous individual officers under jointly sexual commission of rap in 2010 as result color of law and hatred which is federal sexual offenses pursuant to section 2241 and section 2242 that is unlawful substantial act *United States v. Rosas-Pulido, 526 F.3d 829 (5th Cir. 2008) United States v. Fernandez-Cusco, 447 F.3d 382 (5th Cir. 2006) -A Conviction for sexual misconduct in violation of MINN. STAT. ANN. § 609.344(1)(c) for criminal sexual misconduct, which includes the use of force or coercion to accomplish penetration was found to be a "crime of violence" which is sexual assault and abused United States v Remoi, 404 F.3d 789 (3d Cir. 2005) -United States v. Romero-Hernandez, 505 F.3d 1082 (10th Cir. 2007). That the defendant agents, the African – American police officers and others intentionally engaged in unlawful jointly sexual commission of raped to the plaintiff wife with their subjective motives to cause harm to the plaintiff family and his business under racial discrimination and sexual harassment.*

That the elements intentional engaged in racial discrimination harassment and retaliation misconduct pattern which is racism and violation of EEO Title VII of civil rights Act of 1964, under federal anti discrimination law . [*Passantino v. Johnson & Johnson Consumer Products, Inc.,*(9th Cir., in March 10, 2000.] and ADEA Age discrimination Act of 1967 including Fair housing Act pursuant to Title VIII of civil rights of 1968 under section 3601 -3619 and section 800 and 804 which is violation under United States constitution, and New York state and City human rights law there

under negligence and reckless action *Bogle v. MeClure 332, F 3d 1347 11th cir. (2003) Jabari Jumaane v. City of Los Angeles* which is violation of human civil rights there under racial discrimination and harassment as matter of law that resulted of elements intentionally violated their legal duty as knowledgeable law enforcement agents there to enforce the state and federal constitutional civil rights laws under equal protection of law and due process of clause under fourteenth amendment as matter of law.

As of the defendant the principle authority power to his agents under his legal responsibility to take appropriate precaution to prevent and correct or supervise his agents furtherance action and unbreakable events because he is acknowledged of his agents racial discrimination harassment and retaliation that violated federal constitutional civil rights under equal protection of law and due process of clause which has constituted to elements consequential unbreakable events and equitable tolling as result of the element racial discrimination and harassment which is unconstitutional misconduct pattern as of the plaintiff several complaints report filed to defendant and his subordinate government since 2010 to 2015 their to the District Attorney and New York police internal Affairs bureau under the following case numbers #

1. 2010 = case # 6019
2. 2011= case # 60035
3. 2012= case # 28550
4. 2012= case # 57901
5. 2013= case # 27576
6. 2013= case # 27573
7. 2013 = case# 27312
8. 2015 = case #25817

seeking remedial action which was not achieved from the City of New York authority who are responsible for such disciplinary action and to stop his agents racial discrimination and harassment which has constituted elements for violation of plaintiff constitutional civil

rights under equal protection of law and due process of clause which is negligence and breach of duty care *Escola v. Coca cola Bottling Co of Fresno-150- P 2d 436 (Cal 1994).(Johnson v State of Nebraska (2005)(2006).*

That elements assailants harassers there under this verdict and crime commission of act are African - American and Spanish Latino police officers as jointly successive tortfeasors, who are unlawfully and willfully engaged in racial discrimination and harassment and intentionally target the plaintiff, his family and business into their account to cause him physical injuries, foreseeable damages and serious financial injuries which is prohibited under federal statute.

That the element action and objective in reprehensible motives with moral culpable to cause plaintiff several injuries contrary to their crime commission of venture under omission and agreement which is the element violated of their legal duty as of the defendant breach of duty to supervise his agents action *Johnson v. State of Nebraska (2005)(2006)* because he acknowledged the facts and foreseen cause of action that cause the plaintiff and his companies foreseeable damages, financial injuries, physical injuries, emotional injuries and financial hardship and he is not ignorance to his agents negligence action for prolongation of years without remedial action there under racial discrimination and harassment and retaliation as the material facts in this case which has cause the plaintiff mental suffering and pain, mental illness, anxiety and depression and psychiatrist as result of the agents violated the plaintiff constitutional civil rights to operate his four companies and work and have a family in United states as matter of law and United States constitutional laws which has constituted to plaintiff suffering of *intentional tort, negligence tort, strict liability and false light tort. Rush v. City of Maple Heights 22 III. 167 Ohio st 221. 147 N.E 2nd 599(1958)*and the defendant act insufficiently and ignored the facts to take the appropriate legal

responsibility to enforce the law and correct his agents action under negligence as matter of law modified under this circumstance.

That element unlawfully and maliciously deprived plaintiff of his liberty, freedom of life, enjoyment of life, immunity and privilege to operate his four companies and work to earn money for living in United States as an investor and lawful alien resident under the City of New York jurisdiction and his agents racial discrimination and harassment which is unconstitutional against aliens, that is Impermissible infringement upon their constitutional rights to work and operate their business as matter of law which is violations thereof equal protection of law and due process clause under fourteenth amendment paragraph section (1) which state,

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens or lawful aliens which makes no different thereof the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction and equal protection of laws that defendant agents action from (NYPD) is unconstitutional and violation of equal protection of law and due process under fourteenth amendment.

The Court properly acknowledges that a decisions regarding state discrimination against permanent resident aliens have formed a pattern. *Ante* , at 436. Since *Yick Wo v. Hopkins* ,*118 U.S. 356*, *6 S.Ct. 1064*, *30 L.Ed. 220* (1886), this Court has recognized and honored the right of a lawfully admitted permanent resident alien to work for a living in the common occupations of the community. In *Truax v. Raich*,*239 U.S. 33*, 41, *36 S.Ct. 7*, 10, *60 L.Ed. 131* (1915), the Court declared that right to be "the very essence of the personal freedom and opportunity that it was the purpose of Fourteenth Amendment" to secure. That defendant agents racial discrimination harassment which has violated the plaintiff constitutional civil rights and equal

protection of law *Tennessee v. Garner 471. US . 1985)( Graham v. Connor 490 U.S 386 1989)*

The Due Process Clause which prohibits state and local government officials from depriving persons of life, liberty, or property without legislative authorization. This clause has also been used by the federal judiciary to make most of the *Bill of Rights applicable to the states*, and  Equal Protection Clause which requires each state to provide equal protection under the law to all people within its *jurisdiction*. This clause was basis for *Brown v. Board of Education* (1954) which has been violated by the City of New York law enforcement  agents  there  under  negligence  and  intentional disregards  federal constitutional civil rights and unlawful engaged intentional inracial discrimination and harassment and hostile environmental sexual harassment to plaintiff and his white female workers and his wife under unwelcome sexual advance, unwanted touching, severity of the conduct that terminate the company workers employment contract under tortious interference and drove the plaintiff workers *Henson v. City of Dundee 1982) Lipset v. University of Puerto Rico (1988)as result of sexual harassment* to plaintiff, his workers and his wife under color of law and sex discrimination and race context as the defendant agents who are liable for the sexual harassment as it establish in this case *Spencer v. General Electric Co (1990)*

 As of the plaintiff company employees who quit the company as result of the defendant agents, the African – Americans officers the sexual harassers assailants  there under unreasonably interference with  the  plaintiff's family, work environment and his business affairs and employment policy and work performance that resulted breach of employment contractual relationships as result of defendant agents inconsistence action that drove  plaintiff customers and his workers from his business premises, which  is gross negligence and tort as result of the element sexual harassment at  plaintiff business

work environment that cause the company financial *injuries*, Economic tort as result of the defendant agent infer into breach of contract and unlawful interference into plaintiff business affairs see *Tarleton v McGawley*, 170 Eng. Rep. 153 (K.B. 1793),see: *Ani Chopourian v. hospital* which has constituted to element unlawfully violation of EEO Title VII of civil rights act of 1964 and (ADEA) Age discrimination Act of 1967 *Bobby Nickel v. Staple 2012)* and (FHA) Fair housing Act *Title VIII of civil rights of 1968 under section 3601 – 3619* which is punishable under the penalties for violating section 3631 or 804(c)as result of element intentional instigating plaintiff landlord to throw the him from his living accommodation in both private and public accommodation which is racial segregation that resulted the plaintiff suffered from being of the stigmatized as residents of the community which permit the plaintiff to sue under 810(a)as plaintiff objected under discrimination housing practice as the court held the definition in 810(a) of " person aggrieved as any person who claim to have been injures by discrimination housing practice, show congressional intention to define standing as broadly as is permitted by Article III of the constitution for being a tenant of the apartment complex, have standing to sue under 810(a) as of the plaintiff suffered from embarrassment, harassment, intimidation and humiliation that cause the plaintiff economic damage in social, in his business and professional activities from being excluded from the resident or neighbor and community under hatred *(Hackett v. McGuire Bros Inc 445 F.2d 442 (CA 3.* As result of retaliation of officers discharged of duty as the controversial issue and the facts which has constituted to the element threaten to plaintiff employers, their managers and plaintiff co-workers to fire plaintiff from his workplace that motivated his employers adverse action against him under color of law and national of origin as motivating factor of the employment decision there to fire the plaintiff from the work environment *Vega v. Hempstead union free school District et al 2015* as result of the defendant agents inconsistence and inadequate action against plaintiff under racial profiling and anti discrimination

context there under omission and conspiracy which has constituted to element defamatory harassing campaign and Age discrimination harassment that plaintiff is smelling and is too old which is prohibited under ADEA age discrimination law that resulted racial discrimination therein plaintiff work environment therefore his employers continuing firing him from his different workplace under this cause of action under police conspiracy that cause the plaintiff physical injuries and financial injuries.

That plaintiff employers intentional terminated plaintiff at workplace as the cause of action and retaliation of the officers discharged of duty. That sexually assault and abused the plaintiff wife *United States v. Acuna-Cuadros, 385 F.3d 875 (5th Cir. 2004)*

That the plaintiff is smelling and he is too old which is defamatory false statement in malice and violation of EEOC and ADEA when the plaintiff is protected under age class that is over 40 years of age at workplace that is prohibited under ADEA discrimination because of individual age pursuant to 29 U.S.C.A *§ 623(a)(1)* though the prohibition is limited to individuals who are at least 40 years of age 631(a) *O'Connor v. Consolidated Coin Caterers Corp 1996) the plaintiff was discharged because of his age and defamatory false statement in malice, that the plaintiff would have been retained as an employee in his work environment Tice v. Lampert yards Inc (1985)* which has been the element objective for retaliation to punish the plaintiff as result of the officers discharge of duty as result thereof sexual misconduct pattern which has been under slanderous and rumor everywhere that resulted plaintiff suffering and pain and unable to secure a new jobs nowhere in New York City and remain without no money in his packet to care for himself and his family and be living below poverty level with financial hardship and which has been resulted the plaintiff is living in peonage life condition and homeless pursuant to18 U.S.C *§* 1581 and 1589 for years without jobs  and resident accommodation where to live and organized his

life *see Clyatt v. United state 1905) Carrero v. New York City housing authority(1989)* as result of defendant agents improper misbehavior which is gross misconduct see *Morales v Co-operative de Ahorro y credito yabucoena D.P 1999).*

That defendant agents intentional hostile work environmental and racial discrimination and harassment which is sufficiently severe "or" pervasive to alter condition of employment and create abusive working environment, that the action of the defendant agents is so episodic that is sufficiently continuous and converted to be deem pervasive *Poroline v. Unisys Corp 1989).*

The actor is the cause of action under defamatory false statement in malice that cause plaintiff several injuries and financial injuries. That he is the approximately cause of action and he is liable for the defamatory false statement in malice that became a slanderous and rumor which has been circulated by other officers that spread to the public and his employers for firing him from his different jobs under conspiracy and omission That plaintiff is smelling and he is too old which has been circulated under slanderous and rumor that created public hatred and that dislike comment is under 'hate speech' *Terminello v. Chicago 1949)( Brandenburg v. Ohio 1969) (Virginia v. Black (2003)to* cause foreseeable damages and financial injuries to the plaintiff.

That element are acting under conspiracy as objective motives to violate federal law huge v United States 222 U.S 347. 387 1912) as it states e.g homes j. with Lurton, Hughes 7,Larr JJ(dissenting)( And as whenever two or more have united for the commission of a crime there is a conspiracy, the opening to oppression thus made is very wide indeed.

That the federal prosecution have used and been encourage to use the law available to them. See Harrison v. united States F.2d 259, 263( 2d

*Cir 1925) Conspiracy, that darling with modern prosecution nursery United state v. Rynolds. That conspiracy is consider first degree felony that conspiracy carry penalty and this severe if the underlying offense is not completed or attempt.*

The essence of conspiracy is an agreement of two or more persons as matter of law there to engage in some form of prohibited misconduct. There to commit crime and complete upon agreement, although some statutes require prosecutors to show that at least one of the conspirators has taken some concrete step or committed some overt act in furtherance of the crime or fraud as of the actor who is the original tortfeasor contrary there to his criminality as designated actor subject to their criminal commission of act under substantial overt act 371 to defraud and  as of the Spanish Latino and African – American acting under jointly successive tortfeasors there under omission.

Although Original tortfeasor is liable for both the original and successive injuries of the victim *in (Duran v. General Motors Corp)*

That any additional injuries cause under this circumstance with negligence there from *conspirators and perpetrators are joint, severally or concurrent under omission and conspiracy. As New Mexico Supreme court recognized that a successive tortfeasor is liable only for the Successive or enhance injury.*

 *That court found that 'liability is base only on the enhanced or additional injuries. as the Spanish Latinos police officers did not break the sequence of events that cause enhance injuries by the successive tortfeasor's negligence as matter of law.*

 *Under this circumstance the plaintiff therefore seek punitive damage and Compensatory of $50 million dollars  from the defendant as the principle authority to his agents as result of his agents negligence under racial discrimination and harassment under retaliation as the*

*material facts which base in this claim and indictment that resulted the plaintiff suffering and pain, psychiatric, loss of income from his employers and his companies and loss business and profit and, economic loss, the past and future income loss from his employment since 2002 to 2015.*

**The $50 million dollars for punitive damage and compensatory for the plaintiff future pain and suffering,**

**V.**

A.                          *General Damages liability claims*

The plaintiff sought punitive damages and compensation base on the following injuries and damages claim which is stated below so forth from  defendant as the principal authority power to his agents who is liable for all damages flow directly from his agents cause of action and damages under negligence and recklessness action as result of the elements,  the African – Americans and Spanish Latinos police officers who are acting under color of law, race  and national of origin as result of hatred as jointly successive tortfeasors who are the approximate cause of action and damages there under this indictments as result of the elements intentional violated of their legal duty as knowledgeable law enforcement agents and committed the alleged offenses under negligence. that defendant agents action has cause plaintiff the following damages claims based under federal statutes  claims

(1)   *Racial discrimination*
(2)   *Sexual harassment*
(3)   *Age discrimination under EEOC Title VII and  ADEA*
(4)   *Loss of consortium*
(5)   *Defamation of reputation under slander or libel*
(6)   *Loss of business and profits*

(7)  *False light tort under invasion of privacy*

(8)  *Strict liability under defective products attack that resulted plaintiff pain and Suffering with intentional torture pursuant to section 2340-2340A.*

(9)  *Accessing of unauthorized protected computer for fraud and abuse under (CFAA) violation to obtain information and reasonable value under conspiracy pursuant to 18 U.S.C § **1030 and 18** U.S.C § **1030**(g) and §1030(a)(2)(4) which is impermissible or unauthorized by disclosing the confidential or proprietary information to the third party and to public interest and competitors there under tortious interference, trespass, unjust enrichment, harmful access by computer that cause the plaintiff and his company suffered damages and financial injures including impairment to plaintiff computer system and data, prevent business profit expectation as result of the defendant agents conducts. United States v. Middleton, 231 F.3d 1207(9th Cir 2000)(U.S.v Morris, 928. F. 2d 504(2d Cir 1991)( United States v. Bae, 250 F.3d 774(D.C Cir 2001.*

(10) *Wire fraud section 1341 by intentionally wiretapped the plaintiff private cell phone and his business phone for intercepting and listen his private and business conversation and be preventing all the plaintiff business and financial expectation and transaction for the element exploitation. Jack v. states 394 NE 2d 166 –1979)(United States v. Daryan Warner. 13Cr 584,WFK" which has cause damages to the plaintiff and his companies under interference into plaintiff business affairs under tortious interference that drove the companies customers, workers and business partners which has deprived the plaintiff potential business or other business relationship or contractual relationship or activities under tortious of negligence under interference that cause plaintiff economic loss and mental distress. Garret v Taylor. 79 Eng. Rep. 485 (K.B. 1620.*

(11) *as result of the elements intercepting and interference into plaintiff business affairs and preventing the companies in his business activities and financial expectation.*

*That the plaintiff claims base on the material facts for court and jury finding and question the law as result of plaintiff several injuries sustained from defendant law enforcement agents, who are acting under color of law, race and nationality under negligence that cause the plaintiff pain and suffering Hayes v Albany Ice Cream Co 1997, Sup 167 NYS 801*

In according to the English common law which states *a novice driver to show the same standard of care as a reasonably competent driver Nettleship v. Weston(1971) 3 All ER 58,*
*See: Johnson v. state of Nebraska (2005)(2006) Annette Ritzman v. Miller oil company 2003 as the elements action which is willfully threaten his employer rules Giles v. District of Columbia Dept of empl. Servs 758 A2d 522, 525 (DC 2000) there under negligence.*

*Therefore the element* intentionally and deliberately violated their *legal duty* which is gross negligence and *gross misconduct pursuant to 14141., under racial discrimination harassment, Carey v Musladin, 549, U.S 70. 127. S. Ct 646(2006)  (Rylans v Flecher L 1 ex. 265 (1888)* which has in imposes various liability on the City of New York for the acts of its officers.

That defendant agents action is unconstitutional misconduct pattern or practices there with this factual theory as matter of law and jurisdiction context which modified this verdict within the *Crime Commission of venture* under constitutional civil rights violations as result of racial discrimination and harassment under color of law that makes it unlawful for any governmental authority, or his agents thereof, or any person acting on behalf of a governmental authority,

to engage in a pattern or practice of conduct by law enforcement officers or by officials employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States that the defendant agents, the *African-Americans and Spanish Latinos police officers acting* as jointly successive tortfeasors has violated this law under equal protection of law and due process as result of the elements negligence and reckless action.

*See* in *Yick Wo v. Hopkins, supra* , the Court held both that resident aliens fall within the protection of the Equal Protection Clause of the Fourteenth Amendment and that the state could not deny to aliens the right to carry on a "harmless and useful occupation" available to citizens.

Returning to *Yick Wo*'s holding that lawfully present aliens fall within protection of the Equal Protection Clause the defendant agent willfully denied the plaintiff his civil right to operate his business and work in United States under equal protection of rights.

This public/private distinction, "special public interest" doctrine, see *Graham v. Richardson, supra* , 403 U.S., at 372, 374, 91 S.Ct., at 1852, 1853; *Sugarman v. Dougall, supra* , 413 U.S., at 643, 644, 93 S.Ct., at 2848, was challenged in *Takahashi v. Fish & Game Comm'n, supra* , which held that California could not bar lawfully resident aliens from obtaining commercial fishing licenses:
"To whatever extent the fish in the three-mile belt off California may be 'capable of ownership' by California, as the court think that 'ownership' is inadequate to justify California in excluding

any or all aliens who are lawful residents *438 438 of the State from making a living by fishing in the ocean off its shores while permitting all others to do so." *Id. , at 421, 68 S.Ct., at 1143.* In reference to this case justified under constitutional civil rights and equal protection of clause modified. That defendant agents in deprived the plaintiff of constitutional civil rights and violated equal protection of law and due process of clause.

V.
  B.                       *Personal injuries claims*

*(1)*    That defendant agents from *police department (NYPD)* has cause plaintiff following personal injuries under negligence that resulted his pain and mental suffering as of the elements intentional tortured the plaintiff as result of color of law ,race and national of origin there under negligence that cause the plaintiff several injuries. That the plaintiff suffered the following injuries from defendant agents cause of action under racial discrimination and harassment, hostile environmental sexual harassment and defamatory harassing campaign as result of deprivation of civil rights under equal protection of law and due process under fourteenth amendment.

*(2)*    (1) *Psychiatric, (2) Physiological impact, (3) Anguish mental pain, (4) Stroke that resulted moment disorder of right leg, (5) Eye vision, (6) Skin problem, (7) Mood disorder, (8) Clinical state of anxiety and depression (9) Frequent vomiting, (10) heart pain ( 11) high blood pressure(12) Breathing problem(13) Created* fears and shock, (14) brain weaken from control substance hallucinogen that injecting and dispensary from the defendant agents under attack that break down the plaintiff immune system and impaired his brain weaken not properly function as result of over dose of control substance

hallucinogen injecting into the plaintiff body and his organs malfunctions which has constituted to plaintiff physically disable and his unable work and walk under his disability that resulted the plaintiff attending his psychiatric doctors and primary medical doctors in Bellevue hospital center, Elmhurst hospital and Queens hospital Center for treatment. *Poole v. Consolidate Rail Corp. 1991)4th Dept)178 AD2d 941, 579 NYS2d 772, revd 80 NY2d 184, 590 NYS2d, cert den (US) 126 L Ed 2d 37, 114 S Ct 68.*

(3)   *That Cause the plaintiff Economic Loss, loss of salary or wages earning, from his business and private employers, loss of his business and profit, see section 29:14 Ehrgott v. New York 1884) and cause the plaintiff suffering of financial hardship* as result of the defendant agents restricted the plaintiff all his financial resources and deprived him to work and make money for his living like normal people, threaten his employers to fire him from his workplace by using police power, deception and lies *and manipulation Eichler v . New York 1993, 2d Dept) 196 AD2d 524, 601 NYS2d 318.* that cause the plaintiff *mental anguish, mental stress, anxiety and depression, worries, heart pain, psychological impact, psychiatrist and mood disorder and stroke that elements action is intentional provocative misconduct pattern or practice there with these distinct offenses under racial discrimination and harassment which is intentional and willful embarrassment, humiliation, provocation and passion that cause plaintiff permanent health injuries and physical injuries condition including mental illness which is "abusive and passive" Barone v. Forgette 1955) (Nowlin v. City of New York (1992) 1stDept) 182 AD2d 376, 582, 669, (Norlin v. City of New York, Supra) (Terilliger v State ( 1982) 3nd Dept, 96, AD2d 688, 466, NYS 2d. 792.( Ashbly v. White 92, -ER, 126- Volume-92 verdict reverse. Ames v. City of New York (1991) 2d dept 177 AD2d 528 575 NYS2d 917. Jones v State (1993) 1stDept 198 AD2d 152,603 NYS2d 484,app den 82 NY2d 926, 610 NYS2d 178,*

The plaintiff is seeking for the past and future pain and suffering relief for punitive damages and compensatory that will fairly compensated for his injuries he has sustained for his pain and suffering he has endured and for the physical incapacity that has resulted from the physical injuries. *Hayes v. Albany Ice Cream Co (1917) including his expenses, hospital bill he incurred, (Mark v Thompson(1937)City Ct) 1 NYS2d 215, performance of the injuries Borone v Forgette 1955) 286 AD 588 146 NYS 2d 63, reh and app den 1AD 2d 792 149 NYS2d 235.*

*As* resulted the plaintiff mental suffering that may be considered in assessment of this damages sustained from the defendant agents by reason thereof personal injuries which also damaged plaintiff professional carrier and educational interruption or curtailed by reason of this injuries that deprived him to take his New York State bar examination or other law professional programs and test which he has been preparing since 2004 for his law professional carrier which has been interrupted by the defendant agents under racial discrimination and harassment as result of the defendant agents inconsistence action that deprived the plaintiff his bar examination to practice law in New York City under this condition that resulted his mental suffering, mental anguish, worry, embarrassment, mental stress, anxiety and depression that resulted his lack of concentration to proceed his law professional carrier and bar examination as result of medication cause by defendant agents since 2002 to 2015 under racial harassment that barred and deprived the plaintiff to take his bar examination for practicing his law professional carrier as result of the elements misconduct pattern or practice under color of law, race and nationality which is racism, and racial harassment Ref: *In re Griffiths ,413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), the California Supreme Court had held that lawfully resident aliens may not be barred therein constitutionally from the practice of law. Raffaelli v. Committee of Bar Examiners ,7 Cal.3d 288, 101 Cal.Rptr. 896, 496 P.2d 1264* (1972). Nor are resident aliens barred from

becoming California Superior Court judges or Supreme Court justices.

Under this circumstance and misconduct of defendant agents which has constituted to plaintiff was unable to concentrate  to take  his bar examination as years past by which is painful and set back on the plaintiff law field carrier as of the defendant agent cause of action that cause  plaintiff bodily mutilation and scarring and fears under death threaten because he is alien.

In fact, this is separate item of damage *Grayson v. Irvmar Realty Co 1995)1st Dept)7 AD 2d 436, 184 NYS 2d 33 which will be consider that nature of injury alone without proof of loss.*

Therefore the plaintiff is entitled for relief and to recover from his suffering and pain, mental anguish precipitated under *negligent act regardless of the absence of any actual physical threat against him, his family and business (Battalla v State of New York, 10 NY2d 237; Torres v State of New York, 34 Misc 2d 488)(Lott v State of New York, 32 Misc 2d 296)(*379 Weingast v.  State of New York, 44 Misc 2d 824.)*

As result of the defendant conduct, the City of New York has breach of duty to take legal responsibility to correct and supervise his agents misconduct pattern or practice as matter of law *(Home Office v Dorset Yacht [1970] HL* under English law as it define in this verdict and conduct which has resulted reasonably foreseeable consequence as result of the defendant breach of duty.

*V.*

C.                                 *Cause of action*

The element cause of action under these distinct offenses that constituted to racial discrimination and harassment is as result of color of law, race and national of origin which has constituted to

hatred among Africa – American and Spanish Latinos police officers from (NYPD) as jointly successive tortfeasors who are acting under color of law with their claim and reasons that the plaintiff was born and raised in white family as adopted child from a white community and he has a good educational background and good business potential and prospective and he married to white woman as cause of action which has resulted element hatred and aggravate and aggressor to cause the plaintiff harm, to his family and business under conspiracy and omission that constituted to elements unlawful and maliciously engaged in racial discrimination and harassment to plaintiff, hostile environmental sexual harassment to the plaintiff company white female workers that resulted the white female workers quit the company under sexual harassment which has constituted to the African – American police officers and others as of the element designated actor to kidnapped the plaintiff wife at midnight and abducted her under omission for sexual assault and abuse under deception and lies there with individual African – American police officers and others under jointly sexual commission of rap which is federal sexual offense and sexual misconduct under section 2241and section 2242.

Since 2002 to 2015 the element target the plaintiff, his family and business in their account and ruined the plaintiff, his family, his multimillion dollars business there under racial discrimination and harassment, hostile environment sexual harassment, defamatory harassing campaign with false statement in malice and allegation that plaintiff is smelling and his companies are conducting fraud and scheme that the whole company has filed bankruptcy from US bankruptcy court which is absolutely untrue and false statement in malice that damage plaintiff reputation and his company including the plaintiff professional carrier.

Under this circumstance the false statement in malice has deprived the companies customers, business partners and his European

banks investors which has cause the company foreseeable damages, financial injuries that place the company in business tort since 2002 to 2015 under this cause of action in concert from the African – Americans and Spanish Latinos police officers who are acting under the same omission and objective motives as jointly successive tortfeasors which makes no different that are acting in separate cause of action under one omission and concert to produce single indivisible injury that liable *for jointly and severally Ramsay v. Camrac, Inc, 96 Conn. App. 190 899 A.2d 727,734 2006)definition of joint and several tortfeasors); Walt Disney world Co. v. Wood, 489 So 2d 61 (Fla. App. 1986) Hyde v. Fulton County Hosp. Auth. 215 Ga App. 732, 452 S.E.2d 517(1994)Single award of damages in a joint and several tortfeasors award, sets the maximum amount of the damages); Marek Stepkowski, 241 Ill. App.3d 862, 608 N.E. 2d 285, 181, III.Dece.212 (1992) Oakes v. General Motors Corp. 628 N.E.2d 341 (Ill. App. 1993)plaintiff;s injury as quadriplegia cannot be divided); Fulz v. Peart, 144 III. App. 3d 364, 494 N.E. 2d 212 98 III Dec. 285 (1986) The instruction articulated the rule of the common law. it recognizes that when two or more tortfeasors joint together to cause a single injury, they are joint and several liable for the full amount the judgment Ramsay v. Camrac Inc. 2006).*

That elements intentional disregards constitutional civil rights law and willfully and knowingly violated federal and state common law of equal protection of law and due process of clause  that guarantee all people living within the jurisdiction under 14th amendment rights. ***Brown v Board of Education (1954)*** whereby the Supreme court decision that precipitated dismantling racial segregation as of the law and constitutional civil rights modified.

V.
  D.                              *ANALYSIS*

*Discrimination theory distinction between white supremacy and black segregation as defined under this institution of racism in a society that the plaintiff perceived as result of color law and "hate crime" that resulted "crime of violence"*

--------------------------------------------------------------------------------

The plaintiff brought this argument for the court and jury review under this theory of racism institution analysis as result of African – American and Spanish Latinos racial misconduct pattern or practice under hatred and color of law race and nationality in this distinct offenses of racial discrimination and harassment context as matter of law and facts which has constituted to tort therein this verdict justified under this circumstance of misconduct pattern or practice under section 14141.

That plaintiff *brought this argument on the ground to establish and distinguish between white supremacy and black segregation* under color of law and hatred as it will analysis and describe for overview by the court and grand jury contrary to racial profiling in this case under the institution of racism conduct and how racism play roll among persons thereof human beings of the same sex or of the same color in a black community as  result of behavior and hatred in model society today that is not pronounce in public that exist and in practice among sex of the same race and color, traditionally it counts as implication and individual misconduct therein person's dignity as result of educational back ground  or culture in a classes of human beings that distinguished behavioral aspect and hatred that create racial discriminatory conduct within the same sex color under hatred as the material fact therein the community, in State or local government or federal government which is in practice in the offices, business and work environment or in public places that is

prohibited by law under United States constitutional law which was passed by the congress there under fourteenth amendment and equal protection of law and due process of clause which happens among classes of persons thereof with integrity or personality individually in a society therewith mixed race, color or nationality as result of the element of racism practice which was implemented and control by the state or federal government under constitutional law as aspect thereof discipline to regulate misconduct of racism and "hate crime" in society which is inevitable among of class of people as of their misbehavior under color of state with state of mind which constituted the African – Americans has not band to the law as result of hatred among themselves but not the color that created crime of violence, murder or harassment result of the element hatred and misbehavior that created 'hate crime' that plaintiff perceived among African- American police officers as result of hatred which has created domestic violence and discrimination overview among themselves in this theory of racial institution and segregation described under  fourteenth amendment that protect individual civil rights under the equal protection of law and due process of clause as matter of law.

Under this circumstance of this discrimination theory context or abilities among themselves of same color misbehavior or conduct therein at workplace or in the public or business environment or accommodation housing under these statutes of racial institution classification defined under this theory which means basically is as result of hatred as the material facts and which has constituted racial discrimination as cause of action which is creating crime of violence under the instituted to color of the same sex discriminate each and another as fundamental element of this theory thereof sex of same color which create racial discrimination in different class in a society today that distinguish "behavior and hate crime" in absence of race, color, religions, nationality generally under this principle of theory and tradition thereof human behavior that

created conflict under this circumstance as hatred modified among themselves which is the fact that create racial discrimination context and harassment therein a society today there under existence of misconduct practice in a mixed color.

118. In uniformly and traditionally under this principle of theory of racial discrimination and harassment context that cause separation under color of law individually thereof white supremacy which constituted black segregation of racism which is exclusively from sex of same color discrimination as result of habit or hatred motives which create sex of the color discriminate each and another as result of hatred and nationality indifferent which has not been adopted therein judicial or constitutional rights under jurisdiction system of law or judgment that sex of the same color can discriminated each another as result of hatred there under ethic belonging which is traditionally is in practice that race of same color can discriminate in absence of color, religion or nationality that the plaintiff perceived as result of hatred as cause of action with elements claim that the plaintiff was adopted in white family and community which is racial profile there from African – Americans police officers who are descent from African continent that are migrated in Unites Stated under the same sex color context of discrimination which is unusual behavior but exist in a society, community which arise as result of hatred and white supremacy context that can result attempt murder or crime of violence in community, dispute, misunderstanding themselves in separation under hatred as result of white supremacy under interrelated of exchange of blood or mix color or adoption of black in white community that create hatred among African – Americans in their community that the plaintiff perceived among from the African – American and Spanish Latinos police officers who unlawful engaged in racial discrimination harassment as result of plaintiff ethnic belonging that resulted hostile environmental sexual harassment, sex discrimination under color of law as result of hatred which is prohibited under the law enforcement agent

provision in section 14141 under this principal of theory which means and states as follows below the facts:

(1)   That (black cannot discriminate black verse visa that white cannot discriminate white as matter of law and principle of nature provide there under this circumstance of theory and presumption to believe in society or community which has constituted to segregation among white and black race under color state.

(2)   White can discriminate black under segregation context on the ground of white supremacy under color of law.

(3)   White can discriminate white of the same color under the principle of hatred, culture and national of origin as result of traditional complex in this cause of action there under discrimination and institution of racism of existence.

(4)   But black can discriminate black as well of the same ground of individual nationality, hatred, ethics belong and black integrated or migrated from black to white in community or exchanged of blood interrelated or structure of constituent hatred therein unit function in co-operatively or integrated economy, or personal education background, mixed color of married, white to black or black to white or white adoption children under black birth which has applied in this case of plaintiff been discriminated among his fellow African – American because he was born in a white community and been raised in white family and community which has created hatred among African – America police officers thereof discriminating the plaintiff, his family and his white female workers under sex discrimination and racial discrimination harassment, hostile environmental sexual harassment that constituted thereto  defamatory harassing

campaign which has occurs that constituted to the element sexual assault and abused to the plaintiff wife under raped to cause harm to his family because she is a white woman under the same cause of action there with numerous individual African – American police officers and others under omission and conspiracy to punish the plaintiff that ruined the plaintiff, his family and business which is evil acts with intentional and deliberately as element subjective therein reprehensive motives there with improper moral culpability to cause plaintiff physical injuries, foreseeable damages and financial injuries to the plaintiff and his business as result of hatred.

(5)   The cause of action of African –Americans intentional racial discrimination against the plaintiff is as result of color of law under this principal of theory of facts that created hatred and aggravated harassment which is a "hated crime" and unlawful to be address by the district court as matter of law and  United States constitutional civil rights law  which has been violated by the assailant African – American who intentional conspired with Spanish Latinos police officers under the same cause of action and their family members as perpetrators to cause the plaintiff harm and death in order to cover their wrong doing and violations of constitutional civil rights, equal protection of law and due process of clause there under fourteenth amendment as of  elements who are acting as jointly successive tortfeasors under color of law, hatred and nationality in this case that created "crime of violence" because the plaintiff was born and raised in a white family as adopted child there after his biological parents was diseased when he was three months old as the element  claim and cause of action to harm the plaintiff, his family and business which is unconstitutional and violation of constitutional of civil rights under the law

of United States there under fourteenth amendment that prohibit such action.

(6) Under this circumstance the African – American under the same sex of color target the plaintiff in their account since 2002 to 2015 without break of their racial discrimination harassment and violations of constitutional civil rights under equal protection of law and due process of clause under hatred as result of the plaintiff good educational background and business prospect and he married to a white woman as the element subjective motives to cause the plaintiff harm and death under conspiracy which has constituted to the elements hatred with several attempt murder to kill the plaintiff which is unconstitutional and criminal misconduct pattern that is punishable under prosecution charges as matter of law.

(7) That African – Americans aggravated racial discrimination and harassment, hostile environmental sexual harassment, numerous telephone calls to plaintiff white female workers inside the business premises for sexual advance and which has constituted to element raped the plaintiff wife with individual officers under deception and lies and misleading false statement from the actor because she is a white woman under omission as the element subject to commit federal sexual offense as result of color of law and hatred under negligence,

(8) And the actor intentionally fabricated defamatory false statement in malice that make plaintiff ran out of business as result of defamation of the company reputation and plaintiff professional carrier. That cause the company financial injuries to the four companies since 2002 to 2015,

That African – Americans – Latinos officers has violated state and federal law statutes under racial discrimination harassment as result of plaintiff ethnic belong of migrated from black to white community under family ground because he was born and raised in white family as cause of action under these distinct offenses.

(9)   Pertaining to a group or society to compare segregation that resulted change of character or mental state toward individual behavior that resulted the African – American and Spanish Latino ethics back ground of living in society acting under criminal conspiracy and hatred as result of white supremacy described under the racial institution that make no difference of racial profiling which prohibited under the law enforcement provision section 14141 for finding and question the law modified.

V.

E.                                   *Hate Crime*

That element racial discrimination and harassment is knowingly and intentionally to committed "hate crime" as result of color of law, race and national of origin which is unconstitutional and criminal misconduct that is prohibited under the law enforcement agents provision pursuant to section 14141 which has violated the federal law pursuant to 249 that constituted element intentional tortured pursuant to section 2340 to plaintiff, his family and place his companies in business tort there under racial discrimination and harassment which has constituted to conspiracy and omission to commit federal (hate crime" *under section 249(a)(1)(2) see ref: Mathew Shepard and James Byrd Jr "hate crime"prevention act of 2009 State v. Michell 508 U.S (1993) United States v. Deryle Dedmon, United States v. Samuel Mullet 2013, United States v Frankie Maybee*

*2011 that resulted the element unlawful and maliciously engaged in death threaten under several attempt murder pursuant to 18 U.S.C §§ 1111 and 1113 to commit federal criminal offenses under negligence and recklessness action in separate cause of action (Descamps v. United States) United States v. Cornelio-Pena, 435 F.3d 1279 (10th Cir. 2006) United States v. Moreno-Florean, 542 F.3d 445 (5th Cir. 2008) United States v. Moreno-Florean, 542 F.3d 445 (5th Cir. 2008)* Brooks v. Holder, 621 F.3d 88 (2d Cir. 2010) – A conviction for second-degree criminal possession of a weapon under *N.Y. PENAL LAW § 265.03(1)(b)*, is "crime of violence" under *18 U.S.C. § 16(b).that the element has been acting under criminal conspiracy and hatred* which has been long contrary views, e.g., Sayre, Criminal Conspiracy, *35 HARVARD LAW REVIEW393,393 (1922)("A)* as of the elements unlawfully engaged in *fraudulent intent to defraud law function under hatred United States v. Skilling, 554 F.3d 529, 534 (5 Th Cir. 2009);*

The African – Americans and other officers who are unlawful engaged in sexual misconduct pattern and rapped the plaintiff wife with numerous officers up to 45 police officers involved in this sexual criminal offense under hatred and color of law as result of the plaintiff was born and raised up with white family in white community as the cause of action under this distinct criminal sexual offense *United States v. Chacon, 533 F.3d 250 (4th Cir. 2008) United States v. Gomez-Gomez, 547 F.3d 242 (5th Cir. 2008)*– without considering the state and federal sexual offense and intentional raped the plaintiff wife and damage his married and family which has constituted to the element several attempt murder to kill the plaintiff to death *United States v. Drummond, 240 F.3d 1333 (11th Cir. 2001)*in order to cover their sexual misconduct pattern and wrong doing there to obstruct of justice and due administrative of justice and eastern district court legal due process and proceedings for court finding and question the law for prosecuted charges under "hate crime" commitment as matter of criminal common law. "

The defendant agents has cause plaintiff several injuries contrary to this criminal indictment in separate cause of action under one omission *Zaidi v. Ashcroft, 374 F.3d 357 (5th Cir. 2004) Lisbey v. Gonzales, 420 F.3d 930 (9th Cir. 2005) De Hoyos v. Mukasey, 551 F.3d 339 (5th Cir. 2008)*

The Department of Justice made repeated attempts during the 1960's and 70's to prosecute hate crime perpetrators under federal civil rights statutes. Federal prosecutors, however, found these statutes to be an extremely unwieldy means of dealing with racial violence.

As states recognized the unique dangers thereof hate crimes, a consensus developed to enact special hate crimes statutes to deal with problem of interracial violence. States came to understand that such violence has insidious effects on entire communities that go well beyond the suffering of particular victims and their families.

Oregon became the first state to enact hate crimes legislation when it passed the Hate Crimes Act in **1981.** Thirty-two states have enacted similar legislation up to date. State legislatures passed these statutes without much controversy, and apparently without much discussion of the difficult burden of proof which the statutes place upon prosecutors to prove the accuser's motive. The Oregon Act, which is representative of these statutes, prohibits the commission of third degree mischief or harassment and fourth degree assault or menacing **"by** reason of the race, color, religion, or national origin of another person. Persons whose acts are motivated **by** racism face higher penalties under the Act than they would under traditional criminal statutes. In addition, the Act allows victims of racially-motivated violence to bring civil actions to recover damages under the Act, irrespective of successful criminal prosecutions of their victimizers **by** the state. This civil provision is intended to encourage victims of racial violence to bring suits in circumstances

where community or prosecutorial prejudices might preclude criminal charges. The Act also provides that local district attorneys may seek injunctions against persons or groups that they believe to be engaged in hate crimes activities.

It should be noted that at least two early commentators noted the difficulty which the requirement of proving the accuser's racial motivation might have on prosecution of hate crimes defendants. *See Mason & Thomson, supra note 28, at 91-94; Mazur-Hart, supra note 10.* **39** *See State v. Beebe, 680 P.2d 11, appeal denied, 683 P.2d 1372 (Or. 1984)* (defendant who threw his victim to the ground while shouting racial obscenities is convicted under Oregon's hate crimes statute). ***WILLIAM L. BURDICK, THE LAW OF CRIME*** *150-73 (1946);* ***SANFORD KADISH & STEPHEN J. SCHULHOFER, CRIMINAL*** *LAW AND ITS PROCESSES 217-327 (1989). 41 See* **MODEL PENAL CODE** *§ 2.02(2). 42 See Mazur-Hart, supra note 10, at 204 (classifying motive as a new, fifth mental state of culpability). That African – American and Spanish Latinos police officers intentionally and willful committed Federal "hate crime"as result of color of law, race and national of origin that is prohibited under the law enforcement provision pursuant to section 14141.*

That cause plaintiff physical injuries and his companies financial injuries and foreseeable damages and which has constituted the plaintiff *suffering and pain Witson v. Taylor, 477 F. Supp. 2d 1129, 1143(D. Kan. 2007)* as result of racial discrimination and harassment under hatred. as the actor *soliciting another to commit and join in the commission of assault and abuse Prakash v. Holder, 579 F.3d 1033 (9th Cir. 2009)* by terrorized the plaintiff, his family, his workers and business under tortious interference with negligence and reckless action under the use of threaten and attempt murder which is *mens rea see Rosales-Rosales v. Ashcroft, 347 F.3d 714 (9th Cir. 2003) – A conviction for making terrorist threats under CAL. PENAL CODE § 422 (threats to commit crime which would result in death or great bodily injury, with the specific intent statement to be taken as* threat) is a "Crime of violence" under 18 U.S.C. § 16(a).

*VI.*                          *BACK GROUND HISTORY*

### *Deprivation of civil Rights under color of law*

In 2001 plaintiff entered United States lawfully with intercompany L-1 visa to establish his hotel management company from  Germany in United states entity branch contrary to the treaty and Agreement between United States and Germany government thereof friendship of commerce and agreement under Article (1) but not as constitutional law or as plaintiff claim in this civil action as result of the United States judicial court system, the plaintiff claim under this verdict base on racial discrimination and harassment context and violation of the plaintiff constitutional civil rights under section 1983 and equal protection of law and due process of clause as material facts under fourteenth amendment paragraph section (1) which has been violated by the defendant law enforcement agents under deprivation of civil rights as result of color of law section 242 that prohibit state or law enforcement agent or local government to engaged in such conduct.

That plaintiff brought this argument for "example" as of defendant agents misconduct pattern or practices of violations of United States constitutional civil rights and equal protection of law and due process of clause under the United states international treaty and agreement in reference of this article (1) of the treaty and agreement not as law or claim of constitutional civil rights but as evidence contrary to the defendant law enforcement agents conduct who intentional and deliberately terrorized the plaintiff, his family, his workers and business under negligence and reckless action and deprived him in constitutional civil rights and his business in operation under racial discrimination and harassment by use of threaten and attempt murder to harm the plaintiff, his family and

business as result of color of law and hatred which is *mens rea  see: Rosales-Rosales v. Ashcroft, 347 F.3d 714 (9th Cir. 2003) and* a "Crime of Violence" under 18 U.S.C. § 16(a) as matter of law.

Under this treaty and agreement between United States and Germany government in Article (1) which States each party shall all time accord fair and equitable treatment to the national and companies of the other party and to their property, enterprise and other interest, between the territories of two parties , there shall be in accordance with the provision of the present treaty of freedom of commerce and Navigation.

Under this provision which protected both citizen safety, commerce, companies and taxes regulation and without trade or export and import of goods barriers in both countries  as part of this treaty, under this circumstance which  qualified and eligible the plaintiff and his Germany company present in United States to conduct his business in United State as a Germany citizen just as American companies move to overseas to established their American branch companies in Germany verse visa, therefore the Germany companies came to United State to fill the gap and created jobs for the citizen seeking for employment opportunities for themselves and their families members as matter of understanding and common law.

The Plaintiff is the President and owners of these companies sponsor from his home Bank in Germany (Stadt and Sparkasse bank one of the largest third bank in Germany with his Affiliated European foreign banks in Europe that is capable to finance any international project in United States and domestic projects.

Thereafter Duetsch bank and Dresdner Bank in Germany and under this circumstance the Plaintiff and his home bank invested $1,5million dollars into the hotel management company branch entity in United States as early Start-up working capital in between

2001 and 2002 which was transferred from his home bank in Germany to the company business into Chase bank in United states including paying all his workers payroll in Unites state direct from his home bank in Germany through Chase bank .

This German company business activities is hotel and restaurant management company therewith division of foodservice distributor center including hotel and Restaurant equipment and accessories supplies to different hotels and restaurants under his channel of distribution and this company in United State entity was originally incorporated in State of Delaware while the company foreign are companies are incorporated in State of Florida and State of New York as the company headquarter in City of New York as his principal business center to conduct his business function and expansion program thereto other states which was in full effect that will enable the hotel management company to engage in his expansion development project and create thousands of jobs to citizen and community.

Thereinafter the company was foundation and established his present in United States and set up his business offices locations and hired his workers to continue his business operation and activities the defendant agents (African and Americans and Spanish Latinos police officers who are acting as jointly successive Tortfeasors under this verdict intentionally target plaintiff, his family and business into their account and unlawful engaged intentional racial discrimination and harassment, hostile environmental sexual harassment to plaintiff company white female workers that result them quit the company under color of law and barred the hotel management company in his business operation and deprived the plaintiff of his freedom of life, liberty, enjoyment of life, immunity and privilege to operate his company functions and activities in City of New York since 2002 to 2015 under harassment which is unconstitutional and violation of constitutional civil rights and equal protection of law

under fourteenth amendment See *Yick Wo v. Hopkins ,118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220* (1886).

Since 2002 to 2015 the hotel management company with his affiliated other companies has been suffering of business tort as result of elements acting under color of law, race and national of origin under hatred and intentional deprived the plaintiff of his civil rights and privileged to operate his four companies business activities that is incorporated in State of New York cause the companies in United States and abroad billions of dollars lost and foreseeable damages since 2002 to 2015 as result of these companies out of business that deprived his sponsor bank from Germany and his European affiliated banks investors, his business partners and customers and his workers *Garret v Taylor,79 Eng.Rep.485 (K.B.1620)* under tortious interference into the companies activities as result of City of New York law enforcement agents racial discrimination and harassment and to other states under their network system by formed organization by interference into the plaintiff invasion of privacy and business affairs as elements subjective motives thereto cause foreseeable damages and financial injuries to these companies.

That the plaintiff is the company President and the owner in United States and the element intentional deprived him of his civil rights, freedom of life, liberty, enjoyment of life, immunity, and privilege to operate his companies and work to make living like other people from other nations or as alien permanent resident living in New York City under the State jurisdiction by treating plaintiff different from other people living in state of New York as result of color of law, race and nationality as cause of action and the facts because the plaintiff is an alien under this circumstance the element disregards the United states constitutional civil rights, equal protection of law and due process under fourteenth

amendment in paragraph (1) violated equal protection of law by deprived the plaintiff to operate his companies and work *Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948).*

 Under the same cause of action as of the element designated the state actor under their omission and conspiracy *to accomplish an unlawful purpose as* co-conspirators in the accomplishment of the purpose in which they are all subject to the crime commission to cause damages to the plaintiff, his family and business as of the actor intentional fabricated false statement in malice that the plaintiff is smelling and he and his companies are conducting scheme and fraud business activities that the companies filed Bankruptcy with U. S. Bankruptcy court which is absolutely untrue and false statement in actual malice that  cause damages to the plaintiff and his company bad reputation and his professional carrier under slanderous and rumor which has constituted to spreading news and campaign from actor's colleagues police officers and to the public interest and concern  see *Ripps v. Herrington, 1 So. 2d 899, 901(Ala. 1941)* which reflect upon the plaintiff's good name, impeaches his integrity and personality and resulted dishonesty which deters others from associating with him that injured his reputation and professional carriers that deprived the company European banks investors, business partners, customers  to do business with these companies and drove and desisted customers thereto patronized any of these companies under defamation of reputation that resulted the plaintiff lose his salary and wages earning, business profit and annual sales revenue, hotel management contracts, company workers, *loss of consortium* and properties, as *resulted of the actor false statement in malice and racial discrimination harassment that resulted the Germany banks investors disinvestment of more than $240 millions dollars investment working capital expectation for the  hotel managements business expansion program and to purchase of properties, warehouse, commercial and industry facility for*

*production of American products (Made in USA) for exporting readiness to overseas market that cause foreseeable damages and financial injuries between 2002 – 2015 as the companies ran out of business and loss of business profit and sales revenue,  Reddy v. Chappelle 678 So. 2d 195 (Ala App. 1996.* In both  companies  abroad and in United States which is sabotage that is so outrageous that shocks the conscience as result of the elements deprived the plaintiff of his freedom, liberty, enjoyment of life, immunity and privilege to operate his companies business functions and activities in United States under interference to the plaintiff invasion of privacy and business affairs *Traveller International AG v. Transworld Airlines Inc 41 F.3d 1570 ( 2d Cir 1994)New York law) (Royal College shop Inc v Northern Insurance Co 895 f. 2$^d$ 670 (10 th Cir 1990).*

VI

    *A.*                  *Legal action for damages claim*

Under this circumstance the hotel management company and his affiliated four foreign incorporated companies to other states which has been deprived of business operation under intentional racial discrimination and harassment there under tortious interference into plaintiff business affairs under intentional torture and invasion of privacy that non of these companies has file any lawsuit action in any of the state court or United States district court against the City of New York under diversity damages claim as result of his defendant agents cause of action under racial discrimination and harassment, hostile environmental sexual harassment, defamation of reputation That cause these companies incorporated in State of Florida and State of Delaware and State of New York foreseeable damages and financial injuries which is pending for civil action against the City of  New York as matter of law exclusive from this lawsuit. *see   Lennar Corp v Briarwood  Capital LLC.*

**Federal Rule of Evidence Exhibit (E) page 110 - 111**

**A Copies of the four companies  incorporate in State of New York**

1) *Hotelmanagement Marketing and industrial service Inc. in NY-FL-DE*
2) *Queen burger and Fired chicken Inc in NY and Florida*
3) *Vitamin Depot of America Corporation in New York*
4) *Hmis Security USA service Corporation in New York*

The defendant agent has deprived these companies in his business operation since 2002 to 2015 which has incorporated in State of New York, State Delaware and State of Florida racial discrimination and harassment therewith police network system that cause these companies financial injuries and foreseeable damages.

Since 2002 to 2015 the defendant law enforcement agents the African- American and Spanish Latinos officers intentionally deprived the plaintiff of constitutional civil rights and violated equal protection of law and due process of clause under fourteenth amendment as  result of the elements deprived the plaintiff of his freedom and privilege to operated his four companies in State of New York and to other states under racial discrimination and harassment  as  result of the elements violated  equal protection of law and due process of clause as Justice Stanley Matthews wrote the Court's opinion in *Yick Wo v. Hopkins*

In 1886 the Supreme court declared in Yick Wo v Hopkins Sup Ct ( 1886) that the guarantees of the fourteen Amendment extended universally to all persons within the territorial jurisdiction of the United States without regards to race, color or nationality. Yick Wo invalidated a san Francisco ordinance that City officials enforce in a way that effectively prohibited China residents from operating laundry facilities while allowing white citizen only under the similar circumstance thereto own laundries, In Yick Wo the court definitively establish that non- Citizen must be treated on a basis to citizen that the state had no authority to restrict arbitrarily a non – citizen;s  life or the means of living or life.

In *Lawrence v. Texas* the Supreme Court added: "Equality of treatment and the due process right to demand respect for conduct protected by the substantive guarantee of liberty are linked in important respects, and a decision on the latter point advances both interests.

The defendant agents the African and America – Spanish Latinos officers are acting under the state or local government under one authority power who are unlawfully and maliciously acting in two separate cause of action but in one purpose and subject motive of racial discrimination and harassment that violated equal protection of law and due process of clause under color of law section 242 as result of hatred section 249 which is prohibited under law enforcement agents provision and the United states constitutional civil rights under fourteenth amendment paragraph section (1) which state that :

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens or lawful alien of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws*.

That under fourteenth amendment paragraph section (I) that the Congress has the power to enact appropriate legislation to enforce the Fourth Amendment, that applied to the States through the Fourteenth Amendment rights as result of the City of New of York law enforcement officers from (NYPD) who intentionally and knowingly violated equal protection of clause and deprivation of civil rights under color of law.

The defendant agents from (NYPD) the **(assailants)** officers (African – American and Spanish Latinos police officers  who are acting under one principle of authority power which makes no

112

difference between jointly and severally tortfeasors today, principle of fairness which applies to both *Stephenson v. McClure, 606 S.W. 208,211n.5 (Mo App., S.D.1980)* under this indictment commitment under negligence action as of the elements unlawfully and willful violated constitutional civil rights and equal protection of law and due process and engaged in substantial overt act section 371 under conspiracy and violated their legal duty as knowledgeable law agents which is *gross misconduct* (pattern) *pursuant to 14141., Carey v. Musladin, 549, U.S 70. 127. S. Ct 646(2006) (Rylans v Flecher L 1 ex. 265 (1888)* which has in imposes vicarious liability on the City of New York for the acts of its officers.

That Section 5 of the Fourteenth Amendment provides a grant of legislative power to the Congress to remedy such conduct by appropriate means because the Fourth Amendment is applicable to States and local governments through the Due Process Clause of the Fourteenth Amendment. *Wolf v. Colorado, 338 U.S. 25, 28 (1949); Mapp v. Ohio, 367 U.S. 643 (1961); cf. City of Boerne v. Flores, 521 U.S. 507, 519 (1997). Under* Section I(B)(2) Section 14141.

Under this circumstance of granting the United States authority in federal court to obtain equitable relief to redress systemic police misconduct under § 14141 that provides "appropriate legislation" to enable United States to remedy Fourth Amendment violation *United States v. Raines, 362 U.S. 17 (1960).* Congress has enacted several statutes authorizing the Attorney General to bring pattern or practice suits to remedy unconstitutional or unlawful conduct;

That such conduct cannot held constitutionally adequate. *Santana v. Collazo, 89 F.R.D. 369, 372-73 (D.P.R. 1981);United States v. City of Parma, 661 F.2d 562 (6th Cir. 1981)* as result of the defendant the authority power under legal responsibility to bring such substantial commission of act into remedial action and relief the plaintiff under this circumstance.

The defendant reasonable care is necessary to enforce the law and disciplinary action with effectuality and Confederate condition that *guarantees individual equal protection clause and deprivation of civil rights under color of law therefore to take appropriate precaution and* prevent elements furtherance action and misconduct pattern not to inflict the plaintiff injuries condition under conspiracy to commit state and federal offenses as matter of law modified and justified under this classification of racism which was not successfully accomplish and sufficiently establish by the defendant to avoid foreseeable damages because he has foreseen the cause of action but fail to take appropriate precaution to correct and control his agents inconsistence and inadequate furtherance action there under racial discrimination and harassment that cause the plaintiff and his companies foreseeable damages and financial injuries.

As result of elements unbreakable events and malicious misconduct pattern of indictment which is negligence and breach of duty care *(Tobin v Grossman*, 24 NY2d 609.) *Rush v Commercial realty Co. 7 N. J. Misc 337. 145 A 476. 1929  that cause the plaintiff several injuries  See AT conduct. & T Corp. v. Southwestern Bell Telephone Co. 2000 WL 14711 (Tex .App.-Dallas)*

*Reference to companion cases Sweatt v. Painter and McLaurin v. Oklahoma State Regents, both decided in 1950, paved the way for a series of school integration cases. In McLaurin, the University of Oklahoma who had admitted McLaurin, an African-American, but had restricted his activities there: he had to sit apart from the rest of the students in the classrooms and library, and could eat in the cafeteria only at a designated table. A unanimous Court, through Chief Justice Fred M. Vinson, said that Oklahoma had deprived McLaurin of the equal protection of the laws:*

Over the years, the Court has many times considered state classifications dealing with aliens.

*In re Griffiths , 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973); Sugarman v. Dougall, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973); Graham v. Richardson , 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948); Crane v. New York See, e.g., Ambach v. Norwick, supra;*

In *Sugarman v. Dougall, supra,*413 U.S., at 643, 644, 93 S.Ct., at 2848, was challenged in *Takahashi v. Fish & Game Comm'n, supra* , which held that California could not bar lawfully resident aliens from obtaining commercial fishing licenses: "To whatever extent the fish in three-mile belt off California may be 'capable of ownership' by California, we think that 'ownership' is inadequate to justify California in excluding any or all aliens who are lawful residents *438 438 of the State from making a living by fishing in the ocean off its shores while permitting all others to do so." *Id. , at 421, 68 S.Ct., at 1143.*

As the principle governing analysis of state classifications of aliens, who are lawful residents, the distinction was further eroded in *Graham v. Richardson, supra*, which read *Takahashi* as "casting doubt on the continuing validity of the special public-interest doctrine in all contexts," *403 U.S., at 374, 91 S.Ct., at 1853*, and held that a State could not distinguish between lawfully resident aliens and citizens in the distribution of welfare benefits. Returning to *Yick Wo*'s holding that lawfully present aliens fall within the protection of the Equal Protection Clause.

*The African – American and Spanish Latinos are acting under conspiracy in one subject motives or purpose that violated federal constitutional civil rights and equal protection under conspiracy to deprive the plaintiff of his civil rights (Hyde v. United States, 222 U.S. 347, 387 (1912)(Holmes, J, with Lurton, Hughes 7 Lamarr, JJ.)(dissenting)("And as wherever two or more have united for  to*

commit a commission of crime there is a conspiracy, the opening to oppression thus made it very wide indeed.

That following the plaintiff several compliant report to the City of New York authority there was no remedial action and his agents did not stop their racial discrimination harassment and violation of equal protection of law and due process clause which states a valid claim for relief ) with allege that City of New York officers have engaged in unlawful criminal conspiracy and substantial overt act, section 371 which has cause the plaintiff several injuries without remedial action or solution since 2002 to 2015 which is intentional and negligence acts.

And this types of misconduct individually or collectively has violated citizens' or lawful resident alien constitutional civil rights. *Tennessee v. Garner, 471 U.S. 1 (1985); Graham v. Connor, 490 U.S. 386 (1989); Albright v. Oliver, 510 U.S. 266 (1994); Deitrich v. Burrows, 167 F.3d 1007, 1013 (6th Cir. 1999); Olson v. Tyler, 771 F.2d 277 (7th Cir. 1985); Knowles v. Iowa, 119 S.Ct. 484 (1998); Wyoming v. Houghton, 119 S.Ct. 1297 (1999); Kalina v. Fletcher, 118 S.Ct. 502 (1997); Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir. 1989); Bruning v. Pixler, 949 F.2d 352, 357 (10th Cir. 1991).* Section II(B)(1) Section 14141 imposes vicarious liability on the City for the acts of its officers and Section 14141(a) clearly states that a "governmental authority" can be liable for "engaging in a pattern or practice of conduct by his law enforcement officers."

Supreme Court which has said non- Citizen may claim of equal protection offered by the *constitution Mathews v. Diaz Sup.Ct (1976)* as far alienage has established permanent residents in the country and been paying taxes that under this circumstance the plaintiff is eligible for equal protection of clause under fourteenth amendment which has been violated by the City of New York law enforcement agents under racial discrimination conduct from the defendant agents under color of law and hatred which is prohibited by the

state and federal law that approximate cause plaintiff and his companies foreseeable damages and financial injuries including plaintiff physical injuries, mental anguish, embarrassment, psychiatrist, stroke resulted moment disorder of the plaintiff right leg and disability and bodily harm and disfigurement, intimidation, humiliation and embarrassment that the plaintiff have the right to recover from his several injuries sustained from defendant agents as result of negligence *Battalla v State of New York,* 10 NY2d 237; *Torres v State of New York, 34 Misc 2d 488; Lott v State of New York, 32 Misc 2d 296; **379** Weingast v State of New York, 44 Misc 2d 824.)* III. As result of the breach of duty conduct of the State, in this case, which has constituted to a breach of duty care owed to plaintiff *(Tobin v Grossman, 24 NY2d 609.) IV.* The mental suffering endured by plaintiff as a result of State's negligence should reasonably have been foreseen by the state.

VI
     B.      *Hostile environment Sexual harassment*

. In November 9 -12, 2002 thereafter the plaintiff fully established his hotel management company as United states entity branch therewith his business locations in New York City, State of Florida, State of Delaware under this circumstance the company registered with (IHMRS as one of the exhibitors therefore he was invited at Jacob Javits convention center (IHMRS) (International Hotels and restaurant exhibition show] in New York City to present his company business activities and promote his services to the exhibitors and as well to seek business partners and customers for his company in foodservice distribution center including hotel and Restaurants equipment Supplies.

Under this circumstance plaintiff went to exhibition show with his foreign white girls employees there from Germany and

England – London, Japan and Chinese  including the New York workers and two of these white girls are from the plaintiff home bank in Germany under delegation from Germany to investigate the company business prospective  and business opportunity in United States for further investment and expansion development to other states.

Among these girls there is assistance General manager the Chinese girl in New York branch and the other one is Japanese woman the General manager in export and import branch who just arrived from Tokyo on the business trip reasons and for the exhibition show for the foodservice equipment and appliances for presentation and seek for  foodservice  suppliers  business  partners  and  wholesale distributors for the company buyer products as she was the companies specialist in representing business exhibition show in different countries for the hotel management company.

During the exhibition show  and thereinafter this show (the African – American police officers from (NYPD) the assailants and sexual harassers conspired together under omission and color of law as result of hatred and engaged unlawful substantial act and target the plaintiff and his white female workers in their account under hostile environmental sexual harassment, sex discrimination context there under racial discrimination for sexual influence and advance in order to cause damage to plaintiff company under his exhibition show to promote his business activities to exhibitors as result of the defendant  agents  under  the  intimidation,  humiliation  and embarrassment, reference to *Harris v. Forklift Systems, Inc.*, *510 U.S. 17, 114 S. Ct. 367 (1993).* This case which establishes the standard and  perspective  for  evaluating  whether  conduct  is  unlawful harassment.  The  Court  confirmed  that  the  severity  and pervasiveness  of  a  particular  offensive  conduct  has  both  an objective and a subjective component.

The during the exhibition show, the African – Americans sexually harassed the plaintiff white female workers including his European white female employees, the Chinese Assistant General manager and the Japanese General manager and British manager girls who came to United States under business reasons for hotel management company in united States for promotion and exhibition in New York City who has been sexually assault and battery under unwanted touching and for sexual advance and criminal sexual misconduct under negligence Zaidi v. Ashcroft, *374 F.3d 357 (5th Cir. 2004)* - Sexual battery (intentional touching, mauling or feeling of the body or private parts of any person in a lewd/lascivious manner and without consent) under *21 OKLA. STAT. ANN. § 1123(B)* is a crime of violence *under 18 U.S.C. § 16(b)* because it creates substantial risk force may be used to overcome lack of consent. there with the element intentional interference into the plaintiff business affairs and employment contract under reckless conduct *Massis v. Mukasey, 549 F.3d 631 (4th Cir. 2008)* to cause plaintiff and his company foreseeable harm and financial injuries under this circumstance of conduct.

First and for instance as result of the elements inadequate approach to the plaintiff company employees because these officers saw these white girls with plaintiff  in the exhibition show that expanded their aggravated racial discrimination and harassment under furtherance action to cause harm to plaintiff business under hostile environmental sexual harassment conduct to these girls with no respect and disregard the law and equal protection of law that these girls are working under the company business purpose that they are with the business owners in the exhibition show for business and elements disregarded him as reasonable person because he and his company workers are alien and by using police advantage for intimidation, threaten and sexually harassing the plaintiff workers which is unfair acts and sexual assault and battery under unwanted touching and disrespect *Lisbey v. Gonzales, 420 F.3d*

*930 (9th Cir. 2005) – which is violation of CAL. PENAL CODE §
243.4(a) for sexual battery is a "Crime of violence" under 18 U.S.C. §
16(b), because the intimate touching of an unlawfully restrained*
person involves a substantial risk that physical force may be used.
because they are police and plaintiff is alien with his companies
personnel's and visitors from Europe and Japan which is ridiculous
and disgrace as result of the defendant agents misconduct under
intimidation and humiliation and embarrassment by using their
position and degrading the plaintiff personality and integrity
without respect which is intentional harassment that result the
element furtherance action and unbreakable events and tolls since
2002 to 2015 without break or relief to stop the repetition of the
same intentional racial discrimination and hostile environmental
sexual harassment and defamatory of the plaintiff and his company
bad reputation under intimidation which has cause foreseeable
harm and financial injuries.

  In the exhibition show these officers dispatched themselves by
discouraging and telling the exhibitors not to do business with
plaintiff companies that the plaintiff is smelling and his company is
conducting fraud and scheme business which is defamatory
misconduct that cause these companies foreseeable damages that
deprived these companies investors, business partners, customers
and drove his workers from his business premises under hostile
environmental sexual harassment and racial discrimination and
harassment including  defamatory harassing campaign that created
public hatred.

  under the same cause of action of sexual harassment these element
are coming to these girls one after the other mentioning sexual
comments in arrogant misbehavior inappropriate approach without
respect under sexual influence and advance, touching by depriving
their attention from the jobs during working hours, intentional
frequent telephone calls harassment to the business premises *Scucz-
Toldy v. Gonzales, 400 F.3d 978 (7th Cir. 2005* and not on business

reasons but provocation and embarrassment manner to interrupt the plaintiff business and prevent his business partners because we are foreign exhibitors and company which is unfair and substantial acts and intentional disturbance.

On November 12, 2002 during the exhibition show these girls went to the office at 292, 4th floor at 5th Ave location branch in New York city as they entered business premises there was three African and American officers unknown names without uniform coming from their back unexpectedly and touch their breast and hand in unwell and unwanted manner and harassment  as the girl questioning them they said they are police for frighten which has created shock and fears to these girls with bad experience that provoked and embarrassed these girls as result of continue harassment from exhibition show center to business premises and they was disappointed as the elements *making and using derogatory comments, epithets, slurs, unwanted touching which is sexual assault and battery and abuse of sexual nature and stalking* De Hoyos v. Mukasey, 551 F.3d 339 (5th Cir. 2008) - A stalking offense pursuant to S.C. CODE ANN. § 16-3-1700(B) (a pattern of words, whether verbal, written, or electronic, or a pattern of conduct that serves no legitimate purpose and is intended to cause and does cause a targeted person and would cause a reasonable person in the targeted person's position to fear: (1). death of the person or a member of his family; (2). assault upon the person or a member of his family; (3). bodily injury to the person or a member of his family; (4). criminal sexual contact on the person or a member of his family; (5). kidnaping of the person or a member of his family; or 6. damage to the property of the person or a member of his family) is a Crime of violence. The outcome of the stalking offense is analogous to the enumerated offenses which comprise violent felonies (i.e. Crime of violence).

As result of element misconduct and sexual harassment the plaintiff called the 911 and the police came to the business premises

and he explained the situation of the plaintiff and his workers is facing under sexual harassment and described them to the police and police under 911  called respond said they will look for them and that was the end of the of search and everything and the plaintiff would not hear from the police search regarding to the incident because it was under the police conspiracy.

After few days the plaintiff saw two of these officers with police uniform between 7th and 8th Ave at 34 street and when they saw the plaintiff they removed their names and police badge number from their uniform so that the plaintiff will not recognized them to fill complaint report on them they are African – American police officers some time they form group waiting in front of the plaintiff business premises building under watch dog when the plaintiff will come to the office and when he will close from the office or white female workers or if he is with a white female worker or business partners for sexual harassment or sex discrimination intent and racial  discrimination harassment under color of law.

166.    Under this circumstance thereafter the exhibition show the two German girls from the plaintiff home bank in Germany flew back to Germany with sadness including the Japanese woman and she flew to Florida to the company branch and stayed in Florida for five days and went back to Japan which is painful and disappointing trip.

 On July 10, 2005 Under the same omission of the elements sexual assault and battery the British manager girl who came to United States on the company program went to Britain with her American boy friend as result of the same incident that happened to her, when her boy friend was waiting for her to close from her jobs in the office at 5:30 pm to pick her up from her job during her closing time under this circumstance one of the officer African – Americans about 5.9 inches tall came direct to the business premises and touch her neck and breast and break her necklace and because he was trying to kiss

her with forcible unwanted in front of her boy friend which is embarrassment and assault that resulted argument and dispute that resulted her boy was very angry and peace off, under this condition the plaintiff called  911 and two police officers came and this girl was crying and we explained the situation to the police and show them the direction this man went and they said they will look for him and nothing was done and no further contact or action.

 Under this circumstance she quit her job because it  happened to her twice at the business premises and Chinese girl also quit the company and the Japanese girl resigned and quite the company and other workers under the same cause of action thereof hostile environmental sexual harassment from these officers under omission and conspiracy as  element subjective motives to cause the company foreseeable damages and financial injuries that deprived the customers and his workers from the business premises and the elements did not stop their continuing sexual misconduct and harassment which has constituted the element intentional raped the plaintiff wife from individual African-American police officers and others because she is white woman under deception, lies, misleading false statement, kidnapping and abduction under the same cause of action of hostile environment sexual harassment to the plaintiff white female workers as evidence to the defendant agents sexual harassment and misconduct that ruined the plaintiff family and his business resulted loss of consortium that cause the plaintiff several injuries.

VI.

C.                          *Telephone harassment*

 As result of the element the furtherance action of sexual harassment and sex discrimination context under the same cause of action, the element wiretapped the plaintiff private and business telephone number to continue their sexual harassment pursuant to

47 U.S.C *§ 223(a) section (1)(a)* for harassing his white female employees there in annoy manner, abusive, threaten conscious, filthy vulgar and embarrassing them in business premises for sexual harassment and sexual advance *United States v. Darsey 342 F Supp. 311 ( E.D. Pa 1972)* which is punishable under federal law id at 313.

Element using the plaintiff business telephone tapped there to intercept and tortious interference into plaintiff business affairs where he has reasonable business and financial expectation for fraud and abuse with intent to prevent plaintiff business transaction and employment contract  *Gilbreath v. State 650 So 2d 10 Fla 1995.)*

 *These officers continue calling* with numerous telephone  calls to the plaintiff business premises pretending they are customers under sexual influence and without mentioning their names *Mckillop v. State 857 P. 2d 358 ( Alaska  Ct App(1993).*

As result of elements target plaintiff and his white female employees they continuing their furtherance action therefore  isolated plaintiff from his companionship, not to have a contact with any white female or as friends or as workers to run his business or hire white professional female in managerial position to run his business effectively under hotel management and entertainment which is reasonable that plaintiff needs all classes of race or nationality to be hired to run his business without racial discrimination according to the company employment policy under EEOC common law Title VII of civil rights of 1964 as matter of law, the defendant agents have no privilege for their intentional interference into the plaintiff company employment policy or employment contracts or by sexual harassing and sex discrimination intent to the plaintiff and his employees in their business premises there under hostile environment sexual harassment and barred the plaintiff with white female not to have any contact with any of them for business or employment reasons *See Meritor Savings Bank v. Vinson 1986.)*

That elements sexual misconduct is with intentional and knowingly and aware that these girls are doing their jobs duty by disturbing and annoying and embarrassing them with sexual harassment and sexual behavior during their business hours that cause the company financial injuries under hostile environmental sexual harassment which is unconstitutional that is prohibited under law enforcement provision section 14141 (*Xanders v Cent 111 Broad Co JVR No 801409 – 1999  WL 3321 9258 ( Peoria County III 1999) United States v. Yanez-Rodriguez, 555 F.3d 931 (10th Cir. 2009*) and the elements cause of action of sexual harassment is unlawful under color of law and racial profiling that the element always sexual harassing the plaintiff when they saw  him with a different white woman as company employees or business partners for business reasons which is sex discrimination and the worse part of their misbehavior they do not want to see the plaintiff with any white woman of any kind of race or nationality which is racial discrimination harassment under color of law which has resulted African – Americans aggravated racial discrimination harassment and sexual harassment and defamation of the plaintiff and his company reputation in order to cause plaintiff and his company foreseeable harm and financial injuries by intentional interference into the company employment contract, threaten employer's management employment policy which is cross negligence *Giles v. District of Columbia Dep't of Empl. Servs., 758 A.2d 522, 525 (D.C. 2000)* under federal law *of EEOC Title VII of civil rights Acts of 1964 section 703(a)(1), 42 U.S.C Section 2000e-2(a)(1) Federal Rules Evid. Rule 403, 28 U.S.C.A   Glover v. Oppleman 178 F.Supp.2d 622.*

This hostile environmental sexual harassment misconduct events Started from African – American police officers are from Far Rockaway New York where the plaintiff lived before at 524 at beach 67 where the element and the actor resides that they unlawful and maliciously target the plaintiff, his family and business in their account to cause harm that has been extended to other African –

American and Spanish Latinos police officers in New York City which has constituted to racial discrimination harassment, hostile environmental sexual harassment and defamatory harassing campaign that ruined the plaintiff, his family and business and drove his workers and customers from the business premises.

As Officer Raymond is the original tortfeasor and designated actor While officers Ernestine is one of the participant contrary to the crime commission of act instead of the actor there with others officers of their colleagues who are subject to the crime commission of acts.

As of the elements are acting as jointly successive tortfeasors in separate cause of action that cause single injury under omission and conspiracy to inflict the plaintiff injury condition which has constituted to Spanish Latinos officers sequence unbreakable events under intentional tortured pursuant to section 2340 that cause the plaintiff several injuries.

## VI.

### D.                                   *Furtherance action*

Since 2002 to 2015 the element has not stop their furtherance action and substantial overt act under section 371 which has resulted the element jointly sexual commission of rapped the plaintiff wife individually and collectively from these sexual harassers officers that resulted the plaintiff loss his consortium and run out of his business and damaged plaintiff professional carrier and reputation under pubic interest. And drove his workers *(Brown & William Tobacco Co. v. Walter Jacobson No. s 86 -2474, 86-2475 (1987) (Exxon Shipping Co. v Baker (2008).*

The defendant agents action for interference into the plaintiff privacy and business affairs and his employment policy and contract

is unconstitutional and violation of equal protection of law and due process of clause under fourteenth amendment because the plaintiff company is not a state owned entity or his workers are under state public employees that result element interference into plaintiff company employment policy and sexually harassed his female workers under this distinct offenses thereof racial discrimination harassment and sexual harassment at plaintiff company work environment that created an atmosphere so infuse with hostility that alter the condition of employment Chamberlin v. 101 Realty Inc (1990) *United States v. White, 258 F.3d 374 (5th Cir. 2001) - An offense of reckless* and sexual assault and abused (*United States V. Chavarria-Mejia, 367 F.3d 1249 (11th Cir 2004)*

As result of federal constitutional civil right under Fourteenth amendment the plaintiff has the full civil right as lawful non - citizen resident to be with any white woman of his choice or hire any of them as his employees as matter of law permitted without racial discrimination or color of law, race , religion or nationality as his company employees to conduct his business activities under the Federal constitutional civil right that forbid such discretionary action or mistreatment of color practice in any race or nationality in any environment of civilized society.

Under this circumstance of defendant agent intensive harassment to the plaintiff employees which has resulted that the plaintiff was unable to operate his company or hired new workers when his employees quit the company as result of sexual harassment and defamatory harassing campaign conduct from defendant agents that deprived him of his business operation and his business activities that resulted the company ran out of his business and unable to pay the rent and expenses which was

mounted to **$8,920** debt unpaid up to date to the company management building (for the lease (**International Business Center**) at 292 Fifth Ave 4th**floor New York, NY 10001** where the **Hotelmagement company** was located on the same business address as result of African – American  police officers racial discrimination harassment and sexual harassment action, the plaintiff was unable to operate his business and the whole of worker left the company under sexual harassment and cause the company financial injuries.

Under this circumstance the company was evicted from his business premises with his workers and created debt liability to plaintiff and his company with many bills between 2005- and 2006 unpaid that plaintiff attach a copy of the some bill owned to the landlord for court and jury review as evidence of the defendant law enforcement agents unlawful racial discrimination and harassment under *Fed. Rules .404(b) 28 U.S.C.A.*

*Federa Rule of Evidence Exhibit ( F )  page 128*

**A Copy of the business owned bills.**

***In 15 April 2006*** hotels and restaurants management company moved a new location at ***44 East 32nd street 11 floor NY, New York  10150*** after it has been evicted from his former business location at 292 Fifth Avenue, 4th floor New York  10001 as result thereof element deprived the plaintiff of his privileged to operate his business activities under racial discrimination and harassment and hostile environment sexual harassment to his workers and

defamatory harassing campaign that ran the companies out of business .

Under this circumstance the element continued their furtherance action of repetition of the same racial discrimination harassment and hostile environmental sexual harassment and defamatory harassing campaign that company is conducting scheme and fraud that deprived the company investors, business partners and customers and workers caused the company financial injuries and business tort and these companies ran out of business.

*In March 10, **2007*** the plaintiff struggle and working hard again and start –up one of the company with his business name "**called Vitamin Depot of America** Corp" and it was able to secure another new business location to start his business operation at **234 fifth Ave 4th floor New York NY 10001** for manufacturing and distributing of all types of nutrition foods, energy drinks and spring water including vitamins supplements for domestic and international exporting there under contract manufacturing products (Made in USA for exporting readiness to overseas market under the same circumstance the element still target the plaintiff and his companies and workers and engaged in the same harassing campaign under unbreakable events and make the company ran out of business and unable to perform his business activities which is intentional racial discrimination harassment there to cause the company foreseeable damages and financial injuries.

*On **November 11- 14, 2007*** plaintiff and his company was invited again at (IHMRS) (International Hotels and Restaurant exhibition show] at Jacob J. Javitis exhibition center to present

his company products and service ( *Vitamin Depot of America Corp* )to exhibitors and seek  for U.S manufacturing Companies and business partners and suppliers to do business with them under sales and market and contract manufacturing for his products for domestic and international exporting to overseas marketing.

Under the same cause of action element still continue their omission and conspiracy there under furtherance action and engage in unlawful racial discrimination and harassment by meeting the plaintiff and company and workers at the exhibition show by telling the exhibitors that the company is conducting scheme and fraud that scared exhibitors and other companies to engaged in any business with the plaintiff and his companies under defamatory and false statement in malice there to harm the company and plaintiff professional carrier and reputation which his sabotage to the company and plaintiff as the President of the company and the owners thereinafter the elements intentionally deprived plaintiff of his freedom, liberty and privileged to operate his companies under racial discrimination harassment.


 As result of the element acting under color of law and hatred they did not stop their sexual harassment to plaintiff and his company female workers under interference for sexual advance and insulting words, threaten and unwanted touching and degrading the plaintiff integrity and personality before the exhibitors which is assault and battery *Lisbey v. Gonzales, 420 F.3d 930 (9th Cir. 2005) - Violation of CAL. PENAL CODE § 243.4(a) for sexual battery is a "crime of violence" under 18 U.S.C. § 16(b),* as result of police of threaten and frighten and sexual misconduct and

unwanted approach for sexual advance and create fears to the female workers.

As of the defendant agents furtherance action of sexual misconduct pattern that run out the plaintiff business and drove his workers *(Brown & William Tobacco Co. v. Walter Jacobson Nos 86 -2474, 86-2475 (1987) (Exxon Shipping Co. v Baker (2008).*

Thereinafter the element has sexually harassed the plaintiff workers and under this circumstance they all left the company one after the other as result of the defendant agents sexual harassment and numerous telephone calls to the business premises without mention their names *Mckillop v. State 1993.) Gilbreath v. State 650 So 2d 10 (Fla 1995) there* for sexual advance, unwanted touching and abusive, defamatory of company and plaintiff bad *reputation Lesher v.Topix 2009) under defamatory harassing campaign that created hatred under public interest.*

Under the same cause of action of sexual harassing to the plaintiff white female workers and that element target the plaintiff wife to repeat the same sexual harassment of assault and abused for sexual advance that constituted to the individual officers intentional raped the plaintiff wife under jointly sexual commission of rape there under omission and conspiracy as result of color of law and hatred *Donaldson v. American Banco Corp Inc. 945 F. Supp 1456 1996)* as full proof sufficient of evidence of the element of sexual harassment to the plaintiff white female workers under hostile environmental sexual harassment to the company employees other than plaintiffs which may be considered in determining whether a hostile work environment claim has been establish Civil Rights Act of 1964 *§ 701 et seq as amended 42 U.S.C.A  2000e et seq as of the* plaintiff sex discrimination harassed by the defendant agents  there from African and American police officers who intentionally target the plaintiff wife under the same purposes of sexual harassment for sexual

advance because she is a white woman as repetition of their furherance action for sexual assault and abused. by using police advantage and power of authority for intimidating, humiliation and embarrassing and provocation and passion to the plaintiff, his wife, his workers, because plaintiff is an alien which is unconstitutional and violation of federal constitutional civil rights under equal protection of law and due process of clause under fourteenth amendment rights. *See Judge v City of Lowell 160 F. 3d 67 (1998)* evidence of the past treatment toward others similar situation which can be to demonstrate intents there in *§ 1983 of equal protection, race, discrimination suit that plaintiff identity and related specific instance where person situation similarly in all relevant respects have been treated differently U.S.C. A Const. Amend 14, 42 U.S.C. A § 1983.*

The plaintiff brought his wife as lawful alien in United States and get married at the City hall of New York on the *March 25, 2010* and after the married the element unlawfully and maliciously engaged in sexual harassment to the plaintiff wife by chasing her from her martial home to her place of study at of Kaplan University in Manhattan just as the element target the plaintiff for harassing him all over City of New York not to get in contact with any white female as element objective of racial discrimination harassment and sex discrimination harassment under color of law as continuation and furherance action of the element the same cause of action by target the plaintiff wife for sexual assault and abuse as repetition of the same harassment that the element knowingly and acknowledged that this woman is under somebody and she is married and they use police advantage under threaten, deception, lies and misleading false statement and unlawful engaged in jointly sexual commission of rapped to the woman individually and collectively to punished and damage the plaintiff family under hatred and color of law.

That defendant agents sexual misconduct pattern is intentional and deliberately which is suffice and sufficient evidence proof of their wrong doing under negligence and recklessness action.

That defendant agents action is knowing and willfully to cause harm to plaintiff and his family and business under sexual harassment to his workers, see *Cleveland v. KFC Nat. Management Co. 948 F. Supp 62 1996) in* which the evidentiary rule providing for admission in civil case predicated upon party's alleged commission of sexual assault is designed to admit Character evidence of offender allowing victim to bolster credibility of her story *Fed Rules Evid Rule 415. 28 U.S.C.A.*

VI.

E.          *Abuse of police authority power*

As matter of law and jurisdiction under state or federal law that a police officer is not allow to discriminate or engaged in unlawful racial discrimination harassment, sex discrimination or sexual harassment to any citizen or lawful permanent resident alien pattern or practices that will deprived persons from civil rights . A police officer is subject to treatment of equal protection and to protect individually who is under imminent threaten or danger that City of New York law enforcement agents under this indictment in question has violated this laws under the law enforcement agents provision pursuant to section 14141.

In respond to the demand for more stringent legislation congress enacted the enforcement act of 1870 under color of law section 242 that prohibit law enforcement agent or any agent acting on behalf of his authority or government to engaged in unlawful substantial act under color of law, race or nationality or denial all rights thereof privileges and immunity, liberty, enjoyment of life, freedom under

fourteenth amendment of the constitution of United States which states  under the following statutes:

(a)   All persons shall be entitled to the full and equal enjoyment of goods, services, facilities, and privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin. (b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this title if its operations affect commerce, or if discrimination or segregation by it is supported by State action:

(b)   *No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 201 or 202, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 201 or 202, or (c) to punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured under section 201 or 202.*

As result of the defendant agent harassment misbehavior under racial discrimination harassment which has constituted to the plaintiff experienced intimidation, and as well as psychological trauma and emotional injuries, anxiety and depression, mood disorder and feel helpless, The psychological effect of stalking that result the plaintiff  produce an intense and prolonged fear. This fear usually includes an increasing fear of the escalation of the frequency and nature of the conduct (for example, from non-violent to life – to threatening to life) and is accompanied by a feeling of loss of control

over the plaintiff 's life to the trauma of being stalked include the following:

1) a sense of betrayal and stigma
2) anxiety and fear, due to the unpredictability of the stalker's conduct;
3) feelings of being helpless and unable to control his lives;
4) lack of confidence in police, resulting in a failure of report
5) inaction, due to a lack of awareness that the conduct is criminal
6) Embarrassment, provocation and harassment.

Since 2002 to 2015 the defendant agents did not allowed the plaintiff to operate his four companies incorporated in State of New York, in his business functions and activities and the elements intentional deprived the plaintiff of his civil rights to work and make living and restricted all his financial resources that resulted plaintiff homeless and be living therein peonage life condition under racial discrimination harassment which is unconstitutional and violation of equal protection of law and due process under fourteenth amendment that these officers are acting under uniformity as co-conspirators including their perpetrators to cause plaintiff several injuries.

VI.

F.          Original and Successive Tortfeasors

As officers Raymond as the elements designated actor and original tortfeasors contrary to this indictment there with his accomplice of other African – Americans of his colleagues officers as officer Ernestine as one of the participant instead of the actor who is one of the successive Tortfeasors contrary to the elements crime commission of act under jointly sexual commission of act there under raped with several numerous officers to plaintiff wife there under the instigation of actor thereafter his first raped as repeatedly pursuant to section 2247) *under criminal conspiracy and omission to*

cause plaintiff harm to his family and business . *United States v Remoi, 404 F.3d 789 (3d Cir. 2005)* - Sexual abuse pursuant to *N.J. STAT. ANN. § 2C: 14-2(c)(2)(1990)* where the defendant agents penetrated physically helpless there under mentally defective, or mentally incapacitated victim which is a "Crime of violence" for sentence enhancement purposes, because it is "forcible sex offense" enumerated in U.S.S.G. § 2L1.2(II). Officer Raymond and officer Ernestine including their accomplice officers colleagues and perpetrators are liable for initial cause of action as officer Raymond who is the actor and original tortfeasor.

a) An Original Tortfeasors May Be liable for the Victim's Original and Successive Injuries, As New Mexico supreme follows the general rule that an original tortfeasor, who causes the first injury to the victim, also will be held liable for any additional injury to the victim and cause of action by the concurrent or succeeding negligence of a third personal which dose not break the sequence of events. Thus if the original tortfeasors is a proximate cause of both the original and successive injuries to the victim, then he will be held fully liable for both injuries.

b) A Succeessive Tortfeasor is liable only for the successive injury, Although an original tortfeasor is liable for both the original and successive injuries of the victim, in *Duran v. General Motors Corp.*

In New Mexico court recognized that a successive tortfeasor is liable only for the successive or enhance injuries,
That court found that liability is based only on the enhanced or additional injuries. Thus a successive tortfeasor's liability dose not extended to the original injury cause by the original tortfeasor but only the enhanced injuries cause by successive tortfeasor negligence.

*See Martinez v. First State Bank of Santa fe 107 N.M 268, 755 P.2D 606, ( Ct App. 1988)*

*As the W. Prosser, The Law of Tort §§ 46- 48 (4thed (1971)*

*See also Missouri Pac .R . R. v. Whitehead & Kates  Co, 566 S. 2d 466, 472 (Mo. En Banc 1978) makes no real difference between joint and concurrent tortfeasors today principle of fairness applies to both Stepenson v. McClure, 606 S. W. 2d 208, 211, n.5( mon App, S.D. (1980) contrary  to the wrongdoers substantial acts.*

In Lujan court which defined concurrent tortfeasors as following: when the negligence acts or omission of two or more persons combine to produce a single injury, the law consider those persons concurrent tortfeasors. *Lujan 120 N.M. at 425, 902 P.2d at 1028.* For a recent New Mexico Supreme Court case discussing current tortfeasors. See Otero v. Jordan Restaurant Enterprise 122 N. M 187 922 .P 2d 569  (1996)

 The New Mexico several liability Act acknowledge the general rules of several liability but establishes that joint and several liability still applies to four situation outlined by the New Mexico Legislature:

(1)  to person who intentionally inflicted injury (2) to person who are vicariously liability for the acts of another (3) to person strictly liable for the manufacture and sales of defective product and  (4) to situation not covered by the foregoing but that have sound basis in public policy  see N.M STAT. ANN *§ 41- 3A -1 (Repl. Pamp. 1996)*

 In *Lujan v. Healthsouth Rehabilitation Corp*, the New Mexico Supreme Court adopted the modern general release rule, under which a general release of an original tortfeasor does not bar a claim against a successive tortfeasor unless that intention affirmatively

137

appears in the release or releaser has received full compensation for all of his injuries.

See also Missouri court have *successive tortfeasor* dose not bar suit for original injuries against initial tortfeasor *Huff v. Harbaugh, 49 Md. App. 661, 67-71 435 A.2d 108,113 -14(1981)*

Missouri has expressly adopted the common law rule that an initial tortfeasor is liable for the original injury and for any foreseeable harm cause by substantial negligence.  see *Stachlin v. Hochdoerfer 235 S.W. 1060, 1062 ( MO 1921) announcing rule) see also Boehmer v. Boggiano, 412 S.W. 2d 103,109 (Mo1967)the initial tortfeasor is liable for the aggravated by subsequent negligence) Schumacher v. Leslie, 360 Mo. 12381245-46,232 S.W. 2d 913, 914 (En Banc 1950)(* liable for subsequent negligence that was probable and natural consequence of original wrong)

VI.

G                  *Multiple Successive Tortfeasors*

That Spanish Latinos officers action is under conspiracy to assist African – Americans police officers who do not stop sequence unbreakable events that cause additional injuries and inflict the original injuries condition in separate cause of action as result of their crime commission that produce single injuries under jointly and severally liability *Ramsay v. Camrac, Inc, 96 Conn. App. 190,899 A.2d 727, 734, (2006).*

As of the Spanish detective Latino officer as aider and abetting *people v Beeman 1984* who unlawfully and maliciously facilitating encourage, promoting to target the crime commission  therewith his others four Latinos officers as accompanying and accessing the material facts *people v Cooper 1991)* including with their perpetrators that are culpability the law  with mental state *people v.*

*Cook 1998)* that these elements who are assisting the African – Americans as jointly *successive tortfeasors* to commit federal crime under conspiracy to defraud, obstruct of justice section *1501, due administrative of justice 1503 and 1509, 1510 and 1512* to pursuant to 18 U.S. Code Chapter 73 in order to prevent law functions, eastern district court proceeding for due process in existing underlying verdict and to delay statute of limitation under new discovery to run out as the element objective to obstruct of justice. which has constituted to crime commission of murder, with several attempt murder, kidnapping, wire fraud 1343, mail fraud 1341 intentional accessing plaintiff unauthorized computer to obtain business information and under draft lawsuit complaint if the plaintiff is writing against them or suit the City of New York for damage claim and impaired plaintiff computer system functioning with purpose to impede of obstruct of justice and due process under omission and agreement to commit federal offenses there under conspiracy which is unconstitutional and violation of the plaintiff substantial legal civil rights under interference pursuant to 42 U.S.C § 1985(1)(2)(3) *with intimidation, humiliation, threaten, assaulting, blackmail, Retaliation of action against the plaintiff, suppressing evidentiary documents and potential evidence which is official misconduct pattern as result of elements consequential unbreakable events and intentional tortured pursuant to section 2340 that cause the plaintiff several injuries under this distinct offenses with conspiracy and omission.*

## VII.

### Sex Discrimination claim

Since 2002 the African – American police officers has intentionally and unlawful engaged therein Sexual harassment to the plaintiff and his workers which is in form of sex discrimination under racial discrimination context *(Meritor Savings Bank v. Vinson (1986) 477 U.S. 57, 67; Fisher v. San Pedro Peninsula Hospital, (1989) 214*

*Cal.App.3d 590.* The California Department of Fair Employment and Housing defines sexual harassment to include:

(1) Unwanted sexual advances or propositions, (2) Using derogatory comments,(3) Sexually degrading words used to describe an individual,(4) Physical conduct (5)Touching,(6)assault, (7)impeding or blocking movement) suggestive which as the object described in for sex discrimination motives in this case.

That sex discrimination can be man or woman which depend on the circumstance and conduct of sexual harassment.

This sex discrimination harassment is result of African – Americans and Spanish Latinos police officers who are acting under color of law and hatred by harassing the plaintiff not to have any contact with any white female under racial profiling which has constituted to sex discrimination that spread in the whole city for sexual harassing plaintiff everywhere on omission that is prohibited under state and federal thereof anti-discrimination law. *[Passantino v. Johnson & Johnson Consumer Products, Inc., 9th Cir., March 10, 2000.]*by chasing and following the plaintiff everywhere in the city and intentional target him under sexual harassment from his home to his office, from his office to subway or bus stop to his workplace, by using text messages from their cell phone for tracking the plaintiff movement if he is with a woman which is violation of enjoyment of life under fourteenth amendment and furthermore the element is texting messages one after the another for harassing the plaintiff everywhere, following him with the elements subjective motive and purpose if the plaintiff is with a white woman or engage in any business or hiring white women for his business in order to deprived him of his constitutional civil rights and equal protection of law which is unconstitutional and violation of equal protection of law.

Under this circumstance the elements place plaintiff under watch dog and restricted him of his freedom of moment, liberty, enjoyment of life, immunity and privileged since 2002 to 2015 under seual harassment for such prolongation of time and with result the plaintiff several complaint report and notification of awareness to defendant and his interior government subordinate who are responsible to remedy the situation and discipline these officers action under sex discrimination and there was no solution or remedial action contrary to this indictment of sex harassment  and the element did not stop their furtherance action of sexual harassment and sex discrimination as result of color of law and hatred under conspiracy and omission as of the elements cause of action and objective motives to cause the plaintiff harm by depriving him of his civil rights , freedom, enjoyment of life and privilege of life and business which is unconstitutional and racial discrimination which is violation of equal protection of law.

That element cause of action and their subjective motive of sexual harassment was under racial discrimination because the plaintiff was born and raise up in a white family as adopted child which motivated the African – American police officers action of sexual harassment and sex discrimination as result of color of law and hatred by using police power authority for scaring white women away from the plaintiff environment not to get in contact with any of them for hiring for his business as employee or to get married to have a family as nature modified which is racial discrimination and sexual discrimination harassment by  depriving the plaintiff of his family rights and enjoyment of life and intentional unlawful tortious interference into his business and employment contract not tpo hire white female in his business which is racism and violation of equal protection of law and due process of clause under fourteenth amendment as result of the elements sex discrimination harassment which is intentional and knowingly to cause plaintiff and his business foreseeable damages and financial injuries and economic

loss with element purpose that the plaintiff is from a white family that result their aggravated sexual harassment by depriving him not to have contact with any white female to have a family or hire them for his business purpose that the plaintiff need all race to be hire to conduct or to operate his business effectively as matter of law under EEOC employment regulation without discrimination of any color of law, race or national of origin as of the defendant agents unlawful engaged in racial discrimination and sex discrimination harassment and threaten the plaintiff employment under sexual harassment context which is abusive which has constituted to hostile environmental sexual harassment which the conduct is physical threaten that cause the plaintiff psychological being and severity under this type of conduct which is unreasonable interference of plaintiff's work performance as result of the elements sexual harassment *Harris v. forklife system Inc 1993) Carrero v. NewYork city housing Authority1989)*which prevail on hostile environment Title VII which prove that the harassment is sufficiently Severe"or pervasive which alterthe condition of employment that create an abusive working environment. That is sufficiently continuous and converted to be deemed pervasive *Paroline v. Unisys Corp. 1989)* there under this circumstance of sexual harassment.

under this circumstance of the elements objective motives under sex discrimination harassment and sexual harassment under conspiracy and omission they dispatched their fellow police officers and place the plaintiff under watch dog and target him in their account and barred the plaintiff of "enjoyment of life "not to have any sex with any woman under sexual harassment for years that resulted plaintiff suffering for  "sex tort" as element punishment to the plaintiff which is unlawful and unconstitutional misconduct pattern for barred the plaintiff enjoyment of life, and to hire professional white female workers to run his business which created an atmosphere so infuse with hostility that they alter the condition of  of employment *Chamberlin v.101 Realty Inc 1990)*if

these officers see the plaintiff with a woman they are using police power authority for intimidating, humiliating and scaring the women from plaintiff environment or they need the woman for themselves for sexual advance when the plaintiff is not under house arrest or in jail, that will motivate such police hostility action under sex discrimination and sexual harassment which is evil act with state of mind to ruined plaintiff family and business.

Since 2002 to 2009 the defendant agents did not allow the plaintiff to have any contact with any woman under their network system to ruined the plaintiff family and business and no sex with any woman for years that cause the plaintiff psychological impact under police sexual harassment for years as of these officers acting under omission and color of law for chasing and harassing the plaintiff from state to state, city to city and county to county by using other police officers under their network system of tracking the plaintiff everywhere when the plaintiff is not under police suspect of a crime rather for sexual harassment and to deprive plaintiff of his business activities purposes    which is unlawful and unconstitutional misconduct that is prohibited under the law enforcement provision section   14141as result   of   the   elements   inconsistence   and inadequate action under sexual harassment to the plaintiff not to have any contact with white woman which is violation of enjoyment of life and equal protection of law and due process of clause as matter of law under fourteenth amendment.

In 2010  as result of the plaintiff suffering as elements isolated  him from his companionship, from having friends, girl friend or to hire women in his business premised to run his business activities, under this circumstance the plaintiff bought a flight ticket and sent to his wife and brought his white woman from Europe and get married in March 25, 2010 at New York City hall  to his wife to have a family and children and also to assist him in his business in the office hence the Africa – American police officers has drove away his white female   workers   from   his   business   premises   under   hostile

environment sexual harassment and intentional interference which is wrongful act and tort *Garret v. Taylor, 79 Eng Rep 485( K.B. 1620)* that result all of the plaintiff employees quit the company under sexual harassment and sex discrimination context.

Under the same cause of action the element sexual harassed the plaintiff wife and thereafter the married in 2010 as furtherance action under the sexual harassment from African and American police officer as repetition of their sex harassment to the plaintiff everywhere, under this circumstance element intentional target the plaintiff wife by designated the actor (officer Raymond under sexual harassment to kidnapped and abducted the plaintiff wife at her martial home at midnight in May 22, 2010 when the plaintiff was at his overnight security duty under deception, lies and misleading false statements in malice there under omission and conspiracy which has constituted to these officers sexual assault and abuse to plaintiff wife under "jointly sexual commission of rap" with individual officers in directly and collectively up to 45 different police officers that engaged in sexual misconduct pattern to the plaintiff wife under color of law and hatred to ruined the plaintiff family as these officers under minding that this woman is married and she is under somebody and these officers disregard her husband and kidnapped her to damage plaintiff married and business in reprehensible motives and improper moral culpable as that resulted the plaintiff loss of consortium in 2010. *United States v Remoi, 404 F.3d 789 (3d Cir. 2005) - Sexual abuse pursuant to N.J. STAT. ANN. § 2C: 14-2(c)(2)(1990) where the defendant agents penetrated a physically helpless, mentally defective, or mentally incapacitated victim is a "crime of violence" for sentence enhancement purposes, because it is a "forcible sex offense" enumerated in U.S.S.G. § 2L1.2(II).*

*United States v. Romero-Hernandez, 505 F.3d 1082 (10th Cir. 2007) - Conviction for misdemeanor unlawful sexual contact in violation of COLO. REV. STAT. § 18-3-404(1) is categorically a forcible sex offense,*

*and thus a crime of violence under § 2L1.2.* This conduct includes non-consensual sexual contact that is not necessarily achieved by physical force. the element took his wife on the ground of sexual satisfaction and to cause harm to the plaintiff family and business under sex discrimination and  sexual harassment as proof evidence of the defendant agents sex discrimination harassment action which is suffice and sufficient evidence under this circumstance of sexual discrimination harassment to the plaintiff not to have any contact with a white female to hire for his business or to have a family and children in this case justified as result of the element sexual misconduct pattern under color of law.

Since 2011 to 2015 the element did not stop their sexual harassing the plaintiff under sex discrimination harassment as continuation of the element sex harassment to the plaintiff there after he loss his consortium which has constituted to equitable tolling and furtherance action to ruined the plaintiff family and business which is assault and abuse as result of the element indictment of sexual misconduct. as result of these officers continuation of sexual harassment and jointly sexual commission of rap to the plaintiff wife,  the plaintiff filed a complaint report to the District Attorney office in Manhattan and New York police internal Affairs bureau and most of these officers was demoted, discharge of duty, arrest and release by City of New York Authority as full proof of these officers sexual harassment as second evidence contrary to the element criminal sexual misconduct of sexual harassing the plaintiff and which has constituted the element target his wife and raped her with individual officers under deception, kidnapping and abduction which is federal sexual offense pursuant to section 2241 and 2242, which has cause the plaintiff mental suffering there under intimidation, embarrassment, humiliation, worry, sex tort that may be consider in the assessment of damage sustained by the plaintiff for reason of personal injuries. Where the evidence warrants such consideration *Webb v. Yonkers R.Co (1900) 51 AD 194,64 NYS 49.*

That element intentional barred the plaintiff not to have sex with any woman and contact with any white female as the element subjective motives of their action of raped under intentional sexual harassment by scaring woman from the plaintiff environment under their network system. By using police power and conspiracy and omission to punish plaintiff and his family and financial injuries to his business by driving the plaintiff female worker under sexual advance and sexual misconduct there under sex discrimination context as result of color of law and hatred which his prohibited under federal law of deprivation of family civil rights under 1983.

As result of the element furtherance action and equable tolling if the plaintiff is with a white woman either for his business, or to hire as employees or as friendship, or as companion the African – American police officers always interrogating and intentional interference there into the plaintiff relationship and privacy affairs, if they see the plaintiff with any white woman they are after her for sexual advance or scaring her or to chase her out of plaintiff environment for their sexual advance or for their purpose or sexual harassment her which is prohibited under law enforcement provision section 14141 as for police officers to engaged in such sexual misconduct practice or pattern. *United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir. 2004).*

Furthermore they always tell the woman that the plaintiff is smelling out in the public she should be careful such to degrade the plaintiff personality and integrity that they are police to scare the woman to be believe that the plaintiff is really smelling using this false statement in malice to damage the plaintiff reputation and professional carrier that created public hatred under threaten and frighten the white female with repeatedly under their assumption and purpose of their omission that plaintiff will hire white female for his business or have one of them as his girl friend or to have one of them as to have his family and children which is ridicules and evil act.

Under this circumstance the element continue their furtherance action and their wrong doing, by formed uniformity and dispatched themselves everywhere and be monitoring the plaintiff if he has any connection with and white woman which is federal criminal offense and they have no privilege of their wrong doing because the plaintiff came from a white family and community as he is belong which is unfair misbehavior in substantial overt act 371 to defraud under fraudulent intent to harm the plaintiff, his family and business under consequential unbreakable events to cause physical harm and financial injuries and foreseeable damages to the plaintiff and his business.

These officers that engaged in this sexual misconduct pattern are between the age of 24 to 36 years old at any time they see the plaintiff with a white woman in anywhere either the subway, inside the trail, restaurant. in the public library, in the street or bus stop they  always yelling that the plaintiff is smelling out but when they see the plaintiff with his black woman employee they never yelling that the plaintiff is smelling out which is oblivious, insulting and disgrace in the public as responsible and well educated person to be receiving such insult in civilized society that  damage  the plaintiff reputation and create public hatred.

The defendant agents has inconsistence violations plaintiff civil rights and family rights for deprived him to have family and children under section 1983 and barred him enjoyment of life, freedom of life, immunity, liberty and privileged to married and  have family in United States like normal people do which is violation under fourteenth amendment rights under equal protection of law and due process of clause as matter of law.

As result of these officers  sexual harassment for years they barred the plaintiff to have contact with any white women or women of any white color under sex discrimination harassment which is obvious

and embarrassment and provocation and passion that is highly offensive to reasonable person.

Since 2002 -2015 the elements did not allow the plaintiff to have contact with any woman of his choose there under sex discrimination there after the element damaged his married in 2010 that resulted the plaintiff loss of consortium and cause him several injuries.

As result of the police officers harassment by controlling the plaintiff life because he is alien and he was born and adopted child from a white family as cause of action that resulted the element aggressor and aggravated racial discrimination harassment and sexual harassment misconduct under hatred and color of law as the elements subjective motives that motivated them for sexual discrimination harassment by using police power scaring the white female from the plaintiff environment for not to have any contact with one of them.

On February 14, 2010 under this circumstance the plaintiff bought a flight ticket and brought his wife from Europe and to reunite with him as one family and have children and also assist and help him in his office paper works and both couple get married on March 25, 2010in City hall of New York and elements international interfered into his invasion of privacy and family and business affairs.

Since 2002 -2015 if element should allow the plaintiff to have a woman or get married to have his children born United States which would have been 10 years old while the small one would have been 4 years by now of which the plaintiff have been barred of such privilege and enjoyment of life and family civil rights like other people living in Unites State and have their family and children born in United States and have their businesses or been working to make living that plaintiff have be deprived of all his civil rights including

restricted the plaintiff his financial restriction and to work and make living and as result of defendant agents interference into plaintiff private life, family and business affairs.

And the element did not stop their unbreakable events or relief the plaintiff of this condition to have a woman and family and children in United States under their network system by chasing and harassing the plaintiff from different county to county, from state to state, hacking his e-mail, letters mailing fraud, wiretapped fraud tapped plaintiff private and business telephone, accessing the plaintiff unauthorized computer to obtain information for fraud and abuse, using this their network system for monitoring and tracking the plaintiff business and companionship everywhere by placing him in the position of this living standard without no woman as a man nature, no sex, no companionship, no friends, no girl friend and no wife and no children for years without break as punishment by insolated the plaintiff from the society, community or others to associate with him and be living with loneness and mental suffering and mental illness which is intentionally to ruined the plaintiff life, his family and business under intentional tortuous pursuant to section 2340 that cause plaintiff mental anguish and psychological impact and anxiety and depression, psychiatric which is assault and abuse and violation of constitutional civil rights and equal protection of law and due process of clause there under fourteenth amendment .

## Statement of facts

Under this circumstance the plaintiff is seeking 30 million dollars punitive damage and compensatory for his past and future pain and suffering for years without relief which has ruined his life, family, his business and professional carrier and family planning under this distinct offenses and sexual misconduct under sexual harassment and sex discrimination for depriving the plaintiff of enjoyment of

life, freedom of life, liberty. Immunity and privileged to have a family and children in United States.

**$30 million dollars for punitive damage and compensation for sexual harassment and sex discrimination harassment**

VIII.                    *LOSS OF CONSORTUIM  CLAIM*

*Original tortfeasor and state actor misconduct*

That the plaintiff brought this Loss of consortium claim against the defendant as result of his agents intentional sexual assault and abuse to plaintiff wife when they were living together as married couple in 2010 that resulted the plaintiff loss of consortium that cause him several injuries and mental suffering and permanent health problem as result of the actor and other numerous individual police officers  who unlawful engaged in jointly sexual commission rape to the plaintiff wife under omission and conspiracy as of the element  who designated the actor to kidnapped and abduction the plaintiff wife for rape under deception and lies and misleading false statement in malice at midnight when the plaintiff was at his overnight security duty which has constituted to African – American police officers and others for sexual assault and abused to the plaintiff wife under omission there to cause the plaintiff harm and to his family and business which is intentional and deliberately to ruined the family and business and damaged his married that resulted the plaintiff loss of consortium *Villaseca v. City of New York (1st Dept., 2008)that cause the plaintiff pain and suffering including several injuries and permanent health problem, psychiatric and stroke resulting the plaintiff cannot walk. Bissell v. Town of Amherst (4th Dept., 2008).*

On March 25, 2010 the plaintiff get married with his Swedish wife from Europe a white woman to have a family and children as married a couple and as nature provide. Thereinafter this married African – American police officers designated (officer Raymond, the actor for sexual harassment as the element objective motives to rape the plaintiff wife under color of law and hatred resulted the plaintiff loss of his consortium of consortium and cause him financial injuries *Hopper v. Regional Scaffolding & Hoisting Co., Inc. (1st Dept., 2005)*

That defendant agents was acting under furtherance action there after element hostile environment sexual harassment to the plaintiff white female workers and they all quit the company and cause the company financial injuries and foreseeable damages there after this events the element target the plaintiff wife under the same purpose and cause of action of sexual harassment to ruined the plaintiff family and business as facts and as elements objective motives under sexual discrimination conduct to plaintiff under deprivation of his family civil rights of 1983 and enjoyment of life under this circumstance of indictment of sexual harassment as prove of elements preponderance of the evidence for raping the plaintiff under color of law and hatred that constituted to sexual assault and abused to the plaintiff there under omission and substance overt act section 371 as repetition of sexual harassment to plaintiff wife as the elements sexual harassed to plaintiff white female workers at their business premises under unwanted touching, sexual advance and numerous telephone calls harassment without mention their names *Mckillop v. State 857, P.2d 358, (Alaska ) Ct 1993)(Lisbey v. Gonzales, 420 F.3d 930 (9th Cir. 2005) - Violation of CAL. PENAL CODE § 243.4(a) for sexual battery is a crime of violence under 18 U.S.C. § 16(b),* because the intimate touching of an unlawfully restrained person involves a substantial risk that physical force may be used. *Zaidi v. Ashcroft, 374 F.3d 357 (5th Cir. 2004) – of the element "following and harassing" the plaintiff, his wife  and his white female workers under stalking, sexual harassment and sex discrimination*

*harassment Malta-Espinoza v. Gonzales, 478 F.3d 1080 (9th Cir. 2007)*
-

Under this circumstance "Officer Raymond" as the actor and original tortfeasor engaged in numerous telephone calls to the plaintiff dwelling home without mentioning his name which is unlawful to execute their sexual omission and when the plaintiff pick the phone he hang up and when the plaintiff wife pick the phone he like to speak more that usual call and one day the plaintiff told him he should not call to his dwelling home that he will file a complaint report and he did not stop calling for harassing and embarrassing the plaintiff family.

 Under the same cause of action by sexually harassing and chasing the plaintiff wife from her martial dwelling home to  Kaplan university where she is studying, he tapped the plaintiff home telephone for track the plaintiff wife for sexual advance under sexual influence with the omission to kidnap her for their sexual omission with his purpose to damage plaintiff marriage and cause foreseeable harm to the plaintiff companies which is intentional and deliberately to commit federal sexual offense under section 2242 for aggravate sexual assault and abused and he knew and aware that this  woman is under her husband and she is married by using police power for intimidation the plaintiff and his family which is *terrorist threats* and sexual harassment *Bovkun v. Ashcroft, 283 F.3d 166 (3d Cir. 2002) – A conviction for making terrorist threats under 18 PA. CONS. STAT. § 2706 is a Crime of violence under 18 U.S.C. § 16(a). that a conviction requires proof of a threat to commit a Crime of violence (even if mens rea was reckless disregard), and that equals threat to use force.*

 By "harassing and following" plaintiff and his wife in their dwelling home at day and night with numerous telephone calls and at the same time listen to the couple conversation, by tracking the plaintiff moment and his wife under intrusion and interference into plaintiff

family and business affairs which has constituted to the elements intrusion of invasion of plaintiff privacy that married couple has the rights of their privacy *Griswold v. Connecticut 1965)* a decision protecting a married couple rights to contraception which was recognized again in 1973 *Roe v. wade* which invoke the rights to privacy which has been violated by these officers as result of sexual misconduct omission *United States v. Fernandez-Cusco, 447 F.3d 382 (5th Cir. 2006) .*

These officers assailants sexually assault and abuse to the plaintiff wife is under color of law and hatred which has constituted to as substantial overt acts section 371 to commit "hate crime" under section *249(a)(1)(2)  In ref: Mathew Sheppard and James Byrd Jr hate crime prevention act of 2009 which is federal serious offense and felony that is actionable under prosecution charges In reference to Arkansas western district court (United States v Frankie Maybee 2011)(State v Michelle 1993) United States v Samuel Mullet (2013) United state v. Levinson  405 F.2d 971 977 6th cir 1968) which is violation under  federal sexual offense pursuant to section 2241 and section 2242 States v. Fernandez-Cusco, 447 F.3d 382 (5th Cir. 2006) United States v Remoi, 404 F.3d 789 (3d Cir. 2005)as result of the actor* instigating, inducing other officers to commit federal sexual offense *Prakash v. Holder, 579 F.3d 1033 (9th Cir. 2009) by Soliciting another to commit rape by force and violence with the intent that the crime be committed in violation of CAL. PENAL CODE § 653f (c) which is a Crime of violence  under 18 U.S.C. § 16(b). Although the crime of solicitation* can be *committed without the use of force and before any actual force is used, this does not diminish the substantial risk of violence that solicitation of rape inherently presents. Massis v. Mukasey, 549 F.3d 631 (4th Cir. 2008) - Under 1995 Maryland law, an offense of reckless endangerment and criminal contempt is a "Crime of violence." United States v. Gomez-Gomez, 547 F.3d 242 (5th Cir. 2008) - A conviction under California's rape statute, CAL. PENAL CODE § 261(a)(2), qualifies as a forcible sex offense, and therefore, a Crime of*

*violence, even if perpetrator used constructive, non-physical force of duress. The plain meaning of "force" is defined, inter alia, as pressure directed against a person or thing. Since pressure can be both physical or mental in nature, a sex offense committed using constructive force qualifies as a forcible sex offense and is a crime of violence as matter of law See De Hoyos v. Mukasey, 551 F.3d 339 (5th Cir. 2008) - A stalking offense pursuant to S.C. CODE ANN. § 16-3-1700(B) (a pattern of words, whether verbal, written, or electronic, or a pattern of conduct that serves no legitimate purpose and is intended to cause and does cause a targeted person and would cause a reasonable person in the targeted person's position to fear: (1) death of the person or a member of his family; (2). assault upon the person or a member of his family; (3) bodily injury to the person or a member of his family; (4) criminal sexual contact on the person or a member of his family; (5) kidnapping of the person or a member of his family; or (6) damage to the property of the person or a member of his family)which is a Crime of violence as matter of law, The outcome of the stalking offense is analogous to the enumerated offenses which comprise violent felonies (i.e. Crime of violence. Also if a state judgment contains a checkmark inside a box next to "non-violent" rather than a box which states "violent," that by itself is immaterial.*

VIII.

A.    Forfeiture of property under pretext

Under the same cause of action, these same officers under conspiracy and omission forfeited the plaintiff business van with 8 seat under pretext that the plaintiff vehicle front inspection tag was not properly fix and without given me time to fix it in front of his screen window as excuse and pretext and carried the plaintiff vehicle and sold it to the Spanish police officer or one their relative which is stolen by trick under threaten when the inspection tag appeared on the front screen window visible and clear which is insufficient to forfeit the plaintiff car under pretext. These officers

did it purposely to punish the plaintiff because the plaintiff was homeless and he has been sleeping inside his car every evening for several months thereafter the element took the plaintiff wife at her martial dwelling home and raped her then after, these officers deprived the plaintiff of his civil right to work and make money for his living and pay for his daily expenses like normal people there under racial discrimination and harassment. These police officers in question under this indictment and pretext misconduct are acting under hatred which is abuse under state and federal law. Furthermore the officer seized the plaintiff evidentiary documents both inside the car and at home not to proof his evidence before the federal court including used malicious software to access plaintiff unauthorized computer and cell phone and deleted the information and pictures related in the officers who has committed this crime commission of acts which is fraud and as result of element wrong doing under invasion of plaintiff privacy under intrusion as the elements violation of plaintiff constitutional civil rights and equal protection of law and due process of clause under fourteenth amendment.

**The plaintiff has attach a photo of his vehicle seized under pretext) ( Federal Rule of evidence Exhibit ( G ) page 155**

*A Copy of the plaintiff business van photo with four doors*

*VIII.*

> *B.*        *The Actor criminal misconduct*

As result of the element sexual omission to rape plaintiff wife the actor unlawful and maliciously engaged in burglary, trespass, kidnapping and abduction to the plaintiff wife, *Rape/Statutory Rape, and break and entry into the plaintiff enclosure seclusion closet inside*

*his bedroom for fraudulent intent to defraud the plaintiff business and money under conspiracy by using his wife under invasion of privacy.*

## VIII.

### C.                             *Break and Entry*

On May 22, 2010 at midnight there after officer Raymond numerous telephone calls to the plaintiff dwelling home under threaten and telephone harassment under sexual influence and sexual advance he intentionally and deliberately went to plaintiff dwelling home at 524, 68 beach Arverne, New York in Far Rockaway at midnight where the event happened in absence of the plaintiff was not at home and he went  to his overnight security duty as security officer there after listing the couple conversation under invasion of privacy where he found out that the plaintiff is way at home and he unlawful engaged in his criminality under burglary, trespass, kidnapping and abduction and rape omission there with deception, lies and misleading false statement in malice that he is a police boss in New York City from (NYPD) that her husband is a common security officers that her husband and his companies are conducting scheme and fraud business that the whole companies has filed Bankruptcy with U.S Bankruptcy court  that her husband can be arrested at any time by police and been a police officer she believed him by degrading and declaring the plaintiff as criminal before his wife under threaten and frighten that create fears and shock to plaintiff wife , before the actor should engaged in such omission and sexual misconduct he must be with a gun for threaten the plaintiff wife to let inside the dwelling home to commit his burglary, trespass, rape , kidnapping and abduction under deception and lies and misleading false statement in malice for his sexual advance and fraudulent intent and impeachment United States v. Soto-Sanchez, --- F.3d ----, 2010 WL 3894467 (6th Cir. 2010) under this circumstance he has sexual intercourse with the plaintiff wife in her martial dwelling home in absent of her husband with his success

omission for knowingly that original master is not at home and he intentionally committed his burglary ,trespass and kidnapping and rap action under deception and lies and misleading false statement. in her martial dwelling home under duress, and constructive force to accomplish their omission for individual officers jointly sexual commission rap that damage the plaintiff married which is criminal trespass. *United States v. Delgado-Enriquez, 188 F.3d 592 (5th Cir. 1999)* - Criminal trespass under a divisible COLO. REV. STAT. § 18-4-502 (knowingly & unlawfully entering/remaining in a dwelling) which creates substantial risk that physical force will be used against residents of dwelling and is, therefore, a crime of violence under 18 U.S.C. § 16(b). that this Case was approved by *United States v. Venegas-Ornelas, 348 F.3d 1273 (10th Cir. 2003)* (dealing with same divisible part of COLO. REV. STAT. § 18-4-502).

In the following morning when the plaintiff return home from his overnight duty his wife disappeared from home and he found out the closet inside his bedroom was broken and he took away four big bags that contained the plaintiff valuable documents related to his private life and business and furthermore the plaintiff found out in the toilet cabinet their floating condom on top of the water inside cabinet as evidence of the actor sexual rapped to the plaintiff wife at midnight when plaintiff was at his overnight duty.

VIII.

### D.          *Rape/Statutory Rape*

That the actor criminal sexual misconduct was under trespass to engaged in sexual intercourse with plaintiff wife in absence of her husband which is violation of the plaintiff invasion of privacy under trespass because he knowingly and aware that the woman is married and she is under somebody and the actor disregard her husband and engaged in sexual intercourse conduct to this woman under threaten which is consider *forcible act* because there was

*active pressure* and creative fears under threaten of penetration (*United States v. Gomez-Gomez, 547 F.3d 242 (5th Cir. 2008) - A conviction under California's rape statute, CAL. PENAL CODE § 261(a)(2), qualifies as a forcible sex offense, and therefore, it is Crime of violence.*

That actor Contempt criminality is first degree under *N.Y. PENAL LAW § 215.51(b)(i)* which was found to be a "crime of violence" under *18 U.S.C. § 16(b).* which is state of mind to commit federal sexual offense which is *(Men rea)* under this circumstance of his criminality commitment with the plaintiff wife which was under criminal conspiracy, deception, lies misleading false statement in malice to degrade the plaintiff personality and integrity with intentional to commit *burglary, trespass, kidnapping, abduction, sexual raped which is federal criminal offenses Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).*that plaintiff want the court and jury to cross examine the evidence and conduct of the actor through this evidentiary prism under this deposition as actor misconduct in conflict with that of the Commonwealth, and regard as the true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn there from." *Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).*

Thereinafter the actor rap, burglary, trespass, kidnapping and abduction he instigated and induced African – Americans police officers and others for individually and collectively to repeat the same sexual rap to plaintiff wife under omission to cause the plaintiff harm there under his kidnapping and abduction there with omission and conspiracy to damage the plaintiff married and family *(United States v. Chacon, 533 F.3d 250 (4th Cir. 2008) -* A conviction for second-degree rape under MD. CODE, ART. 27, § 463 (repealed 2002) has as an element the use, attempted use, or threatened use of

physical force against the person of another, and thus is a "Crime of violence" , if the offense is committed under the statute's first and third subsections, namely, (1) engaging in sexual intercourse with another by force or threat of force and (2) The statute's second subsection, sexual intercourse with another who is mentally defective, mentally incapacitated, or physically helpless and the actor knew or should reasonably known of such disability, however, can be violated without the use or threat of physical force as the actor went to the plaintiff home to commit Statutory Rape, burglary and kidnapping, abduction and criminal trespass for fraudulent intent and to impeach  plaintiff under invasion of privacy.

He unlawful and malicious act under criminal conspiracy by soliciting  others to commit the same criminal sexual misconduct pattern *United States v. Cornelio-Pena, 435 F.3d 1279 (10th Cir. 2006) - Solicitation to commit burglary of a dwelling is a Crime of violence and* Aggravated Felony *,that Crime of violence's include crimes that are sufficiently similar to aiding and abetting, conspiracy, and attempt when underlying crime is Crime of violence and solicitation (commanding, encouraging or requesting another person to commit a crime with intent to promote the commission of crime) is sufficiently similar to each other.*

VIII.
###   E.                    *Burglary*

That after actor first rapped at that midnight that he may be display a weapon as threaten and fear to the plaintiff wife to allow him inside the dwelling home to commit his criminality under burglary, criminal trespass, rap, kidnapping and abduction, to *Solicitude other officers to committed jointly sexual commission of rape with individual officers under omission,*  he intentionally break into plaintiff private seclusion closet inside his bedroom there after his

first rapped with constructive objective and looted the plaintiff four big bags that contained the plaintiff life valuable documents related to his business, private life and families including banks accounts and transaction, block of cheeks books, business contracts, workers payroll, life and business insurances, personal identity, passports and government issue documents and more under this circumstance the actor and kidnapped the plaintiff wife at that midnight in order to complete his omission and fled to his home with plaintiff wife for abduction in order to commit fraudulent tent  and impeachment which is his objective motives under his omission with state of mind and his action and criminal commitment is burglary and criminal trespass offenses. He intentionally engaged in unlawful and malicious burglary just like asking a servant at home when a theft comes home to break into his master apartment or dwelling home in absence of home owners to force open his/her master seclusion private enclosure and stolen his/her properties under threaten and fears and after his burglary and kidnapped the plaintiff wife and he was with the possession of these stolen properties under his control which can be consider theft at home United *States v. Cardenas-Cardenas, 543 F.3d 731 (5th Cir. 2008) - The U.S. Supreme Court in James v. United States, 550 U.S. 192 (2007) did not overrule the Fifth Circuit precedent finding that a conviction for burglary under TEX. PENAL CODE ANN. § 30.02(a)(1) was a Crime of violence . In James, the Court dealt with a Florida burglary statute that criminalizes unlawful entry onto the cartilage of a structure. The Texas burglary statute, on the other hand, criminalizes entry into habitation or a building. United States v. Castillo-Morales, 507 F.3d 873 (5th Cir. 2007)United States v. Carbajal-Diaz, 508 F.3d 804 (5th Cir. 2007) - MO. ANN. STAT. §§ 569.160, 569.010(2), under which Carbajal-Diaz was convicted for burglary, swept more broadly than Crime of*

*violence offense of "burglary of dwelling" by including buildings that may not be considered dwellings. However, under modified categorical approach, the burglary indictment specified burglary of an apartment, and because the apartment in question was a dwelling, the offense was a crime of violence. United States v. Guadardo, 40 F.3d 102 (5th Cir. 1994) - Burglary of a habitation under TEX. PENAL CODE ANN. is a per se Crime of violence under 18 U.S.C. § 16(b). The court relies on reasoning in United States v. Flores, 875 F.2d 1110 (5th Cir. 1989) (whenever a private residence is broken into, there is always a substantial risk that force will be used).*

(A)   That reference to The Commonwealth and Lay case as the trial court deliberations, that offered identical instructions on the breaking element of the burglary charge. The agreed-upon instruction defined "breaking" as the "use of some force, however slight, to gain entry." Va. Model Jury Instruction at No.12.600, in 12-49 (2006).During their deliberations, the jurors asked the trial court to define "some force, however slight" in the breaking instruction. They further asked: "Must there be physical or can it be intimidation or other emotional means?" With the agreement of the Commonwealth and Lay, the trial court did not directly answer the question but instead directed the jurors to rely on the instructions they had been given. The jury found Lay guilty of statutory burglary under Code § 18.2-92 and abduction under Code § 18.2-47(A).

(B)   A "breaking" under burglary law can be "either actual or constructive." *Bao Quoc Doan v. Commonwealth, 15 Va.App. 87, 99, 422 S.E.2d 398, 404 (1992).* Actual breaking requires

the use of physical force, often against some structural aspect of the entry portal. See *Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981).* "Merely pushing to open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime." Id. At 876, 275 S.E.2d at 595 (*quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922).*

On the other hand, constructive breaking can include fraud, threats, trickery, conspiracy, or some other nefarious conduct designed to prompt the victim to let the burglar inside. *See id. at 876, 275 S.E.2d at 594; Bao Quoc Doan, 15 Va.App. at 99, 422 S.E.2d at 404-05* (distinguishing "physical force" from "threats, fraud or conspiracy" and finding either category sufficient to prove a breaking). When an intimidated or defrauded victim "opens the door and the thief enters, such entry will amount to breaking in law; for which some have given as a reason, that the opening of the door by the owner being occasioned by the felonious attempt of the thief, is as much imputable to him as if it had been actually done by his own hands." Clarke v. Commonwealth, 66 Va. (25 Gratt.) 908, 912 (1874) (citing 1 Russell on Crimes 792). Constructive breaking principles thus recognize that, while the burglar may not technically use actual, physical force to gain entry, "the law will not suffer itself to be trifled with such evasions." 4 William Blackstone, Commentaries on the Laws of England 226 (1769).

505.    Lay does not contest these settled principles. He simply assumes the jury instruction defining "breaking" in this case limited the jury's fact finding to the presence or absence of actual,

physical force against the entry portal. Upon that assumption rests his question presented: "Was the evidence sufficient to prove an actual breaking when entry was made without the use of force against any object attached to the premises and used for security?" Appellant's Br. at 2. Which says We do not answer this question, however, because we disagree with the assumption underlying it.

Nothing in the text of the instruction in any way qualified the concept of force. The instruction required only a showing of "some force, however slight." Va. Model Jury Instruction No. 12.600, at 12-49. As the jurors' question suggested, "some force, however slight" could be understood to include actual as well as constructive force. See Black's Law Dictionary 673 (8th ed. 2004) (defining "force" to include both actual and constructive force).[1] Nor does the instruction say that the force must necessarily be directed against an "object attached to the premises and used for security." See Appellant's Br. at 2. It merely stated that force be used "to gain entry." Va. Model Jury Instruction No. 12.600, at 12-49.[2] Force includes "power, violence, or pressure directed against a person or thing."Black's Law Dictionary, supra, at 673 (emphasis added). Given the lack of any further qualifications, the "to gain entry" phrase in the instruction permitted the jury to find Lay guilty if he forced the victim to open the door no less than if he forced the door open him. That actor knowingly, willfully and maliciously enter the home and remaining to commit federal criminal offenses knowingly that her husband the original master of home was on overnight duty and he use police advantage under deception and lies to execute his criminality under conspiracy and omission by forcing himself inside the

house."to execute his subjective motives there with reprehensible motives with improper moral culpability of stationary burglary john (*Robert Lay v. commonwealth Record No.1957-06-4 04 ( 2007).*

As matter of law as "Black's Law Dictionary, supra, at 673 defined under this theory of principal of actual force and constructive force described contrary to this verdict and indictment of officer Raymond criminality of sexual offense and burglary which prejudice and precluded the same offenses commitment are under the same substantive motives thereof *"actual force"* and *"constructive force" which is applied in this case* under his state of mind which was used in both "sex act and burglary" under sexual influence and penetration of raped which is trespass under his first raped which has constituted to kidnapping and abduction thereof repeatedly instigated other of the same sex crime fact under section 2247 as the offender and as actor the original torfeasor by inducing foreign penetration under the same sexual conduct in which force may be used as the elements motives to commit his burglary with "constructive force" which was used for breaking and gain entry into the plaintiff dwelling home and his seclusion private closet inside his bedroom of which such action is intentionally and maliciously under "forcible act" *Martin v. Commonwealth, 272 Va. 31, 34, 630 S.E.2d 291, 292 (2006)* (observing that, in sexual offenses, of which the court and juries "which was repeatedly held that 'force' includes both (*actual and constructive force*) *Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947)* ("*Under the law of two types of force, active and constructive, are recognized*) that applies under this circumstance of indictment in this crime fact. That proof of evident of

*break and entry with constructive object which is sufficient element in this case.*

  Under this circumstance Officer Raymond has *violated (ACCA) Armed Career criminal Act., under his Burglary Descamps v. United States ( 11-9540) United States v. Drummond, 240 F.3d 1333 (11th Cir. 2001) - Menacing, under N.Y. PENAL LAW § 120.14 (intentionally places/attempts to place person in fear of physical injury/serious death by displaying deadly weapon/instrument) is a Crime of violence under 18 U.S.C. § 16(a) because it involves the use or attempted use of force because officer Raymond went to the plaintiff dwelling home at midnight with a gun as police officer to threaten and create fears to to the plaintiff wife to gain entry into the dwelling home to commit his rape, burglary, kidnapping and abduction under this circumstance of his criminality of separate criminal offenses under this indictment. VIII.*

     *F.*                 *Criminal Trespass*

That as the actor push the door and slightly entered inside the dwelling home is without the authorized of the master of home owner which is trespass there to commit his rap and burglary (*Robert Lay v. commonwealth Record No.1957-06-4 04 (2007).*which is criminal trespass *United States v. Delgado-Enriquez, 188 F.3d 592 (5th Cir. 1999) - Criminal trespass under a divisible COLO. REV. STAT. § 18-4-502 (knowingly & unlawfully entering/remaining in dwelling home) creates substantial risk that physical force will be used against residents of dwelling and is, therefore, is a Crime of violence under 18 U.S.C. § 16(b). a case was approved by United States v. Venegas-Ornelas, 348 F.3d 1273 (10th Cir. 2003)(dealing with same divisible part of COLO. REV. STAT. § 18-4.*

**Federal Rule of Evident  Exhibit ( H )  page 165**

1) *A copy of photo of break and entry into seclusion closet at plaintiff bedroom under burglary and looted plaintiff valuable documents for impeachment and petitioning in the government offices and private companies and financial institution.*

2) *A copy of photo of condom floating on top of water inside cabinet that the officer used to rap the plaintiff wife at midnight in his dwelling home in absent of the husband at overnight duty.*

**VIII.**

**G.**     *Family Court action for fraudulent intent*

*On Oct 6, 2010* there after the actor committed burglary and raped and the plaintiff wife was living with him under her kidnapping and abduction he instigated and force her to lies against her innocent husband in order to claim $10 million dollars claim from the family court under fraud where the actor was hiding her for sexual assault and abuse under his command and ordered her as well to seek order of protection against the plaintiff so that she will not be able to return back to her husband home to reunited to her family as trickery motives  because the plaintiff wife just came from Europe and her first time in United states and she is not familiar to the United State law or the life in New York City as the actor used as advantage and kidnapped her under deception, lies and misleading false statement in this distinct offenses.

The plaintiff wife did not know the United States laws or familiar with the society and the actor was using this principle and his police advantage and be misleading her and she believe that he is police officer and she continue to believe  him because she has no choice and she is under his command under kidnapping and abduction. *United States v. Moreno-Florean, 542 F.3d 445 (5th Cir. 2008) United States v. Soto-Sanchez, F.3d , 2010 WL 3894467 (6th Cir. 2010)*

. And during the plaintiff wife was kidnapped and disappearing from home in May 22, 2010 at midnight, the plaintiff went to file police report at police precinct that his wife disappeared from home at the police precinct 101 and they refused and denial the plaintiff to file a police report because his wife disappearing is under police conspiracy and they would not tell the plaintiff where the actor was hiding her or disclose the location to the plaintiff because it was police officer who was hiding her and they aware of the crime and conceal it which is corruption.

They hiding this woman and for the purpose and objective for there sexual assault and abuse and also for fraudulent intent to defraud *Cortez-Guillen v. Holder, 623 F.3d 933 (9th Cir 2010)*

   Under this circumstance the police precinct 101 would not assist the plaintiff where about his wife and he was crying in his face with tears and pain as result of heart breaking of his wife disappearing rather the three African – Americans police officers women on May 23, 2010 on the front desk on duty forced the plaintiff out of the police precinct and pushed out with force in police precinct and said that the plaintiff should not come to the police precinct again which is corruption and criminal misconduct practices and these officers hide the plaintiff wife and the actor and his police colleagues continue to raping her one after the other individually and collectively that cause the plaintiff mental anguish, psychological impact, depression shock and fear that the his wife is going to die or something else will happened to her for her disappearing from home and these police officers on duty concealed their criminal misconduct because the plaintiff is alien which is unconstitutional and unlawful sexual misconduct under kidnapping with conspiracy and omission to harm the plaintiff and his wife.

Under this situation plaintiff have nowhere to find his wife *Fleeter Thorpe, v. State of New York 1975* as result of the elements negligent

and misinformation given to the plaintiff that they do not known where to find the plaintiff wife and they knows were about her and Conceal the crime facts under police conspiracy to punish plaintiff and harm his family.

As matter of law as competent police officers on duty suppose to pay attention to such crime and they fail to assist the plaintiff to locate his wife and concealed the information and kept the plaintiff suffering with pain and suffering that any officer witness and officer violating  individual citizen or lawful alien constitutional civil rights or misconduct pattern and fail to act to prevent such crime she/he is also liable for the cause of action.

The officer on duty intentionally inflict the plaintiff injuries by throwing  him out of the police precinct and tell the plaintiff should not come to the precinct again and they knowingly that their fellow officers has committed a crime and they concealed it which is intentional harassment, embarrassment, provocation and passion under this circumstance of criminal indictment.

That the police precinct 101 action is under racial discrimination and violation of equal protection of law and due process which is abuse of due process *Kappel v Bartlett Cal. Supra and after this incident the plaintiff called 911 to file a police report and the police precinct 101 officers came to the plaintiff home and they refuse and denial the plaintiff police report in order to cover other officers wrong doing which is violation of plaintiff legal rights.*

518. Under this circumstance and as result of police precinct misconduct pattern or practice the plaintiff filed a complaint report to the New York police internal affairs bureau and district Attorney office in Manhattan for investigation contrary to this indictment.

That after several weeks and months of the plaintiff worried and searching for his wife and unknown location where about the actor was hiding her therefore keeping the plaintiff suffering with pain.

520. In October 6, 2010 the actor instigated the plaintiff wife to file a claim of $10 million dollars claim against plaintiff in Family court in Queens county under her kidnapping and abduction and force her to lies against her innocent husband with his purpose to fraud that if they succeed for the claim he will tell her to file a divorce and remarried her and during the family court finding and hearing, the court found out that her claim and lies was under fraudulent intent and to defraud the plaintiff.

Therewith instigation of officer Raymond the actor as his objective motives of kidnapping her to use here to defraud there after he stolen the plaintiff properties under his burglary omission for his impeachment.

Under this circumstance the actor assigned two lawyers for her and during the court finding and hearing the plaintiff wife fail to appear in the court with their two lawyers after three times of court hearing and court sent three times notice of appearance to their lawyers and there was no respond and under this circumstance the family court dismissed the claim and the order of protection against the plaintiff wife as result of the court discovery the actor omission to used the plaintiff wife to fraud plaintiff which is criminal offense.

That the actor intentional and deliberately engaged in unlawful and maliciously criminality misconduct to fraud the plaintiff by using his wife to commit fraudulent intent during her abduction that the family court discovered and dismissed the verdict on the ground of defraud and lies against the plaintiff, that actor criminality as a police officer is punishable and chargeable as matter of law in order to deterred others not to repeat the same criminal misconduct.

That after the family court the actor and his officers colleagues engaged in furtherance action and substantial overt act section 371 there under unbreakable events that constituted to the element several attempt murder and plot to murder the plaintiff as result of elements wrong doing and corruption and to prevent district court action against them and lawsuit against the City of New York which is official misconduct, corruption and obstruction of justice and deprived plaintiff substantial legal rights due process.

That actor and his accomplice police officers who are acting under color of law and hatred has cause the plaintiff intentional tort, negligence tort, strict liability tort and false light torts which is extreme in degree and outrageous conduct as to go beyond all the possible bound of decency and to be regarded as atrocious and utterly intolerable in a civilized community *(Cherry v Crow, (1994 ) 845. Spp.1520.(United States v. Melchor - Meceno, 620 F.3d 1180 (9th Cir. 2010*

That after the dismissal of the family court, Officer Raymond till continue to instigating others officers up to 45 or more police officers to be rapping the plaintiff wife one after the other because of hatred and color f law as result of his court plan failure to defraud the plaintiff and the plaintiff and his wife are till married without divorce during these events which is sexual assault and Abused that break and damaged plaintiff married and under this circumstance the Supreme court granted divorce in favor of the plaintiff that resulted the plaintiff lost of consortium.

That actor and his officers colleagues has intentionally and willful separated the plaintiff and his wife as result of color of law and hatred and ruined the plaintiff family and business and cause the plaintiff mental suffering and psychiatric and stroke which is ongoing treatment psychiatric and primary doctors in Elmhurst hospital up to date.

VIII.

H. *Punitive damage and Compensation*

As result of element break plaintiff married and loss of consortium under conspiracy and jointly sexual commission of rap with plaintiff wife there with individual officers under omission and kidnapping and abduction that cause plaintiff physical injuries, mental anguish, embarrassment, psychological impact, loss of vision of left eye. anxiety and depression, mental stress, stroke that constituted to his moment disorder of his right side leg and unable walk that resulted his disability, disfigurement and sexual malfunction, brain weaken as result of medication, loss of job and earning , loss of business and profit that constituted to the plaintiff pain and *suffering Villaseca v. City of New York (1st Dept., 2008)* <u>Bissell v. Town of Amherst</u>(4th Dept., 2008) under this circumstance and condition of the plaintiff situation under permanent heath condition the plaintiff sought punitive damage and compensation of **$40 million dollars )** from the City of New York for his loss of consortium as result of the **his pain and *suffering (for his past and future pain and suffering.***

That plaint attach his ex- wife photo copy and divorce documents as from the supreme court of New York as evidence proof of loss of consortium including order of protection letter as proof of the actor fraudulent intent to defraud plaintiff as result of his criminality that cause the several injuries pain and suffering

**Federal Rule of Evidence Exhibit (I) page 171**

(1) *A photo copy of the plaintiff ex-wife and divorce documents from the Supreme court of New York.*

(2) *A letter of dismissal as court claim from the family court as result of fraud claim.*

IX.                          *False light Claim*

    A.                       *Under the invasion of privacy*

    ———————————

The plaintiff  respectfully brought the false light claim against the defendant and sought punitive damage and compensation as result of his agent violated plaintiff invasion of privacy under intentional intrusion into his personal privacy, family and business affairs there from the  state actor 'officer Raymond' under his distinct offenses as the original tortfeasor, who intentionally and knowingly disregard the federal common laws as knowledgeable law enforcement agent and violated the plaint privacy that constituted false light tort *see e.g Gannett Co v. Anderson 947 So 2d 1,3,6, (Fla Dist Ct App 2006)* which discussing trial court approval of false light claim presented without proof that implication alleged was in fact false aff'd on other grounds 994 So 2d 1048 Fla 2008) as of the actor intentional engaged therein unlawful substantial act and violated plaintiff seclusion of invasion of private under break and entry into his seclusion of his enclosure of his closet with constructive object at midnight without the plaintiff consent and stolen his valuable documents related to his privacy and business affairs and he exposed the material facts to the public interest and concern which has constituted to false lights tort (a) in which the other was placed that is highly offensive to reasonable person. (b) that the actor acknowledge of acted in reckless disregard the falsity of publicized matter and false light in which other would be placed. *See Dean William prosser* distilled amorphous legal protection of privacy into four distinct cause of action (1) intrusion upon solitude (2)Public disclosure of embarrassing facts. (3) Appropriation of individual's name or likeness.(4)  Publicly casting person into false lights, See William prosser privacy 48 Cal. L Rev 383, 389 (1960) Dean William prosser's conception of tort of false lights of invasion of privacy

ultimately accepted by the American Law instituted set forth in restatement (Second) Tort of (1977)

That actor has committed two separate causes of cause which distinguish between False light claim and Defamation claim under this circumstance thereof two separate offenses which will be base on different claim action in this verdict for new trial and summary of judgment as matter of law under private figure classification as of the crime fact of false light defined as matter of law that the state actor has committed separate cause of action with state of mind there with defamation of reputation under false statement in malice and false light torts under invasion of privacy which are two different claims as matter of law modified which has constituted to plaintiff different private torts therewith substantially different elements in this verdict and indictment.

*Under the Texas law, a person who, by giving publicity concerning another and places the other in a false light, is liable for invasion of privacy if "(a) the false light in which the other was placed would be highly offensive –*

*False light invasion of privacy is but one of five different causes of action for invasion of privacy recognized by Restatement (Second) of Torts § 652A (1977)*

That the actor knowingly, willfully and maliciously under state of mind violated the plaintiff privacy right under invasion of privacy under negligence and recklessness and disregard the truth by place plaintiff and family in false light under the following four offensive.

*"(a) Unreasonable intrusion upon the plaintiff private seclusion and enclosure of invasion of privacy .*

*(b) Appropriation of the other's name or likeness with other person Presumable to be the plaintiff which is defamatory context in malice*

to cause the plaintiff physical injuries and foreseeable damages and financial injuries and emotional injuries.

*(c)* Unreasonable publicity and solitude plaintiff private information and confidential documents under public concern which suppose not to be happen or disclose to the third person for compelling the contents for impeachment.

*(d)* Exposed and disclosure plaintiff stolen confidential documents related to his privacy, families and business affairs under Public disclosure of embarrassing facts which has place the plaintiff false light tort that resulted the plaintiff pain and suffering, mental anguish and psychological impact, embarrassment, provocation therefore the actor is liable for the cause of action as original tortfeasor by placing the plaintiff and his family in false light tort under negligence and reckless there under this distinct offenses of his intrusion and trespass that resulted the public classified the plaintiff with bad impression that he did not hold as result of the actor who started the initial events under negligence to harm the plaintiff name and his personality.

*(e)* Exposed the plaintiff wife under public sexual assault and abused, endangerment, torture that inflict plaintiff several injuries which can be consider as matter of jurisdiction context of violation of invasion of the plaintiff privacy because husband and wife is consider to be one couple of which the privacy have to be preserve and respected as matter of couple privacy rights and tort law.

In May 22, 2010 at midnight the actor committed burglary offense under break and entry into plaintiff seclusion enclosure closet inside his bedroom there after the actor engaged in sexual intercourse with the plaintiff wife under threaten, deception, lies, and misleading false statement in malice therefor he looted the plaintiff four big bags that contained his valuable documents related to his private

life, family and business affairs including  bank account and contract transactions and more as result of the actor invasion of privacy under burglary and trespass there to cause plaintiff foreseeable harm, physical injuries and emotional injuries that he acknowledge of his substantial risk  and acted in recklessness and disregard as to falsity and publicized and disclosed the plaintiff stolen documents materials facts under public interest that he would have not to be disclosed or publicized under public concern.

 The actor malicious false statement in actual malice and exposure and disclosed wrongful information about plaintiff confidential documents contents that he was stolen under burglary and  invasion of privacy to the public concern which is unlawful and violation of invasion of privacy there under his deception, lies and misleading false statement in malice to commit crime fact under public disclosure of private embarrassing facts therefore he intentionally exposed the material facts to the public interest and publicized and solitude it under gross negligence and recklessness misconduct pattern.

 Furthermore the actor used these documents and filed petition against the plaintiff and his company therein governmental administrative offices and private sectors, financial institution  such as to the Dun and Broadcast Inc, IRS, Worker Compensation, Four Credit Reporting bureau, US citizen and Immigration service therein Texas including the plaintiff business partners which is offensive to reasonable person *(Howard v Antilla 2002).*

IX.

B.    *Defamation false statement in malice*

That during the actor burglary and rape and kidnapping omission to plaintiff wife, he intentionally fabricated false statement in actual malice that the plaintiff and his companies are conducting fraud and

scheme business that companies has file bankruptcy with United States bankruptcy court that the plaintiff can be arrested at any time which is absolutely untrue and falsity statement in malice to cause the plaintiff foreseeable damages and financial injuries and he disregards the truth that his statement is falsity that created public hatred and bad reputation to the  plaintiff and his company that cause the companies financial injuries, business tort and foreseeable damaged and plaintiff professional carrier, that the actor knowingly and recklessly fabricated this false statement in malice to damage the plaintiff and his companies reputation there under his burglary commitment there to lessen the plaintiff in public esteem or to lower plaintiff in the confidence of the community.

IX.

### C.   Expose the plaintiff wife to public assault and abuse

1)   The actor criminality which is also stand and counts as invasion of the plaintiff privacy as result of his trespass and exposed the plaintiff wife for public sexual assault and abuse under raped with individual officers because a man and woman is consider one as a living couple to belief as one family which deserver couple privacy as he intentionally use police threaten as advantage and engaged in sexual intercourse and rapped her in absent of her husband at home in her martial dwelling home and further more he instigated other officers for jointly sexual commission of raped which is trespass and violation of plaintiff invasion of privacy under this count of sexual misconduct and by exposed the plaintiff wife to the public sexual assault and abuse and place the plaintiff and his family in false lights tort under this two distinct offenses under tort law.

2) - the actor has intentionally committed the following alleged criminal offenses in order to commit these two cause of action

under invasion of privacy and defamation of reputation which is as followings.

a) - Sexual assault and abuse.
b) - Burglary
c) - Raped
d) - Kidnapping
e) - Abduction
f) - Conspiracy
g) - Trespass
h) - Fraud

That actor criminality is intentional and knowingly to commit several federal criminal offenses in order to commit invasion of privacy and defamation of plaintiff reputation which has resulted false lights torts.

That the actor had acted in recklessly action and disregard that his false statement in actual malice is falsity publicized that is untrue by disclosing wrong information to the thirty party which would have not be disclose or exposed to the public concern or interest under misleading portrayal and unreasonably place the plaintiff in false light before the public *Cantrell v. Forest City Publishing Co, 419 U.S 245 ( 1974)* therefore causing the plaintiff, his family and business several injuries which is objectionable to reasonable person and he has full knowledge of his inaccuracy, inconsistence of invasion of privacy by unreasonably placing the plaintiff and his wife in public eyes for assault and abuse which is violation of plaintiff privacy that constituted to the plaintiff and his family in false light torts.

That actor fabricated this false statement in malice that he is New York City police boss and the plaintiff and companies are conduction scheme and fraud business is to degrade the plaintiff integrity and personality including to damage his reputation and professional carrier and as convicting statement that create shock and fear to plaintiff wife in order to allow him inside dwelling home to commit his burglary, rap, kidnapping and abduction under trespass which is invasion of privacy *Lay v. Commonwealth (2007)* under the same cause of action he was asking the plaintiff wife if she is illegal in United States under threaten, the plaintiff wife told him that her husband is in process of her Green Card with the immigration service and all these question are to frighten her because she just arrived from Europe which is the actor objective motive and omission to violated couple privacy under See *Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981) "Merely pushing and open a door, turning the key, lifting the latch, or resort to other slight* physical force is sufficient to constitute the actor criminal conduct of the crime." *Id. at 876, 275 S.E.2d at 595 (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)* under this circumstance of his force and push the door in and entered himself inside dwelling home with constructive force to complete his omission and violation of couple privacy rights under the invasion of privacy as the Supreme Count first recognized the fourteenth Amendment providing a substantial due process rights to privacy *Griswold v Connecticut (1965)* a decision protecting a married couple right to contraception. it was recognized again in (1973) *Roe v. Wade which in invoke the rights to privacy.*

That actor unlawfully and maliciously engage therein burglary and invasion of privacy and trespass which has constituted to false light tort as result of his negligence thereof exposed the material fact and information and plaintiff wife under public interest and concern by

used of the plaintiff stolen valuable documents and be petitioning the plaintiff under the following governmental offices and private sectors:

 (a) U.S. Citizen and Immigration Services in TEXAS
 (b) Worker Compensation
 (c) IRS
 (d) *Dun and Broadcast Inc,*
 (e) Four Credit reporting bureau
 (f) Other offices.

That actor intentionally place plaintiff in false lights tort under petitioning plaintiff and his companies with governmental offices, private sector, his business partners and financial institution and others in actual malice on *unreasonably with intentionally under negligently thereto governmental administrative* offices and Dun & Broadcast Inc. that exposed the plaintiff and his companies privacy to the public that attributing to objectionable views of the plaintiff does not hold. As required by the United States Supreme Court in the case *Time, Inc. v. Hill,* which has resulted damages and interrupted  the plaintiff permanent resident permit expectation in processing with the U S Citizen & immigration Service as the President of hotel management company which has deprived the company management his home bank and his affiliated European banks disinvestment their capital investment for more than $240 million to purchase hotels and restaurants properties, commercial and industrial facilities for production. Warehouses and retail chain of stores development as result of actor interrupting and tortuous interference into the plaintiff permanent resident permit in process with USCIS and his business affairs under business contractual which has cause the plaintiff and his hotel management company financial injuries and foreseeable damages and interruption of permanent resident permit that company home bank was waiting to transfer the investment capital to United states entity for his

179

business development to other states which has been interrupted as result of the actor misconduct under invasion of the plaintiff privacy.

That plaintiff is the president and owner of the hotel management company in United States under his home bank sponsor from Germany and his European affiliate banks investors who expected the plaintiff to have his permanent resident permit in United States which will enable him to manage and conduct his business activities in United States under his expansion program resulting the banks investors disinvestment capital to the company in United States contrary to his permanent resident permit interruption and condition from USCIS immigration service in Texas which is economic loss and business and profit loss to the hotel management and his affiliated foreign companies incorporated United States.

That actor acts reckless and disregard truth in this distinct cause of action that created that resulted banks investors disinvestment and create public hatred that cause plaintiff bad feeling, contempt, ridicule, degraded the plaintiff in a society, distrust worthy and dishonesty which is highly offensive to reasonable person as result of Public Disclosure of Private embarrassing Facts under publicity and exposed the material facts to public concern that cause plaintiff embarrassment, mental anguish, physiological impact, emotional depression, mental stress which is extremely in degree and outrageous conduct that resulted plaintiff sustained several injures and loss of consortium, loss of reputation. Economic loss, Loss of professional carrier, loss of his business and profit, loss of jobs, loss of earning, family and business expectation, loss of sponsor home bank from Germany and his affiliated European foreign banks investors who are willing to invest capital investment to his companies in United States as result of the plaintiff interruption of his permanent resident permit in process with USCIS under expectation to proceed his company business activities and expansion program to other states.

That actor acknowledged and knowingly aware of the risk and foreseeable damages and punishment and he intentionally and deliberately intruded into plaintiff  private seclusion and enclosure closet  inside his bedroom under break and entry with constructive object to complete his subjective omission therefore invaded the plaintiff confidential valuable documents and exposed material fact and the information to the public interest.

As result of actor's criminality of indictment which is suffice and sufficient proof of his substantial act and evidence in actual malice under false light tort and defamatory falsehoods to belief his false statement in malice is falsity and he knowingly place the plaintiff and his family on false light torts under negligence and violated invasion of plaintiff privacy as matter of law as tort under private figure in this verdict *Gert v. Robert  Welch Inc 418 U.S. 323 (1974)*

548. That the actor knowingly and recklessly disregard the truth and acted in misappropriate with misleading false statement in malice *(Restatement of ( second tort) (1977) Defined the tort of false lights:*

 Under the false light tort which states whoever gives publicity a matter concerning another that places the other before the public concern in a false light is liable for the other invasion of his privacy harm or defamation of reputation under false statement in actual malice that actor was acting to harm the plaintiff, his family and company for his personal benefit as this indictment and misconduct pattern defined. *See Hoffman v. Capital Cities / ABC Inc, 33 F Supp 2d 867 (C. D Cal (1989)*

 Under this circumstance as result of actor malicious misconduct there to plaintiff  and his family which has constituted to False light tort in this claim which will be base on private figure and his damage injuries sustained under this indictment that plaintiff is not

public figure or public  officer that he is business owner and  the company President *New York  Times v. Sullivan 373 – US . 254*

*IX.*

D.                                   *Intrusion* ...

  Under the four type of privacy torts identified by Prosser, the tort of intrusion into private places, conversations or matter is perhaps the one that best captures the common understanding of an "invasion of privacy."   HN19 It encompasses unconsented-to physical intrusion into home, or other place the privacy of which is legally recognized, as well as unwarranted sensory intrusions such as eavesdropping, wiretapping, and visual or photographic spying. (See Rest.2d Torts, Â§ 652B, com. B, pp. 378-379, and illustrations) It is in the intrusion cases that invasion of privacy is most clearly seen as an affront to individual dignity.

"[A] measure of personal isolation and personal control over the conditions of its abandonment is of the very essence of personal freedom and dignity, is part of what our culture means by these concepts. *That state actor acted with actual malice (i.e, a knowingly or reckless disregard of the truth).*

A man whose home may be entered at the will of another, He who may intrude upon another at will is the master of the other,  in fact, intrusion is a primary weapon of the tyrant." *(Bloustein, Privacy as an Aspect of Human Dignity:* An Answer *to Dean Prosser (1964) 39 N.Y.U. L.Rev. 962, 973-974, fn. omitted).*

  The leading California decision is  *Miller v. National Broadcasting Co., supra, 187 Cal. App. 3d 1463 (Miller)*. Miller, which like the present case involved a news organization's videotaping the work of emergency medical personnel, adopted Restatement's formulation of the cause of action: " One who intentionally intrudes, physically or

otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." ( *Rest.2d Torts, Â § 652B; Miller, supra, 187 Cal. App. 3d at p. 1482.)*

As stated in Miller and the Restatement, therefore, the action for intrusion has two elements: *(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person. which consider the elements in that order.*

That actor omission of defraud, kidnapped and abduction, burglary, trespass and raped is under criminal conspiracy he has violated the state and federal criminal offenses of burglary and trespass as matter of law,

Therefore the actor intentional penetrated the plaintiff zone with physically  and trespass plaintiff sensory privacy surrounding under the following :

1) Trespass inside the plaintiff  home without original master or warrant, telephone taped listen to plaintiff conversation and also the numerous telephone harassing calls, to the plaintiff family and his wife for sexual advance, Secondly, having sexual intercourse affairs with plaintiff wife under deception, lies and threaten, misleading false statement in malice with forcible and pressure which is assault and trespass thereof violated plaintiff seclusion of privacy rights as couple causing the plaintiff several injuries and foreseeable harm, Thirdly, intentional intrudes into plaintiff private seclusion or solitudes closet with constructive object without his consent of the owner,

2) *Examining into plaintiff private concerns, which has constituted to Publicity that places the plaintiff in a false light tort in the public eye.*

3) *Intentionally and deliberately went to the plaintiff dwelling home to harassed and interrogated the plaintiff family under sexual influence and burglary without the invitation of the master of home under his omission to commit state and federal criminal offenses of under conspiracy to commit invasion of privacy and to defraud.*

4) *That during the actor misconduct of intrusion into the plaintiff private seclusion closet inside his bedroom that he fabricated defamatory false statement defying the plaintiff personality and his dignity and use it as advantage and setting to intrudes into the plaintiff seclusion privacy and disclosed this defamatory false statement there to his police colleagues and to the public concern which has constituted to malicious harassing campaign and scandalous spreading news in the whole City, neighborhood community.*

5) *The actor examining the plaintiff and his companies bank and his private bank account, confidential business transactions and and his valuable documents that the actor acknowledged and knowingly aware of the substantial risk will cause foreseeable harm.*

*These are elements facts of actor intentional intrusion and invasion of of plaintiff privacy that resulted his false lights torts.*
*Prahl v. Brosamle, 98 Wis.2d 130, 295 N.W.2d 768, 780-81 (App.1980); Le Mistral, Inc. v. Columbia Broadcasting System, 61 A.D.2d 491, 402 N.Y.S.2d 815 (1978).as* in this verdict  justified that any man or whoever pass of other person land or his/her seclusion property or land without the consent of the owner is consider trespass as matter of law.

Just like the  recent United States Supreme Court decision has made this consideration an especially relevant one. In *given the same information to Dun & Bradstreet Inc [Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 105 **S. Ct.**  2939, 2948 (1985),* when Court

held that states may permit recovery for presumed and punitive damages absent a showing of actual malice that cause the plaintiff and companies loss of reputation, loss of consortium, loss of family and expectation and loss of millions of dollars investment capital expectation there from his home banks in Germany which has resulted discontinue their investment capital approval for hotel management company for his expansion project in United States as result of high substantial risk  because of the immigration problem and interruption cause by actor petitioning the plaintiff and his company record with USCIS Immigration service under invasion of privacy and disclosed the material facts under public interest

IX

E.                       *Damage liabilities*

1) U S Citizen and Immigration Service.

As result of the actor intentional interference into the plaintiff privacy, family and business affairs to cause the plaintiff harm, he used the plaintiff stolen documents under his break and entry into his seclusion closet inside his bedroom with constructive object and use the material to fact and information to Petitioned plaintiff and his companies record with USCIS in Texas under presumption with false statement in malice that cause plaintiff and his companies foreseeable damages and financial injuries that interrupted plaintiff adjustment of status form 485 which was in process that resulted the USCIS denied the application that affected the plaintiff permanent resident permit  for his business and his family (Green card) which was in process for approval in order to enable the plaintiff to operate his business

activities that he invested $1.5million dollars as the early stage start-up working capital in 2002.

Under this Immigration service of plaintiff adjustment of status form 485 application for his permanent resident permanent as the company president in United Stated entity and under this circumstance plaintiff has already paid **$5,400** to the USCIS for the processing fees and also the lawyer fees that plaintiff company and home bank from Germany sponsored bank with his affiliated European foreign bank investors was waiting for the USCIS approval for the permanent resident permit which take longer than the normal process period the approval from the USCIS and under this process the actor used the plaintiff stolen confidential documents from immigration and petition the plaintiff record under false statement in malice resulting the immigration service investigating and denied the plaintiff all his application in process which has cause damages and delay to the plaintiff adjustment of status form 485 application that the company sponsor home bank was waiting for this approval of the Green card in process which will enable the banks from Germany to transfer investment capital to the hotel management company business bank account with Chase bank and bank of America in United States for his business project and business expansion development to other states which was interrupted under tortuous interference that deprived his banks investors and business partners and customers under the actor petition and false statement in malice.

During this period of the plaintiff resident permanent permit in process the actor petitioned the plaintiff and his company record

with USCIS under interference into the plaintiff invasion of privacy that interrupted the process and the USCIS continue to denied the applications as result of the actor intentional petition the plaintiff and his company record with false statement in malice under presumption that resulted the plaintiff company sponsor bank from Germany and his affiliated European investors banks disinvestment of more than $240 million dollars for hotel management company as his working capital and to purchase hotels and restaurants properties development, chain of retail stores, warehouses, commercial and industrial facilities for production  for export readiness ( Made in USA) products to overseas market which has been interrupted and deprived the plaintiff banks disinvestment as result of risk because the plaintiff the President of the companies have no United States permanent resident permit which was interrupted and denied by USCIS on this ground of the actor petition under reckless and gross negligence and gross misconduct which is unconstitutional and misbehavior of actor petitioned the plaintiff and company record resulting USCIS denied the plaintiff all applications with option from the USCIS to refilled the application with additional appropriate fees which was paid before under this circumstance to continue the process there to **emotion to reopen and reconsider** the applications and the plaintiff lack of fund because the defendant agents deprived him of civil rights to operate his companies and work to make money for his living and care for his daily living expenses there under racial discrimination which is violation of equal protection of law and due process of clause under fourteenth amendment.  Under this condition the plaintiff have not source of income or financial resource or other means to get money to pay USCIS processing

fees  for because defendant agents has restricted all the financial resource for years and even barred the plaintiff not to work resulted the plaintiff living below poverty level with financial hardship which is racism under hatred as result of the defendant agents deprived the plaintiff to operate his companies and as well instigating the plaintiff employers to fire him from his different jobs under racial discrimination harassment which is under conspiracy and omission because the plaintiff is an alien which is unconstitutional and violation of civil rights and equal protection of law.

That defendant agents intentional cause plaintiff financial hardship as result of hatred and racial profile by throwing the plaintiff from business and his jobs under conspiracy that cause the plaintiff financial injuries and foreseeable damages.

Under this circumstance the plaintiff became suffering of financial hardship by losing his initial capital investment of $1.5 million dollars and $240 million dollars approved by his bank investors for his companies working capital investment and place the plaintiff in financial hardship and his companies in business tort.

Under this condition the plaintiff contact USCIS and explain his financial hardship and filed wavier fees application form and USCIS till denial application that the plaintiff must paid the appropriate fee to process the **emotion to reopen and reconsider** applications in process which is pending because the plaintiff is lack of financial resource to process his case which will now be fill with untimely application under this circumstance to the USCIS review with the necessary documents and fee under appeal proceeding which is pending in process.

As result of actor reckless and negligence action which has cause plaintiff company multimillion dollars damages and economic loss under his intentional interference into the plaintiff private life, his family and business affairs under invasion of privacy and intentional tortious interference into the company business contractual which has cause the plaintiff and his family false light tort. ***Fed. Rules .Evid Rule 404(b)   28 U .S .C .A***

***Federal Rule of evidence Exhibit ( J )  Page 189***

*1) A Copies of USCIS immigration decision*

*2) A Copy of letter requesting wavier fees which was denial and the plaintiff has no financial resource because he is homeless and jobless as result defendant agents conspiracy for throw him out at of his job and residential accommodation.*

*IX.*

*F.   (2)                  Worker Compensation*

Under the same cause of action the actor used these plaintiff stolen documents in his possession and petitioned the plaintiff and his company with Worker Compensation in state of New York for impeachment and to cause him harm on this ground of the same false statement in malice that plaintiff and his company is conducting fraud and scheme that resulted the worker compensation compelling the plaintiff and his company record and investigation that created bad impression of the plaintiff and his company that dose not hold which warranted and motivated the worker compensation investigating into plaintiff and his company record and his workers compensation insurance that resulted the worker compensation is requesting from one the plaintiff company former workers insurance of 3/23/03 – 3/

31/ 04 with the salary and wages of $30.000 a year with weekly salary of $ 600 dollars as the worker compensation claim uninsured insurance with penalty of $9.250 and this was false claim contrary to the actor misinterpretation of presumption information and petition sent to the worker compensation and this was when company was in full operation and this white female worker left the company as result of the defendant sexual harassment to plaintiff white females workers before this date the worker compensation was claiming which was wrong claim.

Under this circumstance the plaintiff referred the case  to the Attorney General office to review the case and resolved the problem that the company cannot be paying insurance to a workers who left the company as result of the defendant agents sexually harassment to the company white females workers that quit the company and cause damages to the company  and financial injuries as result of the defendant agents inconsistence action that deprived the company workers and customers and business partners and investors as result of actor inappropriate petition in reprehensive motives to cause the plaintiff and his hotel management company a huge financial injuries and physical harm under his consequential and substantive act with continuously and repeatedly damaging the plaintiff family, bad reputation, Professional carrier and businesses under the element furtherance  action and continuation of equitable tolling which is incredible and ridiculous acts as the defendant agents cause of action, the plaintiff has attack a copy of the letter from worker compensation as full evidence proof of actor petition and the result and liability under his misconduct pattern for the court and jury review. *Fed.  Rules   Evid Rule 404 (b) 28 U .S. C A.* **Federal Rule of evidence Exhibit (K)  page  190.**

*1) A copy of letter from Worker compensation penalty as result of the actor petition.*

190

IX.

G. (3)        *IRS - Internal Revenue Service*

*(c)* - IRS - That state actor under the same ground of his omission to harm plaintiff and his company financially, he continue his petitioning the plaintiff and hotel management tax record with IRS whereby the IRS request the plaintiff to refilled his the company tax return of 2003 to 2005 and these years has already been filed with tax return with the IRS in these entire years and the company make zero income as result the defendant agents is deprivation of the companies in his business operation since 2002 to 2015 under racial discriminatory harassment, sexual harassment to his workers and defamatory harassment make the ran out his business in operation that made the companies loss of his annual sales revenue and business and profit gain from the business and profit, as result of loss of customers, workers, foreign banks investors, business partners and hotel management contracts and cause the company and his affiliated companies multi million dollars economic loss and foreseeable damages including the plaintiff financial hardship and financial liability to plaintiff .and his companies [ *State v McCoy, N .J .1989, 561 A.2 d 587, 116  N .J 293 .]*

IX

F. (4)        *Credit Bureau Reporting*

(d) under the same cause of action, the actor used the plaintiff stole documents and petition the plaintiff three Credit bureau reporting that cause damage to plaintiff record with credit bureau report that motivated all banks denial plaintiff private and business credit as result of the actor intentionally petitioned plaintiff record with false statement in malice therein nationwide three Credit bureau and

damage his credit report history given wrong information and false statement about the plaintiff to the credit bureau therefore which has result and motivated banks and financial institution refusing to give private credit or business loan, mortgage loan to the plaintiff and his companies that kept the companies continue suffering of business tort cause the plaintiff financial hardship. [ *United States v. Pompanio, 429 U.S 10 ( 1976)*

## IX.

### G. (5)             Dun & Bradstreet Inc

In 2010 the actor used the same stolen confidential documents and as well petitioned the plaintiff and companies record therewith Dun & Bradstreet Inc. by given the same wrongful information and false statement in malice that the company is conducting fraud and scheme that the companies has filed bankruptcy that scared the company business partners and customers which has gave bad impression of the plaintiff and his company bad reputation to the public interest and with Dun & Broadcast Inc, in their record under the following companies the HMIS -hotel management, Queens burger and fired Chicken Inc and Vitamin deport of America Corporation with his claim and report that the plaintiff and his companies are conducting schemes and fraud business and under the same cause of action that these companies has filed bankruptcy with United States bankruptcy court which is absolutely untrue and defamatory false statement in malice that deprived other companies , business partners to engage business activities with plaintiff companies in both in United States and abroad as result of wrong information with Dun & Bradstreet in record that cause the companies foreseeable harm and financial injuries under public

192

disclosure of embarrassing fact resulted the plaintiff companies suffering for business tort.

Under this circumstance the Dun & Bradstreet Inc continue their investigation with these companies and sent one of their investigator to meet the plaintiff in his office located at 234 fifth Ave 4th floor New York 10001 branch and he explaining the situation and petitioned information they received from the actor which was false statement and a shock and defamatory false statement in malice to cause the companies foreseeable harm under business interest there for plaintiff explained to the Dun & Bradstreet investigator that such things are not happening with these companies that was lies and defamation and false statement in malice that non of these companies are conducting scheme or fraud business or file any bankruptcy with U.S bankruptcy court in United State.

On this ground the companies continue to be getting negative impact, and losing his business partners, business contracts, all continue with drew their business contacts from the plaintiff and and telephone service want to do business with any of these companies under defamation of reputation as result of wrong information with the Dun & Bradstreet file on their record which has cause the companies damage as result of actor petition that the companies are conducting scheme and fraud under presumption information that is untrue that making the companies losing his business contracts and business partners and customers and bank investors because of negative impact on record with Dun & Bradstreet and no body want to do business with any of the plaintiff companies and the plaintiff was trying to convincing the D & B Inc

to remove the negative impact on their record because no body want to do business plaintiff companies because of risk contrary to the information sent to their record that cause bad impression and reputatation to these companies.

Under this condition the plaintiff continue pressing Dun & Bradstreet to remove wrong information and negative information on the record that cause by the actor under intentional petition as the cause of action that cause harm to the companies is in their file with the D& Bradstreet Inc and they said it will take two to three years or more to remove it on their file which is a big damage and financial injuries cause by the actor under this cause of action under his violation of plaintiff invasion of privacy there under his burglary criminality and be petitioning the plaintiff company record that cause the company business tort and the  plaintiff false light tort that resulted that no company want to do business with any of these companies as result of the wrong information furnish to the Dun & Bradstreet on record deprived domestic and international business transactions or contracts.

Since 2002 to 2015 these companies has been deprived of his business operation and activities which has the companies and Vitamin deport of American Corp loss their business contracts, business partners, customers, contract manufacturing of nutritional food and vitamins supplements for exporting readiness to overseas market under wrong information on Dun & Bradstreet record  as the actor who is liable for the cause of action under  invasion of privacy and defamation under false statement in malice that damage the plaintiff and company reputation under public interest which is sabotage under negligence and reckless action affect the company president/owners, who is making a decision of his companies in his

daily operations that he sustained false light tort, bad impression and bad reputation and to his companies as result of spreading news campaign and slanderous and rumors under actor false statement in malice and publicity of wrong information to the public concern, government offices and private business sectors that cause harm under interference into plaintiff privacy life, his family and business affairs.

*Therefore the actor intentional break into plaintiff enclosure closet at midnight with constructive object under trespass and been using his stolen documents in his possession for publicity and petitioning and harassing the plaintiff everywhere under public disclosure of embarrassing private facts the plaintiff and his company everywhere and exposed plaintiff personal privacy and business documents information to public interest which is highly offensive to reasonable person under this distinct offenses which is embarrassing under public disclosure of embarrassing private facts that is extremely in degree and outrageous conduct there under actual malice that constituted to defamation of reputation and false light tort claim as matter of law described in this verdict under intentional intrusion of invasion of privacy which is indifferent probably motives under this circumstance in two separate distinct offenses and which cannot be incorporated in one claim.*

*Dun & Bradstreet Inc v Green Builders Inc 472 U.S 749, 761 (1985)(plurality) indicating that states could award presumed and punitive damages without proof of actual malice in defamation action.*

*IX.*

### H.                    *Punitive damage and Compensation*

*That plaintiff sought $160 dollars punitive damage and compensatory for his false lights tort as result of actor misconduct pattern as public figure by petitioning the plaintiff and his companies record there with his stolen Documents from the plaintiff under his burglary to the government offices and private business sectors, financial institution by giving wrong information to public concern that the plaintiff and his company did not hold under his presumption that cause plaintiff bad impression and bad reputation that damage his professional carrier that cause him false light tort which also damage the company reputation that deprived his business partners, customers and his home bank from Germany and his European affiliated banks investors that resulted the banks disinvestment of the company working capital  for his project development and his expansion program to other states*

*There for the plaintiff sought the amount for his false light tort cause by the defendant agent under negligence and reckless action which is not excess claim as result of the plaintiff several injuries and foreseeable damage and financial injuries cause to the plaintiff and his companies as of the defendant agent cause of action of placing the plaintiff and his family therein false light tort under this distinct offenses of criminality that cause the plaintiff damage liability and false light tort.*

**$160 million dollars  punitive damages and compensatory** .

X.                          *DEFAMATION CLAIM*

Defamation of Reputation

*Slander*
========================

That the plaintiff litigation pro se brought this defamatory claim action against the City of New York as the principal authority to his agents as result of the state actor (officer Raymond) the original tortfeasor and as public figure in this case contrary to his defamatory of the plaintiff reputation with false statements in actual malice that he uttered and distributed the false statement in malice to his officers colleagues and to the public concern and he knowingly that his false statement in malice is falsity there for distributed it to others officers of his colleagues in broadly there under reckless and negligence which has became malicious harassing campaign and scandalous and spreading news and rumor in the community, neighbors and a whole City of New York and to other states that damage the plaintiff and his company reputation where the plaintiff has his businesses under general public concern there under defamatory falsehoods that resulted the plaintiff loss his business and reputation under publicity *lesher v topix  2012)*

That actor acknowledged and knowingly disregard the truth that his false statement in malice is absolutely untrue and falsity that damage the plaintiff reputation, personality, indignity and integrity including his professional carrier and business interest, that cause him loss of business and profit, loss wages earning and jobs, loss of consortium that cause the plaintiff mental anguish, psychological impact, mental distress, humiliation, and embarrassment, anxiety and depression that his false statement has lower the plaintiff in the community *Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 919 (Minn. 2009).that opposed to being highly insulting and offensive to a reasonable person under this circumstance of defamation of

reputation that affected the plaintiff business and his profession carrier *Anderson v. Kammeier,* 262 N.W.2d 366, 372 (Minn. 1977 as of "Defamatory per se defines a rule of damages, not of defamatory meaning. *Schlieman v. Gannett Minn. Broad., Inc.,* 637 N.W.2d 297, 307 (Minn. App. 2001). That the defamatory has cause the plaintiff actual damages. *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn. 1987).

That actor was acting under omission and criminal conspiracy to defamed the plaintiff and his business reputation that resulted the plaintiff loss of consortium and his job and business and profit and cause the company financial injures and foreseeable damages  and physical injuries to the plaintiff that the actor intentionally defamed the plaintiff and his company under public interest as public figure with his false statement in malice that the plaintiff is smelling,  that him and his companies are conducting fraud and scheme business that his companies has filed bankruptcy with *United States bankruptcy court.* which is untruth and false statement in malice that cause bad reputation to the plaintiff and his companies resulted that nobody or others of business partners want to do business with him as result of bad impression and his companies in United States and abroad through information and slanderous from *Dun & Bradstreet Inc* under his petition with false statement and he knowingly and acknowledged and disregard the truth  that his fabricated false statement is untrue and falsity under this  theory of defamation tort.

The actor has knowledge that his statement was falsity and he act with  reckless and disregard of the truth That his alleged false statement in malice which is as following in four distinct offenses :

(1)   *First point* is that his malicious defamatory false statement harassing campaign contrary to his negligence action as his objective standard which has constituted to the public

scandalous and spreading rumor that damaged the plaintiff reputation, personality and dignity under public concern and as remark that the plaintiff is *smelling* which is disgrace and assault under slanderous false statement in malice that cause harm and several injuries that damaged the plaintiff business reputation which is intentionally and deliberately fabricated the false statement to damage plaintiff hotels and restaurants business including his foodservice distribution industry and chain of retail store under development that this application of defamation tort context in actual malice that the plaintiff is Smelling and he is smelling out that will deprive the plaintiff business customers and his business partners from his business premises *Garret v Taylor, 79 Eng rep 485 K.B (1620)*as result of the actor negligence act under slanderous and rumor to one and other than the plaintiff under public interest. *See RESTATEMENT OF TORTS § 559(1938) That communication is defamation of the tends so to harm reputation of another as to lower him in the estimation of the community or to deter third person from associating or dealing with him.*

(2) Second point of false statement in malice that the plaintiff and his companies are conducting *schemes and fraud businesses under this circumstance the company has filed bankruptcy which has be scandalous that* create public hatred including fears and shock to the conscience of public concern that that damage the plaintiff professional carrier and his business reputation under business interest that deprived customers, business partners, and investors by placing the company in business torts *Tarteton v McGawley 170 Eng Rep 153(K.B 1793)* including damage the plaintiff professional carrier that gave public bad impression of the plaintiff under public mental state and inadequate character of criminal behavior that plaintiff do not hold which has

create public dishonest, untrustworthy and disrespect and lower the plaintiff in the community, reflects upon plaintiff,s good name, impeaches the plaintiff integrity, *Ripps v Herrington (1941)*which is in actual malice that cause the companies and plaintiff defamation tort and business tort as result of actor negligence action which is embarrassment, humiliation and provocation under this cause of action that constituted plaintiff suffering of intentional tort, negligence tort , false light tort. see RESTATEMENT OF TORTS *§622 (1938) ( recognizing liability " for any special harm of which the defamatory publication is the legal cause Time Co v. Sullivan (1964)*

(3)   Third point that the defamation false statement from the actor that  the plaintiff companies filed bankruptcy with the *US Bankruptcy court* to drive the plaintiff company business partners and investors away under the element mission and conspiracy to damage the plaintiff company as the elements subjective motives to defamed the plaintiff and his company and to scare and deprived his business partners under actor and his accomplice colleagues that is spreading the rumor and they acknowledged and knowingly that it is falsity and untrue false statement that will cause the company serious financial injuries and foreseeable harm to the plaintiff hotel management company with his affiliated foreign companies in United States and abroad there to other states because the management company is operating under one principle of management and policy, he intentionally and deliberately fabricated defamatory false statement in malice to harm the company business interest and plaintiff professional carrier.

Under the same cause of action the actor publicized the false statement and used it to petitioned plaintiff and his company with *Dun & Broadcast Inc.* record that damage the plaintiff and his company reputation by using the plaintiff private and confidential valuable documents material fact information that he was stolen under his burglary and exposed them under public disclosure of embarrassing private facts and to *Dun & Broadcast Inc.* under wrongful information and presumption that cause negative and interrogative remark in plaintiff and his companies record with *Dun & Broadcast Inc.* that resulted the D&D company investigation and compelling plaintiff companies under inspection of fraud, schemes and bankruptcy in 2011 and 2012 which is wrong information and presumption *Dun v Greenmoss builders 472 U.S. 749, 761 1985)* defamatory false statement and false accusation which has damage the company good name under public concern.  That resulted the hotel management company and his affiliated companies loss public business interest, hotel management business contracts and contract manufacturing production of one of the company called Vitamin deport of America Corp. for his exporting to of his nutritional foods products Made in USA to  overseas and domestic products to enhance and increase his sale revenue potential and create jobs. That the district court and jury under this new trial for summary of judgment under finding and question the law to verified or investigate from the US Bankruptcy court and cross examine this defamation false statement that such action of bankruptcy neither the plaintiff is really smelling or these companies has ever conduct or engaged in any schemes and fraud business which does not exist as matter of law. that actor false statement which has cause the plaintiff and his business bad reputation under public interest.

(4)  that actor mentioned this False statement in actual malice as to threaten and frighten the plaintiff wife for to allow him inside the plaintiff dwelling  home to commit burglary, kidnapping, abduction rap under sexual assault and abused that he is a New York police boss and that plaintiff will be arrested at anytime as a shock that created fears to the plaintiff wife mind therefore the actor commited his criminality under trespass which has constituted to his invasion of privacy and false light tort to the plaintiff and his family as result of his business conducting schemes, and fraud and his company filed bankruptcy which is untrue statement whereby there is no probable cause of action that will subject or motivated  to such arrest when plaintiff did not commit any crime fact or have  criminal record in Germany and United States.

 That actor defamatory false statement has result the business owners, private and public accommodation, hotels and restaurant and churches throwing plaintiff out of their business and residential accommodation and premises which is disgrace, insulting, degrade the plaintiff personality that low the plaintiff in the community and neighborhood, society and public as result of actor false statement in malice *Harte-Hanks Communications v. Connaughton (1989) 491 U.S. 657, 666-668.* That the actor is pubic figure under this  fairly high threshold of public activity as the plaintiff is private figure , *Brown v. Kelly Broadcasting Co. (1989) 48 Cal.3d 711, 745,* and, as to those who are not pervasively involved in public affairs, , they must have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved" to be considered a "limited purpose" public figure. *Gertz v. Robert Welch, Inc. (1974) 418 U.S. 323, 345.*

A "particularized determination" is required to decide whether a person is a limited purpose public figure, *Bruno & Stillman, Inc. v.*

*Globe Newspaper Co. (1st Cir. 1980) 633 F.2d 583, 589,* a standard ensuring that reasonable minds may differ on this subject.

Advertisements themselves are not usually sufficient to transform someone into a public figure. *Vegod Corp. v. American Broadcasting Companies, Inc. (1979) 25 Cal.3d 763, 770* [a person in the business world advertising his wares does not necessarily become part of an existing public controversy]; *Rancho La Costa, Inc. v. Superior Court (1980) 106 Cal.App.3d* that the actor  and his accomplice are  a public officers which are public figure under this indictment and threshold.

That actor  intentional interference into the plaintiff privacy, family and business affairs to cause foreseeable harm, financial injuries, emotional injuries and damage liabilities under gross negligence and reckless action with state of mind that constituted this circumstance of as this verdict modified that resulted *slanderous* defamation claim as it will allegedly defamed under public official or figure, or private person individual (*New York Times Co., supra* at 254; *Curtis Publ. Co. v Butts, 388 U.S. 130, 155-156 [1967]*

That  United States Supreme Court has long proclaimed that not all speech deserves equal United States Constitution First Amendment protection or is of equal First Amendment value. (*Dun & Bradstreet, supra* at 758-759.)As such, "matters of public concern" are "at the heart of the First Amendment's protection" (*First Natl. Bank of Boston v Bellotti, 435 U.S. 765, 776 [1978]*) Conversely, speech on matters of purely private concern deserve less First Amendment shelter. (*N.A.A.C.P. v Claiborne Hardware Co., 458 U.S. 886; see also, Connick v Myers, 461 U.S. 138, 146-147 [1983].*) Thus, private individuals are accorded greater reputation protection though possibly media defamed because they have less effective opportunities for rebuttal and, thus, are more vulnerable to injury from defamation. (*Gertz, supra* at 323.) For example, potential non media defamation of a private individual, herein, Ms. Zaidi, regarding a purely private matter, her employment skills and

actions, receives less First Amendment protection than a public figure.

. That as matter of law which has qualified or conditional privilege exempts the writer or speaker from defamation liability tort unless *actual malice* is proven therein support therewith *negligence* under cause of *action Gertz v. Robert Welch, Inc. (1974) 418 U.S. 323, 345.* Gertz was a private figure and he would need to prove only negligence Whereby the actor the defamer would not have done ) as the jury opinion (instead of more rigorous standard of proof of ' actual malice' Actual malice requires proof of ' knowing falsity or reckless degrade for the truth on the part of the publisher or speaker.

This is where the communication pertains to a public interest or is necessary to protect one's private interest and made only to person(s) having a *common interest in the subject matter.*(Black's Law Dictionary 1197 [6th ed]; *Foster v Churchill,* 87 N.Y.2d 744, 751 [1996].)

That defamer is public officer the (actor) acting under color of law and negligence to harm plaintiff, his family and business interest including his accomplice public figures, his(colleagues officers) under criminal conspiracy as jointly successive tortfeasors that acted with negligence contrary to this indictment, as of *African – American and Spanish Latinos officers whom they intentionally violated their legal duty care (Summer v Tice 1948)* that are spreading the news and slanderous and rumor under public concern and interest that the false statement he uttered from actor to commit his criminality and defamation of reputation is with intentional and deliberately to cause harm.

That actor and his accomplice acts with recklessly disregards the truth that his false statement is with actual malice to commit crime

fact, that plaintiff is neither a public officer nor public figure but the statement involves a matter of public concern that plaintiff still proof constitutional malice and negligence which sufficiently to recover from presumption or punitive damages *(di. at 349, Dun & Bradstreet v. GreenmossBldrs, 472, US 742 US 749, 761, as for actual damages , however "so long as* do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publicity and scandalous and rumor that cause defamatory falsehood injurious to a private individual" (*Gertz v Robert Welch, Inc., supra,* at 347).

 Thus, at least with respect to a report on a matter of public concern, private plaintiffs suing defendants as result of his agents negligence for defamation which are constitutionally required to show that the defendants were at fault to take appropriate precaution to prevent his agents foreseeable damages and financial injuries and emotional injuries that as result of the actor and his accomplice elements (assailants)would not stop their consequential unbreakable events and substantial overt act under this existing underlying which has constituted to defamation of reputation.

 Under the First Amendment, presumed and punitive damages may not be recovered in cases involving matters of public concern in the absence of actual malice. *Gertz v. Robert Welch,* **Inc.***, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749, 757-63, 105 S.Ct. 2939, 2944-47, 86 L.Ed.2d 593 (1985). See Davis v. Ross, 107 F.R.D. 326, 329-30 (S.D.N.Y.1985) (applying Gertz and Dun & Bradstreet to New York libel law); Salomone v. MacMillan Pub. Co., 77 A.D.2d 501, 429 N.Y.S.2d 441, 443 (1st Dep't 1980)* (interpreting *Gertz*). New York does not permit compensatory damages to be recovered absent proof of injury to reputation or malice. *Grossman v. Fieland,* 107 A.D.2d 659, 483 N.Y.S.2d 735, 737 (2d Dep't 1985); *France v. St. Clare's Hospital*

*& Health Center,* 82 A.D.2d 1, 441 N.Y.S.2d 79, 82 (1st Dep't 1981). Here the jury found with actual malice,

A finding of malice must be based on clear and convincing evidence that "the actor in fact entertained serious doubts as to the truth of his publication," or, in the alternative, knew of its falsity. *St. Amant v. Thompson, 390 U.S. 727, 731-32, 88 S.Ct. 1323, 1325-26, 20 L.Ed.2d 262 (1968).See New York Times, 376 U.S. at 285-86, 84 S.Ct. at 729.*

In reviewing a finding of malice, which the district court may obligated to conduct "`an independent examination of the whole record.'" And his misconduct pattern *New York Times,* 376 U.S. at 285, 84 S.Ct. at 729 (quoting *Edwards v. South Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 683, 9 L.Ed.2d 697 (1963)). See Tavoulareas v. Washington Post Co., 817 F.2d 762, 788-89 (D.C.Cir.**1987**) (in banc);Oakes, Proof of Actual Malice in Defamation Actions,7 Hofstra L.Rev. 655, 707-09 (1979).* Malice may be proved inferentially because it is a matter of the actor 's subjective mental state, revolves around facts usually within the actor 's knowledge and control, and rarely is admitted. *Bose Corp. v. Consumers Union of United States, 692 F.2d 189, 196 (1st Cir.1982),aff'd,466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).* To commit state and federal criminal offenses and sexual criminal misconduct and defamation are treble issue  as it is define in common law there under negligence and reckless action and disregard  truth.

*Under this circumstance and primarily to this predilection as is express in the manner of application of the New York Times  Co. it is establish the actual malice standard, See, Clardy v. Cowles, 81 Wash. App.  53,  912,  P.2d  1078  (1996)  Cleveland  v.  KFC  National Management Co. 948. Supp62.* (1996)

Under this circumstance plaintiff sought punitive damage and compensatory from the defendant as the principle authority to his agents as result of his agents negligence under defamatory with false statement in malice that damage the plaintiff reputation exclusive of his company reputation that keep the plaintiff condition of mental suffering and pain, mental anguish, psychological impact, personal humiliation, shame and disgrace in community which has resulted the plaintiff base claim fact of the following:

(1)   loss of earning from his business  and privacy employment wages or salary

(2)   loss of Future earning incapable as result of damage to his professional carrier and bad reputation.

(3)   Loss of business and profit that the plaintiff suffered as result of defamatory false statement in malice.

(4)   Loss of customers and current clients or reasonably expectation of loss future Clients.

(5)   The plaintiff is incapable to get new a job as result of defamatory of reputation that is smelling.

(6)   Healthcares billing  incapable of payment as result of no job and healthcare insurance.

(7)   Loss of employment benefit such as health insurance, vacation time, pension or 401(k) contribute to plaintiff incapable to make future earning  for living as matter of law and life living condition.

(8)   Keeping the plaintiff mental suffering and pain causing the plaintiff loss of appétit, lack of energy, sexual dysfunction, mood disorder and swing, sleeping in disturbance, loss weight, frequent vomiting, headache and stroke the he is under disability and unable to walk.

***That plaintiff sought punitive damage and compensatory from the defendant as result of the plaintiff defamatory, pain and suffering he sustained from his agents. ($40 million dollars)***

XI.          *AGE DISRCIMINATION CLAIM*

The plaintiff pro se litigant brought this age discrimination claim Under*EEOC Title VII of civil rights Act of 1964 and ADEA of Age Discrimination Act of 1967* as result of the defendant agents the Spanish Latinos Police officers of Age discrimination harassment under conspiracy asresult of his employer firing him from his different job that cause him financial hardship, homeless and unable to pay his rent, child support and living expenses that result him living under poverty level with suffering and pain as result of the element in question under this deposition and indictment, who are acting under color of law, race and nationality as result of hatred.

These officers intentional and unlawfully engaged therein racial discrimination harassment see e.g  *Alexander v. Riga 208 F.3d 419, 432, 3d Cir 2000)* by instigating and inducing plaintiff employers, their managers, supervisors and his co-workers to fire him and terminate his employment at his workplace and  throwing him out of their business premises that the plaintiff is smelling and is old which is defamatory statement and violation of EEOC common law under Title VII of civil rights of 1964 and ADEA Age discrimination harassment that plaintiff is smelling and is too old which is defamatory and violation that is prohibited under of ADEA of  Age discrimination Act of 1967 that protect individual age of class over 40 years of age at workplace pursuant to 29 U.S.C § 623(a)(1) *O'Connor v. consolidated Coin Caterers Corp.(1996)*

590.  That elements intentional instigating the plaintiff employers to fire the plaintiff from his job at his workplace there for vindictiveness and retaliation of the officers who are officially

demoted, discharged of duty, arrested and released by the City of New York authority as result of the element sexual misconduct pattern to the plaintiff wife under joinltly sexual commission of rape which is sexual assault and abused to the plaintiff ex- wife when they were both living together as married couple in 2010 that resulted plaintiff loss of consortium.

That element was acting and instigating the plaintiff employers as retaliation of the officers discharged of duty to punish the plaintiff of their wrong doing under sexual misconduct to the plaintiff wife that damaged the plaintiff family under sexual harassment.

In 2010 these elements unlawful engaged therein jointly sexual commission of act with numerous individual officers [X] and rapped the plaintiff wife individually and collectively under color of law and hatred that is federal criminal sexual offense under federal law pursuant to section *2241 and 2242 United States v Chacan 533 F. 3d 250 4th Cir 2008) Dale v holder, 610 F.3d 294 5th cir 2010) assault in first degree under NY Penal law 120.10.*

Under this circumstance the element continue their furtherance action for retaliation for the officers who was discharged of duty in order to punished the plaintiff there after the assailant sexual harasser officers sexually assault and abuse the plaintiff wife under omission and conspiracy which has resulted the elements assailant form uniformity and fabricated the statement in malice under furtherance action that plaintiff is smelling and he is too old that motived the plaintiff employers firing plaintiff from his workplace under hatred and racial discrimination at work environment under harassment that is prohibits Age discrimination at workplace by private or public employers, and labor organization or employment

agencies, as to hiring, classifying, promoting, demoting, firing, pay or employment condition including Age discrimination Act of 1967 under age class that protection over 40 years at workplace.

Any place the plaintiff is working the element always goes there and speak with business owners, their managers and co-workers that they are police officers that they should fire the plaintiff that is smelling and is too old whereby the plaintiff employers always fire the from his job and place him with someone that is younger out of protected class which is improper element in McDonnell Douglass in prima facie case. *McDonnell Douglass Corp v. Green 1973) Hogelthrorn v. Kennecott Corp 1983)*

Under this circumstance the plaintiff was discharged of job because of his age or 'but for' his age he would have been retained as an employee *Tice v. Lampert yards Inc 1985).*

Thereinafter the raped the elements intentionally engaged therein hostile work environmental harassment by instigating the plaintiff employers to terminate his employment benefit as retaliation of the officers discharged of duty since 2010 to 2015 everywhere is working and he is unable to secure new job there under slanderous and rumor that the plaintiff is smelling that cause the plaintiff financial hardship, mental suffering and pain.

As result of element intentional racial discrimination harassment which has cause the plaintiff unemployment and unable to secure new jobs in everywhere in the City of New York as result of the slanderous that the plaintiff is smelling and is too old that created public hatred that resulted firing and throwing the plaintiff in his different jobs under this defamatory false statement and violation of ADEA of Age discrimination Act of 1967 context. that plaintiff

smelling and is too old under slanderous and rumor and spreading news in the whole city of New York which is untrue and fabricated lies there to punish the plaintiff as vindictiveness and retaliation of officers who was discharge of duty which has constituted to the element furtherance action and equitable tolling that cause the plaintiff several injuries

Under this circumstance no employers  want to hire the plaintiff  in their business premises as result of scaring and police threaten under police conspiracy the which is intentional interference into the plaintiff employment contract and his employers employment policy that  violated of EEOC common law and employment policy at workplace.

As result of smelling harassing campaign no business owners and his  employers and others want to hire the plaintiff in their business premises as result of rumor not to loss their customers because of the smelling and old age comment which is hate speech *Terminiello v. Chicago 1949) Brandenburg v. Ohio 1969)Snyder v. Phelps (2011)*

598. The defendant agents racial discrimination harassment and hostile environmental work harassment that created an atmosphere which is so infuse with hostility that alter the condition of employment *Chamberlin v. 101 Realty Inc 1990)*


These officers misconduct which is unconstitutional and violation of constitutional civil rights and EEOC Title VII Act of 1964 *Tennessee v. Garner 471 US. 1985)(Graham v. Connor 490 US. 386 1989)*
Under this circumstance of firing the plaintiff from his different jobs which has resulted the plaintiff living below poverty level that returned him to peonage life condition and homeless pursuant to

section 1581 and section 1589 *Clyall v. United states 1905)* that which is abusive and violation of the plaintiff constitutional civil rights.*Tennessee v. Garner 471 US. 1985)*

That defendant agent the Spanish Latinos officers who are the cause of action and liable for hostile work environment harassment by instigating the plaintiff employers to fire the plaintiff from his job as as retaliation of the officer demoted and discharge of duty there under conspiracy as the elements objective motives to punish innocent plaintiff under negligence and reckless action as of the detective Latino Officer as the aider and abetting material facts by facilitating, encourage and promoting crime commission.

By inducing and instigation other officers to commit the same conduct there with his accomplice Spanish Latinos officers [X] and their perpetrators as the harassers that motivated the business owners, their managers and the plaintiff co-workers hostile work environmental harassment as joined in harassment at the plaintiff workplace under *29 C. FR § 1604. 11 Harris v. forklift system Inc 1993) Meritor Saving Bank v.Vinson 1998) see also Andrews v. City of Philadelphia (1990) Carrero v. New York City housing authority 1989)* to prevail on hostile environment Title VII claim the employee most prove that the harassment is sufficiently 'severe" or "pervasive' to alter condition of employment and create an abusive working environment that this misconduct action is more than episodic that is must be sufficiently continuous and converted to be deemed pervasive,

*Paroline v. Unisys Corp 1989). (Lipsett v. University of Puerto Rico 1988)* hostile environment harassment occurs when one or more supervisor or co-workers create an atmosphere so infuse with hostility that they alter of employment the condition *Chamberlin v. 101 Realty Inc 1990)*

212

That defendant agents crime harassment which is including stalking, hatred, cyber bully occurs when one person act in way designed to annoy, provoke, threaten or other cause another person, emotional distress there under state law and federal law identify multiple ways in which harassment can be committed as matter of law.

That element age discrimination prohibit by ADEA discrimination, because of an individual age under *29 U.S.C § 623(a)(1)* though the prohibition is limited to individuals who are at least 40 years of age §631(a) Ref: to *McDonnel Douglas* prima facie case where protected class of 40's is place by someone outside the protected class *McDonnel Douglass Corp v. Green 1973) Hogelthrorn v. Kennecott Corp 1983)*

The fact is that plaintiff was discharged from his job because of his age or 'but for' under this circumstance of age discrimination context because the plaintiff would have been retained as an employee in his workplace by his employers *Tice v. Lampert yards Inc 1985)*

That the defendant agents assailants intentionally interference into plaintiff employment benefit and altered the his employers employment policy under the 'age' that protected class over 40's employees at workplace, that as regard of the element misconduct under conspiracy and age discrimination harassment context that plaintiff was firing from his difference places of employment and his employers was replacing the his position with younger once. *McDonnel Douglass Corp v. Green 1973*

That defendant agents for acting under race, color and nationality which is negligence under dereliction of duty and unlawful acts therewith improper behavior. Which is gross misconduct that is outrageous shocks the conscience. *[Morales Cotte v. Cooperative de Ahorro y Credito Yabucoena, 77 F. Supp. 2d 237, 241 (D.P.R. 1999).*

That element inconsistence action is under gross misconduct and intentional interference into employers employment policy refers to behavior and threaten that can get a person dismissed straight away from his/her workplace.  That defendant 's officers action which is deliberately  and willfully threatens the employer's rules, or shows a repeated disregard for the employee's obligations to the employer or disregards the standard of behavior which an employer has a right to expect of its employee", as result of the elements constitutes to gross misconduct that result plaintiff employers terminated the plaintiff employment   *[Giles v. District of Columbia Dep't of Empl. Servs., 758 A.2d 522, 525 (D.C. 2000).*

X.

A.   *Evidentiary proof in support Age discrimination claim*

As result of defendant agents assailants racial discrimination the Spanish Latinos police officers who are unlawful and maliciously engaged there in racial discrimination harassing plaintiff in his workplace under conspiracy resulted his employers to firee him as retaliation of officers discharged of duty that cause the plaintiff financial injuries and mental anguish, embarrassment, humiliation and financial hardship.

That the element action is intentional and deliberately to cause the plaintiff financial harm there under age discrimination harassment which is violation of *EEOC Title VII of civil rights Act of 1964 and ADEA under age discrimination Act of 1967* as matter of law.

That the detective Spanish Latino officer and his accomplice officers who are acting under their omission and conspiracy sent two of the officers to   *Attika Pizzia Astoria Inc* where plaintiff is working and conspired with his Spanish Latino woman manager and the plaintiff co-worker Latinos that result the plaintiff was fired from his job as

elements furtherance action and repeatedly of their vindictiveness and retaliation of the officers discharged of duty which is unlawful and unconstitutional acts that has resulted the plaintiff fired from his job in Attika Pizzia Astoria Inc that motivated the plaintiff to filed a complaint report to **United states equal employment opportunity commission** for investigation in *August 14 , 2014* which is suffice and sufficient proof of evidence of the defendant agents racial discrimination and Age discrimination harassment context that result the EEOC issued to the plaintiff notice to sue his employer that is now under lawsuit between *Billy Edo v. Attika Pizzia Astoria Inc* with the case No: 1:15-CV-05605 KM – VMS there under Federal eastern district court and court review for summary of judgment which is pending case.

*Under this condition and circumstance the plaintiff sought punitive damage and compensatory from the defendant as result of agents Age discrimination harassment that resulted the plaintiff pain and suffering ($30 million dollars for his Age Discrimination under ADEA Age discrimination Act of 1967.*

XI.                    *Strict Liability Claim*

The plaintiff pro se brought this strict product liability claim for court finding and review as matter of law under this distinct offense which base on both alleged strict liability and negligence for punitive damages as the supreme court of Alabama that adopted the extended manufacture's liability doctrine' to serve as the basis the doctrine, a manufacture, supplier or seller who marketed a product not reasonably safe to the public for its intended use which would be negligent as a matter of law. which is a fault of the manufacturer who is selling and marketing a defective product that cause injury to person health.

That 2015 the defendant agents has designed or produce the control substance hallucinogen that is distributed among the young police officers and their perpetrators for attacking the plaintiff in public places, inside his living room including using his co-tenants in hisresidential place under police conspiracy for lunching attack to harm the plaintiff and his health, This incident happened and started in March 2015 which is till ongoing furtherance action under substantial overt act section 371 in malice and fraudulent intent there under negligence and the manufacture has not be disclosed to the plaintiff by the users or consumers nor the seller locations that sell this strictly product that is distributed in quantity to cause harm to the plaintiff there under conspiracy, that the plaintiff is filing this strict product liability claim under strict liability and negligence as result of the defendant agents the consumers or users of this product, who used this product to tortured the plaintiff which is abuse and battery which has cause plaintiff pain and suffering from this product, the control substance hallucinogen that is substantial risk to death that is unlawful to be use or in possession in residential

premises or in the public use under the state or federal law that is criminal liability for conduct an offense in which the conduct of others and no defense That the plaintiff is filing this claim as result of his pain and suffering he sustained from the user that cause him harm and pain and suffering but not for product itself under the defendant agents intentional tortured with this strictly defective product under section 2340 their under negligence action to cause the plaintiff injuries.

XI.

A.    *Disclosure of the manufacturer of the product liability*

Under this circumstance of defendant agents tortured the plaintiff with this defective product from users there from the manufacture, the distributors and retailers who knowingly and aware that their product liability can cause danger to the public safe health and it was distributed to the retailers and sold it to the consumers which has been used to tortured plaintiff that cause him health problem under negligence action .

That traditional negligence which court permitted punitive damages in any negligence suit when defendant conduct was particularity gross or reckless action.

This defective product is control substance hallucinogen product which is substantial risk to death that protracted and obvious disfigurement including loss of impairment of function bodily member, organ or mental facility that this control substance is designed that is similar to chemical structure in control substance in schedule 1 or 2 under psychotropic signed for torturing the plaintiff under intensive and over does that cause the plaintiff hospitalized in

hospital healthcare center, that element known's the manufacturer, distributor or retailer sellers which the officers who bought these products in quantities and distributed them among themselves, and to their perpetrators the African – Americans – Spanish Latinos officers and their community and family members including my co-tenants of Mr Giraldo and Mr Ashoka  Gomez for lunching attack to the plaintiff everywhere in public places and inside his room as the element acting under police conspiracy to harm or disfigure or cause him death as elements subjective motives and purpose there to impaired and defraud law functions, to obstruct of justice and due administrative of justice, to prevent eastern district court pending proceedings there under existing underlying verdict which has constituted newly discovery there under *Rule26(a)(1)(2)* disclosure for new trail under Rule 59(b) as matter of law that motivated elements form organization for lunching attack with the control substance hallucinogen that cause the plaintiff psychological impact, death or disfigurement.

That the manufacturer of this product liability knew it product was defective and aware of  the risk that it can cause death and  injuries or disfigurement and the officer who purchase the defective product also aware of the danger and risk that product cause harm or death which is can be consider attempt murder and tortured to cause the plaintiff injuries.

Nevertheless, the manufacturer continue to marketing his products and the consumer to continue using it to harm the harm  in reckless disregard of the public safety and the act of the manufacture is standard which reckless indifference.

As the Supreme court of Minnesota also address the propriety of punitive damage in suit base soley on strict product liability theory in Gryc v Dayston –Hudson Corp.

In Gryc the court adopted professor Own's rationale that punitive damage constitute an appropriate device to prevent manufacturers from marketing defective product in flagrant disregards of the public safety.

The manufacture or distributors or retailer or defendant Agents has knowledge of the acts in maliciously, willfully, recklessness, wanton manner and outrageous conduct to defraud.  Because the evidence showed that the manfacture was aware of the dangerous defective in its product before marketing and refused to correct the problem in order to save money. That the defendant agents intentionally and deliberately committed the reckless disregards of the rights of the plaintiff or others) evincing reckless indifference to consequence to the life of limb or health of others.

 Even though the manufacture had complied with federal safety regulation in the manufacture of it product.

Under this circumstance the evidence showed that although the manufacturer knew that the federal safety text to be so unreliable that indisputably dangerous product and could pass it to users the defendant agent did not develop more accurate safety indicator of its own. But as law enforcement agents who is prevent the retail seller or public safety and they bought the products themselves as consumers and using it in the public and harm the plaintiff under police conspiracy which unlawful and with intentional to harm the plaintiff with this defective products.

These facts coupled with the manufacture failure to warn of the danger and refusal to reduce the hazard of its product in vise versa of the defendant agents knew that product they purchase is defective product that is dangerous to human health and they intentionally used it for plaintiff with their subjective motive to harm him and obstruct of justice and they are not considering the side effective of the dangerous product they used for lunching attack to the plaintiff by placing his health in danger there with a test to cause him death or disfigurement which is criminal misconduct pattern.

In *Grimshaw v. Ford Motor Co* a products liability suit base on negligence and strict liability, the California Court of Appeal held that an injured the plaintiff may sustained he could recover punitive damages in as strict products liability suit. The court reasoned that because both government safety standard and the criminal law had failed to protect consumers from defective products, the punitive damage remedy was necessary to deter manufacturer misconduct.

The court applied the standard for punitive damages recovery set forth in section 3294 of the California civil Code which authorized punitive damage where the defendant's acts constituted "oppression fraud, or malice interpreting " malice " to include conduct " evincing callous and conscious disregard of public safety by those who manufacture and market mass produced articles, the court found the punitive damage award to be amply support by the evidence.

623. The manufacturer had show callous indifference to the public safety in marketing a product that its own tests had shown to be highly dangerous. Although the manufacture could have corrected the defect at minimal cost, it made a conscious decision not to do so.

Calling the manufacturer's conduct reprehensible the court held that the punitive damage was not excessive. *Leichtamer v. American Motors Corp.)( Moore v. Jewel Tea Co.)*

625.    That defendant agent negligence is with intentional and deliberately to cause harm to the plaintiff with defective product knowingly that it substantial risk to death and dangerous to health that cause the plaintiff mental problem.

In 2013 during the eastern district court proceeding the element use banded hot pepper spray for plaintiff in public places and his workplace under the  same purposes to cause him harm and to obstruct of justice the result the plaintiff hospitalized at Bellevue healthcare Center 9/10/13 and discharged 9/16/13 in psychiatric that resulted the plaintiff was unable to file his D-P Form timely as result of his mental suffering and mental illness

**On this ground the plaintiff seek punitive damages base on multiple strict liability and negligence from defendant agents as result of his pain and suffering that he suffered under tortured with defective product from the defendant agents that plaintiff seeking $20 million dollars.**

*Federal of Rule of Evid. Exhibit  ( L ). page 221*

*A copy of discharged from Bellevue hospital Center 9/10/13 and discharged 9/16/13 in psychiatric mental healthcare center.*

*XII.*                    ***Computer fraud and abused***

The plaintiff brought this law suit action against the defendant as principal authority to his agents for court and jury finding and review as result of the defendant agents the *African- American and Spanish Latinos* police officers who are acting as joint successive torts under this indictment who are intentionally and willfully violated plaintiff invasion of privacy through accessing his private and business unauthorized computer to obtain information which is computer trespass e.g *see Sawyer v Department of Air force 31 M .S.P.R 193, 196, (M.S.P.B 1986)* under this type of misconduct to defraud and obtain reasonable value under conspiracy *Fasulo v. United States, 272 U.S. 620, 629(1926)* to defraud in this criminal indictment of computer trespass there under fraudulent intents that constituted to computer fraud and  abuse that  cause the plaintiff and his company damages which is violation of CFAA common law under 18 U.S.C *§ 1030* and *18 U.S.C § 1030(g)* including wire fraud 18 U.S.C *§* 1343 and 18 U.S.C *§ 1341 for* mail fraud  there to obstruct of justice section  1501  and  due  administrative  of  justice section1503, and sections 1509, 1509,1510 and 1512 of this 18 USC chapter 73. *United States v. I. Lewis Libby. No. 05-394(RBW)(2005) United States v. Mullins. 22 F.3d-1365,1370 (6th Cir 1994)*

628.  That CFAA imposes both criminal and civil liability on a person who "intentionally accesses computer without authorization" or "exceeds authorized access" there in using a computer, thereby obtaining "information" from a computer that is "used in or affecting interstate or foreign commerce."[2] The CFAA is often used in civil litigation as a tool in combination with state law trade secret claims to prevent the misuse of trade secrets and to obtain federal court jurisdiction over a such a dispute.

In 2015 the defendant agents has violated CFAA common law under computer fraud and abuse pursuant to 18 U.S.C *§ 1030(a)(2)-18 U.S.C §1030(a)(4) and § 1030(c)(2)(A) - § 1030(g)* for accessing unauthorized computer under intentional trespass there to obtain information and reasonable valuable for fraudulent intent from unpublished seclusion website and business information where the plaintiff is expecting his private and business financial expectation under conspiracy *Fasulo v. United States 272 U.S. 620 629 (1926)* including to obtain information on the plaintiff lawsuit expectation against the city of New York which was under draft complaint for district court submission for court finding and question the law with the element purpose of accessing unauthorized computer there to obstruct of justice and due administrative of justice thereby the element impaired plaintiff computer system not to proceed court the action against them or the City which is official misconduct there to defraud which has constituted to elements attack and attempt murder under section *18 U.S.C § 1113 United states v. Snell, 627, F.2d 186,187(9th Cir 1990) (United States v. Snell 627, F. 2d 186 187 (9th Cir 1990)*under criminal conspiracy to kill the plaintiff with dangerous weapon and control substance hallucinogen that is substantial risk to death which is felonious act and assault *United States v. Shabani. 513 US. 10, 13-4 1994)under conspiracy to violated control substance* that for solicitation of crime under omission that applies to all offenses that no person shall solicit or procure another to commit offense or attempt murder with dangerous weapon *United States v. Daniel Hutton 2001*

That defendant agent intentional and deliberately engaged in uniformity under conspiracy for using special signed malicious malware software for accessing the plaintiff unauthorized computer

to obtain information including wiretapping plaintiff cell phone and business phone to obtain his private and business information and conversation, to intercept his business transaction, eavesdropping telephone calls, listen and recording all conversation for exploitation and fraud that prevent his private and business financial expectation under tortuous interference that cause the plaintiff and his company multimillions dollars foreseeable damages under expectation which has been interrupted under his company business transaction, business contracts as result of accessing the plaintiff unauthorized computers to obtain information under tortious interference including United states government contractor business project in Washington D.C as result of elements intentional accessing the plaintiff seclusion private and business unauthorized computer and wiretapping the plaintiff business and private phones therewith intentionally disclosed and downloading information to third party and using these information preventing the plaintiff and his company business transaction expectation and exposed the his company business to his competitors including impaired plaintiff computer system and data as result of the defendant agents conduct which is fraudulent intent to defraud and cause the plaintiff and companies damages that prevent plaintiff to proceed his business activities and services See e.g *United States v. Morris 928 F.2d 504 (2d Cir 1991)*

 That officers who are liable for accessing the plaintiff unauthorized computer are African and American and Spanish Latino police officers as the detective Spanish Latino officer the aider and abetting the crime commission as the leader with his accomplice four other Latino officers as accessory the material facts who are acting under conspiracy that are working in police precinct 17 in Manhattan

unknown agents which is under the District Attorney in Manhattan and New York police internal Affairs bureau investigation that withheld their names and to be disclose to the plaintiff as result of element criminal commission of act which has attributed to their accessing the plaintiff unauthorized computer for fraud and to obtain reasonable value to cause damage *United States v. Bae, 250 F.3d 774( D.C Cir2001)(Fasulo v. United States 272 U.S. 620 629 (1926).*

Since 2010 the Spanish Latino officers has conspired with the African –American who sexually assault and abused the plaintiff wife in 2010 their to obstruct of justice and due administrative of justice in order to prevent eastern district court civil action as result of element criminal misconduct pattern under existing underlying verdict as the element furtherance action which has result the accessing of plaintiff computer by using third party to achieve their objective motive for computer fraud *United States v. Sadolsky, 234 F. 3d 938 (6th Cir. 2000)* that cause the plaintiff company damages under tortious interference in business affairs and also interference into plaintiff substantial legal civil rights under conspiracy pursuant *to 42 U.S.C § 1985(1)(2)(3) to proceeds eastern district court proceeding under newly discovery by impairing plaintiff computer system under substantial overt act section 371 there to defraud with the purpose of impairing, obstructing or defeating the lawful function under conspiracy Tanner v. United States 483 US.107 at 128.32 1987 that plaintiff and his company damages under private and business financial expectation under 18 U.S.C § 1030(g) United States v. Middleton, 231 F.3d 1207 (9th Cir 2000)(EF Cultural Travel BV v Explorica, Inc., 274 F.3d 577(1st Cir 2001).*

Under the same cause of action the defendant agent accessed the plaintiff company unpublished website secretly to obtained the plaintiff business information where the plaintiff is expecting his business financial expectation by impairing the plaintiff computer function not to proceed his business transaction which is violation of CFAA 18 U.S.C §§ 1030(a)(2)(C) and 1030(c)(2)(A)upon the conscious of website's term of service runs afoul of the void – for vagueness doctrine which is computer trespass and breach of website service that the element intentional accessed the plaintiff website to obtain the plaintiff seclusion business information for their benefit from his unpublished website where the plaintiff is expecting his business expectation and sales which has been interrupted)(EF Cultural Travel BV v Explorica, Inc., 274 F.3d 577(1st Cir 2001)

In 2012 the same element, African and American police officers used a special device and accessed the plaintiff unauthorized business computer and unpublished website from his hotel management company and stolen his multimillion dollars properties on sales in the website both domestic and international and his hotels management properties contract and sold the properties for themselves, friends and members of their families and for their benefit and hotel management company has not yet file any law suit against the City of New York for his damages and losses sustained from his agents who target the plaintiff and his company into their account to cause him foreseeable damages and financial injuries under omission and criminal conspiracy as result of invasion of privacy and under  the same cause of action the defendant agents deprived the company of his business operation since 2002 to 2015 there under racial discrimination harassment, hostile environmental

sexual harassment, defamatory harassing campaign and cause the companies billions of dollar damages both in abroad and in United States and the defendant agent do not want to stop there furtherance action and unbreakable events which has constituted to equitable tolling that cause the plaintiff several injuries.

In March 2015 these element assailants has hired and conspired with Mr Geraldo, a Spanish computer engineer he said, there to create malicious malware software that is similar to Black shade malicious software which was created by *Alex Yucell,* a Swedish national *United states v Alex Yucell 2013* and distributed this malicious malware software or device among African – American and Spanish Latino assailant officers for accessing the plaintiff unauthorized computer to obtain the plaintiff business information and under draft lawsuit against the city of New York if plaintiff wrote against them that constituted to several *attempt murder to kill the plaintiff.*

*This malicious malware software or device was also distributed to African and America – Spanish Latino FedEx workers that they used to access the plaintiff unauthorized computers and be printing the plaintiff business information and under draft law suit under eastern district court submission material and be distributed them among the officers including to public interest under public disclosure of embarrassing private facts there to defraud which is violation of invasion of privacy and CFAA Law*

*Under the same cause of action this malicious malware software was distributed to the public whereby they used remote and control plaintiff unauthorized computer in whole country, from state to state that impaired the plaintiff computer system and data to proceed his*

*business and law suit timely under existing underlying verdict under newly discovery as result of the element acting under conspiracy by using the third party and perpetrators to obstruct of justice under section 1501and due administrative of justice 1503, 1510 and 1512 of 18 USC of chapter 73.*

*These officers in question knowingly and aware of the CFAA Common law violations that by using created malicious malware software for accessing person unauthorized computer to obtain information for fraudulent intent which is a crime and violation of 18 U.S.C 1030 under computer fraud and abuse and the element aware of the risk and damages pursuant to section 1030(g) and they subject to the crime facts and criminal conduct under criminal conspiracy and fraudulent by preventing plaintiff business project, law suit and restricted all his financial resource expectation United States v. Scartz 838 F.2d 876, 879, 6th Cir (1988).*

*This element action is unlawful and malicious act therewith intentional and deliberately by cause the plaintiff and his company financial damages by using malicious malware software for accessing the plaintiff unauthorized protected computer to obtain information about his business which is computer fraud and abuse without the plaintiff authorization and consent in secretly which is intentional interference with plaintiff business relation, Tortious interference with an Economic advantage, unfair competition and conversion.*

*In CFAA 18 U.S.C § 1030(a)(2)(c) which forbit obtaining information from protected computer involve in interstate or foreign communication through intentional and unauthorized access of computer. The Court allowed a civil action under this section, in*

conjunction with section 1030(g) claim, See also Theofel v. Farey-Jones, 341 F. 3d 978,986 (9th Cir 2003) same.

That March 2015  Mr  Giraldo and Mr  Ashoka Gomez from Indian who are acting as perpetrators subject to this criminal indictment that are acting under police conspiracy  who are the plaintiff co-tenants that they are living together at two family house at 134-19, 60 Ave Flushing New York 11355.

That element used the malicious malware software that is created by Mr Giraldo to access that plaintiff unauthorized computer and get information about the plaintiff business proposal with the United states government business project under contractor including the unpublished website which has not been  submitted to the United state government there under "reasonable expectation" standard EF Culture Travel BV v. Explorica, Inc 274 F.3d 577 (1st Cir 2001)for the plaintiff company incorporated in Washington D.C which is pending in his business operation as result of the defendant Agent harassing the plaintiff under racial discrimination context and accessing the plaintiff unauthorized computer to obtain his business information from one state to the other under the element network system for fraud and deprive the plaintiff from his business activities and exposed him to his business competitors.

Under this circumstance the Mr Girado transfer the information including the under draft lawsuit to the Spanish detective officer the aider and abettor including his accomplice four Latinos officers who are accessory the material fact under this indictment by giving the officers the information he collected from the under draft lawsuit under submission to the district court action against them that the plaintiff is lying them which has motivated the elements dispatched

other officers under their uniformity and formed organization under their network system for accessing plaintiff unauthorized computer and wiretap his cell phone, hacking password, e-mails, and mail fraud under section 1341 with the element objective motives for any information not to go to FBI or U.S Justice Department for any criminal investigation or prosecution charges that resulted the element impaired the plaintiff computer and obstruct of justice by using third party for attempt murder in order to override their criminal misconduct pattern or practice and furthermore not to proceed district court action.

Under this circumstance the element continue remote and control the plaintiff computer everywhere in the city, from county to county and state to state by using the plaintiff cell phone signal tracking and monitoring plaintiff movement including listen all his private and business conversation to intercept and interrupt the business transaction for their advantage  which is "fraud and abuse" and violation of invasion of privacy that resulted the element obstruct of justice and due administrative of justice under existing underlying verdict.

XII

A.                            Argument

1) First Point Mr Giraldo is not allow or he has not the permission from the plaintiff to access his unauthorized computer fraud and abuse under CFAA section *1030(a)(2)(c)*

2) Mr Giraldo was acting under police conspiracy there to get proprietary information which is violation of CFAA under computer trespass *United States v Morris 928 F.2d 504(2d Cir 1991)*

3) Mr Giraldo have no privilege to share propriety information to the third party under police conspiracy.
see e.g *Therapeutic Research Faculty v. NBTY, 488 F.Supp.2d 991 (E.D.Cal.2007)*

4) The officers has the not the privilege or legal rights to access plaintiff unauthorized computer and wiretapping his telephone to obtain information when it not under investigation or crime suspect that resulted impaired the plaintiff computer system or data to interrupt his lawsuit or business operation or transaction when the plaintiff and his company information is not under crime suspect, or investigation context rather is for the elements fraudulent motives and to defraud which is unconstitutional and unlawful substantial act to cause the plaintiff and company damages under this circumstance of indictment.

That element action of accessing unauthorized computer is not under investigation or any crime suspect but with intentional to defraud under criminal conduct and as matter of law only the judge or court has the rights or authorization for such action of wiretap or authorized of accessing computer which is within only 30days under investigation context only, under this circumstance the elements intentionally violated the CFAA law under computer fraud and abuse and violation of plaintiff invasion of privacy that cause him and company damages *United States v. Middleton, 231 F.3d 1207 (9th Cir 2000)*

The court's hold in Middleton then became the basis for the definition of "loss" in the USA PATRIOT Act. As such loss is now statutorily defined as "any reasonable cost to any victim. Including cause of responding to an offense, conducting damage assessment,

and restoring the data, program system or information to its condition prior to the offense, any revenue lost, cost incurred or other consequential damages incurred because of the interruption of service.

*That the plaintiff sought ($20 million dollars for punitive damage and compensatory as result of defendant agents intentional access the plaintiff unauthorized computer to obtain reasonable value and information that interrupted his business and private financial expectation and unpublished website service trespass under intrusion.*

## XII.          *Complaint Report for investigation*

*As result of defendant agents violations of the plaintiff invasion of privacy, constitutional civil rights. Substantial legal civil rights, equal protection of law and due process of clause there under fourteenth amendment rights which has constituted to element furtherance action and unbreakable events without relief or remedial action since 2002 to 2015, under this circumstance the plaintiff filed complaint report to the New York police internal affairs bureau in support to the previous complaint report filed since 2010 to 2015 which is under their investigation holding.*

*Furthermore the plaintiff filed the same complaint to U.S Department of justice for investigation into this case contrary of the defendant agents violation of federal constitutional civil rights and equal protection of law and due process of clause under fourteenth amendment.*

### *Federal Rules of Evidence Exhibit (M). page 233.A*

complaint report filed to the New York police internal affairs bureau and the same complaint copies file to District Attorney and Attorney General for investigation.

1. *A copies of 74 pages complaint report to New York Police internal Affairs bureau in 2015.*
2. *A copies of 6 pages complaint report to NY Police internal affairs bureau in 2011*
3. *A copies of 26 pages complaint and for computer fraud and abuse to NY Police internal affair bureau in 2012.*
4. *A copies of 6 pages for notice of reminder to NYPI Affairs in 2012*
5. *A copies of 15 pages to NYPI Affairs in 2013*
6. *A copies of 11 pages complaint to District Attorney in 2012*

### *Federal Rules of Evidence Exhibit (N). page 233 -B*

#### *New York Attorney General*

1. *A copies of complaint of 44 pages in 2011*
2. *A copies of complaint of 15 pages in 2013*
3. *A copies of complaint 8 pages in 2013*

### *4. Federal Rules of Evidence Exhibit (O) page 233-C*

#### *U.S Department of justice*

1) *A copies of complaint report filed to U.S Department of justice for in New York City for Investigation contrary to this verdict.*
2) *A copies to US Department of justice in Washington DC in 2013 for investigation including US postal service receipt.*

234 of 236

*Conclusion*

*WHEREFORE,* the plaintiff demand judgment against the defendant's agents, Jointly and severally, for punitive damage and compensatory in the amount of $ 390 million dollars which is proper amounts found by the court and Jury against each of individual officers for violations of the plaintiff constitutional civil rights, equal protection of law and due process under fourteenth amendment as result of the defendant agents and the actor as the original tortfeasor who are unlawful and maliciously violated their legal duty care as knowledgeable law enforcement agents  which has approximately cause of action and as result of the elements unlawful engaged therein intentional racial discrimination and harassment, hostile environmental sexual harassment and defamatory of plaintiff reputation which damage his professional carrier including the element who intentionally sexual assault and abused to the plaintiff wife with individual  officers under jointly sexual commission of raped as result of color of law and hatred that cause the plaintiff loss his consortium and his business and profit, jobs, earning,  stroke, moment disorder of his right leg and unable to walk, psychiatrist, disfigurement, eye vision and skin problem, body and organ malfunctions that resulted to physical injuries, foreseeable damages and financial injuries to the plaintiff companies as result of defamation to his company reputation,

That the plaintiff deserves his rights  to arguments for his damages as the result of the defendant's agents who are liable for the cause of action under negligence and recklessness action and tortured plaintiff, his family and place his companies in business tort under interference tortious that cause the companies economic loss and financial injuries as of the defendant legal responsibility to act sufficiently to take appropriate precaution to correct his agents furtherance action and unbreakable events which is breach of duty

care as the authority to his agents who is liable for cause of action of his agents as matter of law justified. Plaintiffs demand Trial by Jury, and respectfully ask the Court for such order and further relief as may be just including but not limited to declaratory relief, as aforesaid.

That plaintiff sue the defendant for $390 million dollars for punitive damages and compensatory as result of his agents cause of action and damages cause to the plaintiff that resulted to his pain and mental suffering for years which is base on the following claim amount stated below in million dollars.

| | |
|---|---|
| 1. Racial discrimination | $50 |
| 2. Loss of consortium | $40 |
| 3. Sex Discrimination | $30 |
| 4. False lights tort | $160 |
| 5. Defamation  claim | $40 |
| 6. Age discrimination claim | $30 |
| 7. Strict Liability | $20 |
| 8. Computer fraud and abuse | $20 |

*Total   amount*          =          *$390   million   dollars*

VERIFICATION

That I Billy Edo, being duly sworn says that I am the true person in this above civil action case proceeding and that the forgoing case is true to his best knowledge, therein that as the matter of state to this action and information and belief and to those matter that he believes them to be true.

Sworn  before me

On July 26 , 2016

Respectfully Submitted,

Billy  Edo

Name  Notary  Public

Pro se Plaintiff

PATRICK LEUNG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6175038
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCT 01, 2019

7/26/16 .

Submitted  on the 7-27-2016