UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BILLY EDO,

    Plaintiff,

  -against-

NEW YORK CITY,

    Defendant.
----------------------------------X

**MEMORANDUM & ORDER**
16-CV-4155 (KAM)(VMS)

**MATSUMOTO, United States District Judge:**

    On July 27, 2016, plaintiff Billy Edo, proceeding *pro se*, filed the instant action. Plaintiff has paid the requisite filing fee to initiate the action. For the reasons stated below, the complaint is dismissed with prejudice.

## BACKGROUND

    Plaintiff's complaint is 675 pages long. It consists of 236 pages of pleadings and 439 pages of exhibits. The factual allegations and legal arguments contained in plaintiff's complaint are difficult, if not impossible, to comprehend. It is unclear if plaintiff is seeking to vacate a judgment which was entered in one of his prior actions, file a new action, or perhaps both. Plaintiff appears principally to allege a violation of his civil rights by New York City officials under 42 U.S.C. § 1983.

    Plaintiff's complaint makes reference to a prior action he filed in this court, which was dismissed as frivolous by order dated May 9, 2013. (*See Edo v. City Of New York*, No. 13-CV-1782,

1

ECF No. 4, at p. 1 ("Plaintiff's 147-page complaint is, at best, a rambling narrative devoid of comprehensible facts.").) Plaintiff appealed from this court's dismissal of the prior action, and the Second Circuit dismissed the appeal for failure to file required forms. (No. 13-CV-1782, ECF No. 8 (Second Circuit mandate).) Plaintiff appears to allege that he possesses new information that he should be allowed to present to the court. (ECF No. 1, Complaint ("Compl.") at pp. 4-9.). Rather than file a motion to vacate the judgment in his prior action, however, plaintiff brings the instant action.

To the extent that plaintiff intends to file an independent action, he appears to allege that John Doe officers have engaged in racial discrimination, sexual harassment, and retaliation. (*Id.* at p. 6). Plaintiff seeks 390 million dollars in damages. (*Id.* at p. 235.)

## APPLICABLE LEGAL STANDARDS

### I. *Pleading Standard*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (recognizing that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction or the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances."); *see also Hawkins-El III v. AIG Federal Savings Bank,* 334 F. Appx. 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10-CV-5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010) ("Regardless of whether a plaintiff has paid the filing fee, a district court has the

3

inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter." (citation omitted)).

A complaint will be dismissed when it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) ("[T]his court has inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration.").

## II. *Federal Rule of Civil Procedure 8*

As relevant here, Fed. R. Civ. P. 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and also that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Fed. R. Civ. P. 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order

4

to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

### III. <u>42 U.S.C. § 1983</u>

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

In order to maintain a § 1983 claim against a municipality, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted); *see also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("The mere

assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

## **DISCUSSION**

Although plaintiff names the City of New York as a defendant, he does not allege any facts to support a municipal liability claim. *See Dudley v. Meekins*, No. 13-CV-1851, 2013 WL 1681898, at *4 (E.D.N.Y. April 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

Plaintiff's complaint also fails to conform to the pleading requirements of Fed. R. Civ. P. 8. His pleading does not contain a short and plain statement showing that he is entitled to relief. Given the lack of clarity regarding plaintiff allegations, as well as the voluminous pleading and exhibits, it is impossible to discern the true character of his claims. Although plaintiff's complaint is nearly 700 pages along, he fails to allege sufficient facts to put the City of New York, the sole defendant, on notice of the nature of his allegations. Where a complaint is incomprehensible, a district court is within its discretion to dismiss the complaint for failure to comply with Fed. R. Civ. P.

8. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) ("Even construing [the *pro se* plaintiff's] complaint liberally, we must reject [the plaintiff's] arguments. [The plaintiff's] amended complaint is confused, ambiguous, vague, or otherwise unintelligible. We agree with the district court's assessment and therefore conclude that the district court did not abuse its discretion in dismissing [the plaintiff's] complaint." (internal quotation marks and citation omitted)).

## **CONCLUSION**

For the reasons provided above, plaintiff's complaint is dismissed with prejudice. Because amendment would be futile, the court denies leave to amend. Although plaintiff paid the filing fee to initiate the action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 7, 2016
       Brooklyn, New York

                                  _____/s/_____
                                  Kiyo A. Matsumoto
                                  United States District Judge